IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC.,** *et al.*,[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 93 |

### ORDER PURSUANT TO 11 U.S.C. §§ 362 AND 105 AND LOCAL RULES 9019-3 AND 9019-5 (I) COMPELLING MEDIATION OF CLAIMS AGAINST THE DEBTORS' DIRECTORS AND OFFICERS AND (II) TEMPORARILY STAYING RELATED LITIGATION

Upon the motion (the "Motion"),[2] dated February 7, 2018, of the debtors and debtors-in-possession in the above-captioned case (the "Debtors") for entry of an order (this "Order"), (i) compelling parties to mediate certain claims asserted by the Debtors' shareholders and creditors prior to the commencement of these chapter 11 cases and (ii) temporarily staying related litigation for ninety (90) days pending the outcome of mediation, pursuant to sections 105 and 362 of title 11 the Bankruptcy Code (the "Bankruptcy Code") and Rules 9019-3 and 9019-5 of the Local Rules of the Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), as more fully set forth in the Motion; and

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' business address is 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used not otherwise defined herein shall have the meanings ascribed to them in the Motion.

it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided to the parties provided for in the Motion and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and no objection to the Motion having been filed or made at the Hearing on the Motion; and upon all of the proceedings before the Court;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein. To the extent any objections to the Motion have not been withdrawn or resolved by this Order, they are overruled in all respects on the merits.

2. The Actions set forth in Exhibit 1 hereto are stayed through May 29, 2018, unless this Court orders an extension of the stay for good cause after notice and hearing thereon.

3. All parties reserve all rights concerning whether any stay should continue beyond May 29, 2018.

4. The following parties are directed to participate in mediation (the "Mediation") with respect to all Claims that may be covered under the D&O Policies and any claims against the Prepetition Agent: the Debtors (through their independent director, Jonathan M. Landers); the Prepetition Agent; the Insurers; the Committee; and the plaintiffs and defendants in the Actions set forth in Exhibit 1 hereto. Local Rule 9019-5 shall govern the conduct and all aspects of the Mediation.

5. The terms of this Order shall be immediately effective and enforceable upon its entry.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; for the avoidance of doubt, Jonathan M. Landers is authorized and empowered on behalf of Debtor, Patriot National, Inc., to enter into settlements on behalf of such Debtor with any and/or all plaintiffs and/or defendants in the Actions set forth in Exhibit 1 hereto.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: February 28, 2018
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE