IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br> Re: D.I. 91 |

## SECOND OMNIBUS ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO THE REJECTION DATE

This Court has considered the *Debtors' Second Omnibus Motion for Entry of an Order Authorizing Them to Reject Certain Executory Contracts and Unexpired Leases <u>Nunc Pro Tunc</u> to the Rejection Date* (the "<u>Motion</u>")[2] and the statements of counsel and the evidence adduced with respect to the Motion at any hearing before this Court (the "<u>Hearing</u>"), and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that the Debtors have exercised reasonable business judgment in determining that the Rejected Contracts should be rejected *nunc pro tunc* to the Rejection Date pursuant to sections 105 and 365 of the Bankruptcy Code; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtors are authorized to reject the Rejected Contracts, to the extent executory, attached hereto as Exhibit 1, subject to Non-Debtor Counterparty MSA Administrators, LLC's election to retain any license rights it may have pursuant to section 365(n)(1)(B) of the Bankruptcy Code. The rejection of the Rejected Contracts is effective *nunc pro tunc* to February 7, 2018.

3. For purposes of this Order, the Equipment Lease Agreement between Patriot National, Inc. and Cisco Systems Capital Corporation (the "Cisco Agreement") has been removed from Exhibit 1. The hearing regarding the relief sought in the Motion with respect to the Cisco Agreement is hereby adjourned to the next omnibus hearing date in these Chapter 11 Cases. The three agreements between Patriot Underwriters, Inc. and Ullico Casualty Company have been removed from Exhibit 1 and are not subject to this Order.

4. Within three business days after entry of this Order, the Debtors shall serve this Order on the Counterparties to the Rejected Contracts.

5. Each Counterparty to a Rejected Contract may file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Contract in accordance with any claims bar date set by the Court, and the failure to timely file such claim shall forever prohibit such counterparty from receiving any distribution on account of such claims from the Debtors' estates or otherwise.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to: (a) constitute an admission as to the validity or priority of any claim against the Debtors; (b) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; and/or (c) constitute a waiver of the Debtors' rights to dispute any claim.

7. The rejection of the Rejected Contracts authorized by this Order complies with the requirements of Bankruptcy Rule 6006(f).

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: March 8, 2018
Wilmington, Delaware

THE HONORABLE KEVIN CROSS
UNITED STATES BANKRUPTCY JUDGE

3