# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 18-10189 (KG) |
| Patriot National, Inc., *et al.*,[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date: April 2, 2018 at 10:00 a.m. |
| Debtors. | ) | **Docket Ref. Nos. 355, 450, 453, and 454** |

## REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT AND/OR ADVANCEMENT OF DEFENSE COSTS UNDER DIRECTORS AND OFFICERS LIABILITY POLICIES

Certain current and former members of the board of directors and officers (the "Movants")[2] of Patriot National, Inc. ("Patriot"), hereby file this reply in further support of their motion (the "Motion") [Docket No. 355], pursuant to 11 U.S.C. §§ 362(d), 541(a), and 105(a), and Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for entry of an order modifying the automatic stay, to the extent applicable, to allow for the payment and/or advancement of defense costs under certain directors and officers liability policies and in response to the objections and response filed to that Motion. [Docket Nos. 450, 453, and 454]. In further support of the Motion, the Movants respectfully state as follows:

---

[1] The above-captioned debtors (the "Debtors") in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] The Movants are Sean M. Bidic, M.D., Terry L. Coleman, Ernst N. Csiszar, Glenn T. Hibler, and Thomas C. Shields.

## Introduction

The Movants (and others) have made a benign request for relief in the form of a "comfort order" to ensure payment of outstanding and continuing defense costs that the D&O policies were specifically designed to cover. Such requests are routinely granted. The only parties that have objected to the payment of such defense costs are class action plaintiffs who have no standing to object, much less a legal basis to oppose the requested relief. The other two responding parties, the Debtors and the Official Committee of Unsecured Creditors, do not object to the payment of defense costs, but rather seek to impose various restrictions on such payment that would change the benefits to which the D&Os are entitled under the policies notwithstanding bankruptcy and are not consistent with common practice. Indeed, such restrictions could inhibit the Movants' right to receive their contractually-mandated representation in their defense of the on-going litigation against them.

## The Wasik and McIntire Objection Should Be Overruled

1. Henry Wasik and Aric McIntire (the "Class Action Plaintiffs") filed an objection to the Motion, which should be summarily overruled. The Class Action Plaintiffs are plaintiffs in actions in which some of the Movants are defendants, and they are not beneficiaries under the relevant policies. Therefore, they lack standing to object to any use of the D&O policies, as their status as third party litigants against insured individuals does not give them any cognizable interest in the proceeds of such policies. *See In re DBSI, Inc.*, 2012 WL 2501090, at *11 (Bankr. D. Del. June 27, 2012) (holding that being merely a litigant and "hav[ing] an interest in preserving the proceeds to be used for the judgment" does not give a party standing to object to the payment of D&O policy proceeds); *In re Allied Digital Technologies, Corp.*, 306 B.R. 505, 513 (D. Del. 2004) (noting that a "third party plaintiff suing defendants covered by a wasting policy" would

not be "entitled to an order limiting the covered defendants' rights to reimbursement of their defense costs.").

2. Even if the Class Action Plaintiffs did have standing to object, their objections are without merit. <u>First</u>, the Class Action Plaintiffs' argument that the Court's *Order Compelling Mediation of Claims Against the Debtors' Director and Officers* [Docket No. 256] somehow requires the denial of the Motion misconstrues the purpose of the Order, which by its very title compels the mediation of the litigation claims against the Movants, not the claims that the Movants have to the proceeds of the D&O policies.

3. <u>Second</u>, the Class Action Plaintiffs' argument that denial is appropriate because certain claims may be excluded under the policies is not relevant to the Motion because the policies require advancement of defense costs unless and until a formal adjudication determines that the insureds are not entitled to that coverage. *See* Primary Policy, Section 9.A(2) and Endorsement # 20 [Docket No. 355-4 at 91, 60]; *Associated Elec. & Gas Ins. Servs., Ltd.* v. *Rigas*, 382 F. Supp. 2d 685, 702 (E.D. Pa. 2004) (the insureds are "entitled to defense costs pending a determination of rescission or the policy's exclusion provisions.").

4. <u>Third</u>, the relevant D&O policies are designed to provide insurance coverage to the directors and officers of Patriot, and the Movants' rights to the proceeds of those policies are superior to any right that Patriot or the other Debtors may have.

5. <u>Fourth</u>, the Class Action Plaintiffs' argument that the Movants have failed to demonstrate cause to lift the automatic stay fails to distinguish the ample case law that cause is sufficiently demonstrated where, as here, without the reimbursement and/or advancement of defense costs, the D&Os may "be prevented from conducting a meaningful defense . . . and may suffer substantial and irreparable harm." *Allied*, 306 B.R. at 514; *see also In re Downey Fin.*

3

*Corp.*, 428 B.R. 595, 609-10 (Bankr. D. Del. 2010) (finding that the insured parties "would suffer a very real—and easily identifiable—hardship" if required to pay substantial defense costs out of pocket); *In re CyberMedica, Inc.*, 280 B.R. 12, 18 (Bankr. D. Del. 2002).

6. The fact that the payment of defense costs covered by D&O insurance policies may limit the potential recovery of a debtor (or third party plaintiffs) is not relevant where, as here, the Movants' claims under the policies are superior. *See*, *e.g.*, *In re MF Glob. Holdings Ltd.*, 515 B.R. 193, 204 (Bankr. S.D.N.Y. 2014) ("'[Debtor's] interest in the policy is limited by its contractual provisions including a priority advancement and payment obligations contained in those policies. The Court cannot rewrite the provisions of the contract.'") (citation omitted).

### The Committee's Objection and the Debtors' Response (to the Extent it Constitutes an Objection) Should Similarly Be Overruled

7. Conceding the noncontroversial merits of the Motion, both the Debtors and the Official Committee of Unsecured Creditors (the "Committee") do not oppose the carriers' payment of outstanding and accruing defense costs. [Debtors' Response, Docket No.453, ¶ 1; Committee's Objection, Docket No. 454, ¶ 4]. However, each seeks to impose certain restrictions on the payments to be made to the intended beneficiaries under the various policies.

8. For example, the Debtors take the position that, while the D&Os should receive defense costs for attending the mediation and other judicially-ordered hearings, they should have to wait for their costs incurred in connection with preparing for such proceedings, as well as with respect to other activities determined by defense counsel to be appropriate in connection with the prudent and zealous representation of their clients, as covered by the Policies.

9. The Committee goes so far as to propose that documentation to support defense costs already incurred should be provided to the Committee so that it can opine on the reasona-

bleness of such costs.

10. The Debtors also seek to impose the obligation on the D&Os to seek further relief to be paid following the expiration of the stay, adding further unwarranted burden to the D&Os and others.

11. These proposed restrictions and burdens go well beyond the scope of the relief granted in similar cases cited by the Debtors and the Committee in their papers to support any such restrictions, including *In re Overseas Shipholding Group, Inc.*, No. Case 18-10189-KG 12-20000 (PJW) (Docket No. 1087 (Bankr. D. Del. March 21, 2013)); *In re Allied Systems Holdings, Inc.*, No. 12-11564 (CSS) (Docket No. 1248 (Bankr. D. Del. June 4, 2013)); *In re RCS Capital Corp.*, Case No. 16-10223 (MFW), (Docket No. 699 (Bankr. D. Del. May 3, 2016)); *In re JMO Wind Down, Inc.*, Case No. 16-10682 (BLS), (Docket No. 313 (Bankr. D. Del. Aug. 3, 2016)). [Debtors' Response, par. 17; Committee's Objection, par. 9.] For the Court's convenience, we have attached the relevant orders in such cases as **Exhibits A-D**.

12. For these reasons, the Committee's objection and the Debtors' response, to the extent it constitutes an objection, should be overruled.

### Conclusion

**WHEREFORE,** for all of the reasons set forth in the Motion and herein, the Movants respectfully request that the Court enter the proposed Order annexed as Exhibit D to the Motion and grant the Motion in its entirety and provide that the automatic stay imposed by 11 U.S.C. § 362(a) is not applicable and/or if applicable, shall be lifted to allow the Insurers to advance and/or reimburse Defense Costs in accordance with and subject to the terms and conditions of

the Policies, together with such other and further relief for the benefit of the Movants as is just and proper under the circumstances.

Dated:  March 29, 2018                        CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Henry E. Gallagher, Esq. (#495)
Jeffrey C. Wisler, Esq.  (#2795)
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email:  jwisler@connollygallagher.com


and

Joel H. Levitin, Esq.
Richard A. Stieglitz Jr., Esq.
John M. Schoolman, Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
Telephone:  (212) 701-3000
Facsimile: (212) 269-5420
Email:     jlevitin@cahill.com
           rstieglitz@cahill.com
           jschoolman@cahill.com

*Attorneys for the Movants*

#05380108