IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> **Docket Nos. 355, 450, 453, and 454** |

**REPLY OF CERTAIN FORMER DIRECTORS AND OFFICER TO
OBJECTIONS TO MOTIONS AND JOINDERS REQUESTING RELIEF
FROM OR MODIFICATION OF THE AUTOMATIC STAY, TO THE EXTENT
APPLICABLE, TO ALLOW PAYMENT AND/OR ADVANCEMENT OF
DEFENSE COSTS UNDER DIRECTORS AND OFFICERS LIABILITY POLICIES**

Quentin P. Smith, Jr., Charles H. Walsh, Michael J. Corey, and Christopher A. Pesch (collectively, the "Former Ds&O"), by and through their undersigned counsel, hereby file this reply (the "Reply") to the (i) *Omnibus Objection of Henry Wasik and Aric McIntire to Motions and Joinders Requesting Relief from or Modification of the Automatic Stay, to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs Under Directors And Officers Liability Policies* [D.I. 450], (ii) *Debtors' Response to Motions for Relief from the Automatic Stay to Allow Payment and/or Advancement of Defense Costs* [D.I. 453] (the "Debtors' Objection"), and (iii) *Omnibus Objection of the Official Committee of Unsecured Creditors to Motions for Relief from the Automatic Stay to Allow Payment and/or Advancement*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

*of Defense Costs* [D.I. 454] (the "Committee's Objection").[2]  In support thereof, the Former Ds&O respectfully represent as follows:[3]

1. Although the Debtors and the Committee concede that the Debtors' indemnification obligations require the Debtors to cover defense and settlement costs incurred by former officers and directors and purport to not have an issue with entry of an order allowing the payment of defense costs, the Debtors and the Committee nevertheless seek to drastically curtail the circumstances under which the Former Ds&O could receive such payments during these bankruptcy cases.  For example, both the Debtors and the Committee seek to narrowly limit the payment of future and other defense costs incurred during these bankruptcy cases to "actual" participation in the mediation sessions scheduled for April 18 and 19, 2018 as well as attendance at non-bankruptcy court hearings.  *See* Debtors' Objection, at ¶ 2; Committee's Objection, at ¶ 1.  Thus, ignoring the rights of the Former Ds&O to fully protect their claims and defenses, even in connection with the mediation.

2. The Debtors' Objection takes this proposal a step further by specifically seeking to prohibit defense costs where the defendants objected to the *Second Amended Joint Plan of Reorganization* (the "Plan").  As noted in the *Preliminary Objection of Certain Former Directors and Officer to the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [D.I. 416] (the "Plan Objection"), pursuant to the Plan, the Debtors are proposing to grant broad releases or exculpations (collectively, the "Releases") to various parties, including its prepetition

---

[2] Contemporaneously with the filing of this Reply, the Former Ds&O are filing that certain *Motion for an Order Granting Certain Former Directors and Officer Leave and Permission to File Late Reply to Objections to Motions and Joinders Requesting Relief from or Modification of the Automatic Stay, to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs under Directors and Officers Liability Policies* for leave to file this Reply, which Reply is being filed after the deadline established by the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the *Joinder of Certain Former Directors and Officer in and to Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs Under Applicable Directors and Officers Liability Policies* [D.I. 387].

secured lenders, despite serious questions as to whether those parties engaged in wrongdoing.

3. Although the Committee appears to be genuinely attempting to impose restrictions on the diminishing value of the insurance policies during these bankruptcy cases, with respect to the Debtors, the intent is obvious. If the Debtors are successful in their attempt to prohibit these defense costs, they will be successful in not only retaliating against the Former Ds&O for filing their Plan Objection but also in chilling other defendants that are contemplating filing objections to the Plan. Ultimately, limiting defense costs will only bring the Debtors closer to their goal of protecting the prepetition secured lenders from liability for any wrongdoings that they may have committed.

4. Further, not only would the Releases potentially rob the unsecured creditors of value, as noted in the Plan Objection, the Releases may also negate the Former Ds&O's ability to pursue contribution claims against those prepetition secured lenders. Thus, the costs incurred by the Former Ds&O in connection with these chapter 11 cases has not only been valuable in advancing the interests of the unsecured creditors as a whole, but it has been and will be critical to specifically protecting the Former Ds&O from future liability – which is unquestionably covered by the D&O policies.

5. The need to take immediate legal action is a direct result of the time-constrained schedule imposed by the Debtors and secured lenders combined with their specious intent to push through the Releases as part of the Plan. It is the Debtors and the secured lenders who have refused to extend the time to vote on the Plan from the current date of April 13, and to extend the Plan confirmation hearing date from April 24, to a reasonable date 2-3 weeks following the outcome of the April 18-19 mediation sessions. Their time-constrained schedule and specious Releases require the Former Ds&O to take pre-mediation legal actions to adequately protect their

contribution and other claims and to defend their rights in light of the unknown outcome of the mediation.

6. On a more fundamental level, the Former Ds&O note that the proposed order before the Court does not specifically direct the insurers to make any particular payments. Rather, it is expressly subject to the terms of the D&O policies and provides that nothing therein shall modify or alter the terms and provisions of the D&O policies. The Former Ds&O respectfully submit that what legal work is and is not properly in defense of claims covered by the D&O policies should be decided by the insurers and insured defendants, and that as a prudential matter this Court should abstain from unnecessarily pre-deciding how the insurers and insured defendants should defend the claims asserted against them.

7. For all of these reasons, the Former Ds&O respectfully request that the Court deny any restriction on the payment of defense costs.

| | |
|---|---|
| Dated: March 29, 2018<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Kara Hammond Coyle*<br>James L. Patton (No. 2202)<br>C. Barr Flinn (No. 4092)<br>Kara Hammond Coyle (No. 4410)<br>Rodney Square, 1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 576-1253<br><br>-and-<br><br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Kandace Watson<br>12275 El Camino Real<br>Suite 200<br>San Diego, CA 92130<br>Telephone: (858) 720-8900<br>Facsimile: (858) 509-3691 |

Ori Katz
Four Embarcadero Center
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Counsel to Quentin P. Smith, Jr., Charles H. Walsh, and Christopher A. Pesch*