**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PATRIOT NATIONAL, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-10189 (KG)<br>(Jointly Administered)<br><br>**Rel. Dkt. Nos. 351, 355, 450, 453, 454, 461, 463** |

**STEVEN M. MARIANO'S OMNIBUS REPLY IN FURTHER SUPPORT
OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY,
TO THE EXTENT NECESSARY, TO ALLOW INSURERS TO PAY
PAST AND FUTURE DEFENSE COSTS UNDER D&O POLICIES**

Steven Mariano ("Mariano"), submits this omnibus reply (the "Reply") in further support of his Motion requesting relief from the Automatic Stay, to the extent necessary, to allow insurers to advance future defense costs relative to claims being asserted against Mariano and to pay already-incurred defense costs (D.I. 351) (the "Motion") and collectively with the Motion by certain officers and directors seeking substantially similar relief at D.I. 355 (the "Bidic, *et al.* Motion"), the "Motions")) and in reply to (i) Debtors' Response to Motions for Relief from the Automatic Stay to Allow Payment and/or Advancement of Defense Costs [D.I. 453] ("Debtors' Response"), (ii) the Omnibus Objection of the Official Committee of Unsecured Creditors ("Committee") to Motions for Relief from Automatic Stay to Allow Payment and/or Advancement of Defense Costs [D.I. 454] (the "Committee Objection"), and (iii) Omnibus Objection of Henry Wasik and Aric McIntire to Motions and Joinders Requesting Relief from or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

Modification of the Automatic Stay, to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs under Directors and Officers Liability Policies (the "McIntire/Wasik Objection") (D.I. 450).

Mariano joins in the positions set forth in the Bidic, *et al.* Reply in Further Support of Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow Payment andor Advancement of Defense Costs under Directors and Officers Liability Policies (D.I. 461) (the "Bidic*, et al.* Reply") and the Reply of Certain Former Directors and Officer to Objections to Motions and Joinders Requesting Relief from or Modification of the Automatic Stay, to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs Under Directors and Officers Liability Policies (D.I. 463) (the "Smith Reply"). The Bidic *et al.* Reply and the Smith Reply demonstrate that the McIntire/Wasik Objection is without merit, and that the restrictions and conditions associated with payment and/or advancement of defense costs variously suggested by the Debtors and the Committee are unreasonable and not warranted. Mariano's further reply is set out below.

### **The Wasik/McIntire Objection Should Be Overruled**

1.  In addition to lacking standing as third party claimants with no cognizable interest in the D&O policies, the Class Action Plaintiffs have, at best, a remote and speculative interest as alleged subordinated creditors in this case. Indeed, the Class Action Plaintiffs are to receive nothing under the proposed Chapter 11 plan. Thus, their arguments purportedly on behalf of the Debtors' estates against honoring the independent contractual rights of various non-debtors to have their defense costs paid and/or advanced by non-debtor insurers should be viewed in proper context.

2.  Significantly, neither the Debtors nor the Committee have sought to deny the

various movants their right to payment of defense costs under the D&O Policies. To deny such rights, while the Debtors pursue claims seeking recovery under those same policies, and as the parties are preparing to mediate per this Court's order compelling mediation, is both inequitable and unsupported by the applicable case law.

3. In reality, rather than seeking to protect the Debtors' estates, the Class Action Plaintiffs are seeking to improperly and unfairly improve their position as competing third party claimants, while disadvantaging the D&Os, in the lead up to mediation.

**The Requested Restrictions in the Committee's Objection and the Debtors' Response Should also be Overruled**

4. As set out in the Bidic *et al.* Reply, the restrictions and conditions sought to be imposed on the D&Os contractual rights under the D&O Policies are not warranted here. In addition, presuming that there is nothing to be done to properly represent the D&Os because various litigation has been stayed is overly simplistic and ignores that the D&Os require representation in this bankruptcy, including with respect to the third party releases[2] in favor of Cerberus (which have now been removed from the plan), as well as any other matters in the bankruptcy that could impact the D&O claims. For example, the Class Action Plaintiffs sought class certification in the bankruptcy case – something that could have significantly and adversely impacted the D&Os in the class action litigation pending in the Southern District of Florida. This required work in the bankruptcy despite that litigation having been stayed.

5. Though Mariano agrees with the Bidic *et al.* Reply that the D&Os should not be

---

[2] While on the surface, the third party releases were directed against claimants and equity holders, the prospect of such releases directly impacted D&O claims, including the $200 million plus claim Cerberus has threatened against Mariano and others. Thus, while not seeking reimbursement under the D&O Policies of fees incurred to pursue claims as an equity holder or unsecured creditor, reimbursement of fees incurred in bankruptcy as it relates to D&O claims is entirely appropriate.

required to file a further motion to continue to receive payment and/or advancement of defenses costs under the D&O Policies, it may be appropriate for the Court to schedule a status conference 30 days following mediation. In the event any party believed there was cause to seek further relief as it relates to payment and/or advancement of defense costs, it could file a motion and seek to have it heard at the status conference.

6. Mariano also has no objection to submitting on a quarterly basis the amount of post-bankruptcy defense costs that have been advanced and/or reimbursed to him. However, consistent with the orders upon which the Debtors and the Committee rely, the information in the reports should be limited to the amount disbursed to date, and the amount disbursed in the reporting period, the amount invoiced but unpaid. The movants should not be required to disclose any privileged information or provide billing statements, as the Committee seems to suggest.

## Conclusion

7. For the reasons stated above and in the Bidic *et al.* Reply and the Smith Reply, the Motions should be granted, the Class Action Plaintiffs' objection should be overruled and the restrictions requested by the Committee and the Debtors should be overruled.

Dated: March 29, 2018

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

- and -

4

CONRAD & SCHERER LLP
William R. Scherer, Jr. (*pro hac vice*)
James D. Silver (pro hac vice)
633 South Federal Highway
For Lauderdale, FL 33301
JSilver@conradscherer.com
WScherer@conradscherer.com
*Attorneys for Steven Mariano*