# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | CASE NO. 18-10189-KG |
| PATRIOT NATIONAL INC. *et al.*, | CHAPTER 11 |
| Debtors. | **Hearing Date: April 24, 2018 at 11:00 am**. |
| _____/ | **Obj. Deadline: April 17, 2018 at 4:00 pm**. |

## CENTRAL FLORIDA EDUCATORS FEDERAL CREDIT UNION'S MOTION TO COMPEL PAYMENT OF RENT

CENTRAL FLORIDA EDUCATORS FEDERAL CREDIT UNION (hereinafter the "Movant"), by and through its undersigned counsel, hereby files this Motion to Compel Payment of Rent. In support of the Motion the Movant respectfully represents the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper is this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested herein in section 365 of the United States Bankruptcy Code (the "Bankruptcy Code").

### BACKGROUND

2. The Movant owns the following described real property and leases a portion of it to one of the Debtors: 1000 Primera Boulevard, Lake Mary, Florida, Seminole County, Florida 32746.

3. On or about March 1, 2010, the Movant entered into a written lease agreement (the "Lease Agreement") to rent the property with Patriot Risk Management, Inc. (the "Debtor"). The Lease Agreement term started February 2010 for a period of sixty (60) months. A copy of

the Lease Agreement is attached hereto as "Exhibit A" and by reference made a part hereof.

4. On or about November 22, 2010, the Debtor executed an assignment and assumption of lease for the above referenced lease agreement. A copy of the assignment and assumption of lease is attached hereto as "Exhibit B" and by reference made a part hereof.

5. On or about March 16, 2012, the parties executed a lease amendment #1 for the Lease Agreement. A copy of the lease amendment #1 is attached hereto as "Exhibit C" and by reference made a part hereof.

6. On or about August 24, 2012, the parties executed a lease amendment #2 for the Lease Agreement. A copy of the lease amendment #2 is attached hereto as "Exhibit D" and by referenced made a part hereof.

7. On or about July 2014, the parties executed a lease agreement renewal and amendment #3 for the Lease Agreement. This amendment renewed the terms of the Lease Agreement and all amendments for an additional five (5) years. A copy of the lease agreement renewal and amendment #3 is attached hereto as "Exhibit E" and by reference made a part hereof.

8. On or about May 5, 2017, the parties executed a lease agreement extension and amendment #4 for the Lease Agreement. A copy of the lease agreement renewal and amendment is attached hereto as "Exhibit F" and by reference made a part hereof. (The Lease Agreement and all subsequent renewals/amendments shall be collectively referred to hereinafter as the "Lease").

9. The Lease states that the Debtor's rental obligation is due on the first of each month.

10. The Debtor failed to make payment for its December rent as set forth in the Lease.

The Debtor cured its December default on December 31, 2017.

11. The Debtor made its full payment obligation for its January rent on January 3, 2018.

12. The Debtor filed the instant Bankruptcy case on January 31, 2018.

13. The Debtor is in default for failure to pay its full February rent obligation by making a partial payment on February 8, 2018. The Debtor only paid $28,606.82 of the required $37,814.11.

14. The Debtor has further defaulted by failing to make the required rental payments for March, 2018 and April, 2018.

15. The aggregate of the February, March and April 2018 unpaid rent due under the Lease is $87,104.35, plus any applicable fees (the "Post-Petition Lease Obligation").

**RELIEF REQUESTED**

16. The Movant requests an order compelling the Debtor to immediately pay its post-petition rent.

**ARGUMENT**

17. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in Section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The Court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of order for relief, but the time for performance shall not be extended beyond such 60-days period.

18. The Post-Petition Lease Obligation came due on the 1st days of the first three full post-petition months of this case. It arose "from and after the Order for Relief," and pursuant to Section 365(d)(3), is an immediate obligation of the Debtor notwithstanding Section 503.

19. This is consistent with the law of this Circuit. In *In re Montgomery Ward Holding Corp.*, 268 F.3d 205 (3d Cir. 2001), the debtor's commercial real estate lease required it to pay real estate taxes to its landlord in addition to base rent. *Id*. at 207. Further, the Court held that the plain meaning of Section 365(d)(3) of the Bankruptcy Code, was that Congress intended a debtor to perform all leasehold obligations as and when they came due post-petition. The Third Circuit concluded that such "an obligation is something that one is legally required to perform under the terms of the lease and that such an obligation arises when one become legally obligated to perform." *Id*. at 209.

WHEREFORE, Central Florida Educators Federal Credit Union respectfully requests that this Court enter an order compelling the immediate payment of the Post-Petition Lease Obligation and granting Central Florida Educators Federal Credit Union such further relief as is just and proper.

SORENSON VAN LEUVEN, PLLC

/s/ J. Blair Boyd
JAMES E. SORENSON (FL Bar #0086525),
D. TYLER VAN LEUVEN (FL Bar #0178705),
J. BLAIR BOYD (FL Bar #28840), of
Post Office Box 43637
Tallahassee, Florida 32315-3637
Telephone (850) 388-0500
Facsimile (850) 391-6800
*Counsel for Central Florida Educators Federal Credit Union*

-and-

FERRY JOSEPH, P.A.

/s/ Theodore J. Tacconelli
Theodore J. Tacconelli (No. 2678)
824 Market Street
Suite 1000
P.O. Box 1351
Wilmington, DE 19899
Telephone (302) 575-1555
Facsimile (302) 575-1714
*Local Counsel for Central Florida Educators Federal Credit Union*

Dated: April 3, 2018