**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC.,** *et al.*,[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) |

**MOTION TO SHORTEN TIME FOR DEBTORS' MOTION FOR AUTHORIZATION
TO ENTER INTO A NEW ORLANDO, FLORIDA LEASE AND SHIFT CERTAIN
<u>OPERATIONS TO LAKE MARY, FLORIDA LEASED PREMISES</u>**

Patriot National, Inc. ("<u>Patriot National</u>") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), hereby submit this motion ("<u>Motion to Shorten</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), in the form of the proposed order attached hereto, shortening the notice period on the *Debtors' Motion for Entry of Orders Authorizing (i) Entry into a New Orlando, Florida Lease, (ii) Transfer of Certain Operations to Certain Lake Mary, Florida Leased Premises, (iii) Rejection of Unexpired Lease, and (iv) Abandonment of Any Personal Property*

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

*that Remains at the Leased Premises* (the "Lease Motion")[2] solely with respect to the relief requested by the Lease Motion for authority to (i) enter into the New Lease and (ii) move certain operations—namely those of Debtor Patriot Risk Services, Inc. ("PRS")—to the premises that will be vacated by Debtors Contego Investigative Services, Inc. and Contego Services Group, LLC (together, "Contego"). While the Lease Motion also seeks authority to reject the Rejected Lease (which is the lease relating to office space located at 1000 Primera Blvd., Suites 2130 and 3130, Lake Mary, Florida) and to abandon any personal property that remains at the Rejected Lease Premises following the Rejection Effective Date, that portion of the relief sought does not require shortened notice and has been noticed for the Debtors' April 24, 2018 hearing with an objection deadline of April 17, 2018. In support of this Motion to Shorten, the Debtors respectfully state the following:

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

2. Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Lease Motion.

3. The statutory bases for the relief requested herein are sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 2002(a) and 9006(c)(1), and Local Rule 9006-1(c) and (e).

### Relief Requested

4. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) shortening the notice period with respect to the relief requested by the Lease Motion for authority to (i) enter into the New Lease (as defined in the Lease Motion) and (ii) move certain operations to the premises that will be vacated by Contego, so that relief can be considered at the hearing scheduled for April 9, 2018 at 10:00 a.m. (the "Hearing") and requiring parties to file and serve objections, if any, so as to be actually received no later than April 6, 2018 at 4:00 p.m. (prevailing Eastern Time); and (b) granting related relief.

### Basis for Requested

5. Local Rule 9006-1(c) requires that all motion papers be filed and served at least 18 days (21 days if service is by first class mail; 19 days if service is by overnight delivery) prior to a hearing date scheduled for such motion, unless approval of shortened notice is granted by the Court pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e). A court may, however, shorten such notice periods pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e) for cause shown. Specifically, Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1); *see also* Del. Bankr. L.R. 9006-1(e) (stating that "[n]o motion will be scheduled on less notice than

required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice").

6. Here, the exigencies justify shortening notice and for the Debtors to be permitted to be heard with respect to the Lease Motion at the Hearing.  As described in the Lease Motion, the Debtors anticipate that they will be able to realize substantial savings by entering into the New Lease, rejecting the Rejected Lease, and transferring PRS' offices to the space vacated by Contego.  However, the coordination of Contego's and PRS' operations to new offices will require tight coordination to efficiently maximize the Debtors' resources.  The Debtors submit that it makes most sense to ensure that they have authorization to enter into the New Lease quickly so that they can execute the New Lease, promptly transition Contego's operations to the new leased premises, and move PRS into the offices vacated by Contego.  By doing so, the Debtors will minimize any administrative expenses arising out of the Rejected Lease and expeditiously realize the cost savings described in the Lease Motion.  Accordingly, it is appropriate under the circumstances to shorten notice.

## Notice

7. Notice of this Motion to Shorten will be provided via e-mail or overnight mail to the following parties, or their counsel, if known:  (i) the U.S. Trustee; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the DIP Lenders and for the prepetition secured lenders; (iii) counsel to the Committee; (iv) the Rejected Lease Landlord; (v) the New Landlord; (vi) the Transferred Lease Landlord; and (vii) parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors request the entry of an Order: (a) granting this Motion to Shorten; (b) requiring parties to file and serve objections, if any, so as to be actually received no later than April 6, 2018 at 4:00 p.m. (prevailing Eastern Time); and (c) granting such other relief as is just and proper.

Dated: April 3, 2018
Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
 joneill@pszjlaw.com
 pkeane@pszjlaw.com

-and-

Kathryn A. Coleman
Christopher Gartman
Jacob H. Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
 chris.gartman@hugheshubbard.com
 jacob.gartman@hugheshubbard.com

*Counsel for the Debtors and Debtors-in-Possession*