# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PATRIOT NATIONAL, INC., *et al.*<br><br>        Debtors | Case No. 18-10189 (KG)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**HEARING DATE**<br>**APRIL 9, 2018 at 10:00 a.m. (ET)**<br>**RESPONSE DUE:**<br>**APRIL 3, 2018 at 4:00p.m. (ET)** |

## ASPEN SPECIALTY INSURANCE COMPANY'S REPLY TO DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM STAY TO CONTINUE PENDING LITIGATION

1.      Aspen Specialty Insurance Company ("Aspen") submits this reply pursuant to Local Rule 9006-1(d) to Debtors' Objection (Docket No. 491) to Aspen's Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d) to continue pre-petition litigation against Debtors and certain non-Debtor parties in the United States District Court, Eastern District of Pennsylvania (Docket No. 341).

2.      As set forth in Aspen's moving papers, discovery and other activity is stayed in the pending litigation by the District Court except for with respect to Aspen's claim for rescission against non-Debtor, Hospitality Supportive Systems, LLC ("HSS") and HSS' counterclaim for breach of the insurance contract. The timeline for such discovery to occur is necessarily substantially longer than the expedited process for Plan confirmation imposed by the Debtors herein. Proceeding with the Pending Litigation[1] would not materially interfere with "the

---

[1] All capitalized terms used herein and in the accompanying Declaration of William Deveau in reply to Debtors' opposition to motion for stay relief ("Deveau Reply Decl.") have those same meanings as those ascribed to such terms in Aspen moving papers.

4484616-1

Debtors' administration of these Chapter 11 proceedings, including the prosecution of the Plan of Reorganization that is set to be considered on April 24, 2018" (*see* Debtors' Opposition, ¶ 2).

3.  As set forth in the accompanying Deveau Reply Decl., compliance by the Debtor-Defendants with the discovery sought by Aspen in the Pending Litigation would not be burdensome to the Debtor-Defendants, as the bulk of the discovery would be processed by third-party electronic discovery vendors at a relatively minimal cost in relation to the amounts at issue in that litigation. The level of activity required by the Debtor-Defendants to participate in such discovery essentially amounts to cooperation with the third-party electronic discovery support vendor-driven process. Debtors' argument that they would be "distracted" by engaging in discovery in the Pending Litigation boils down to an argument that the Debtors supposedly would be distracted by cooperating with vendors to provide access to electronic files in order to refine the search terms and narrow down the universe of potentially non-duplicative and responsive documents. This minimal involvement by Debtor-Defendants is simply not likely to require substantial involvement of one or more of the many professionals retained by the Debtors or their employees.

4.  Further, the automatic stay under Bankruptcy Code Section 362 is not applicable to Aspen's request for discovery from the Debtor-Defendants during the rescission stage of the Pending Litigation because such discovery activities are not directed to recovery on a claim against property of the Debtors.

5.  Accordingly, the balancing of the hardships analysis favors Aspen in that there would be little inconvenience or cost to the Debtors to, at this time, engage in discovery in the Pending Litigation. Conversely, failure to grant relief from the stay would severely prejudice Aspen in its ability to prosecute the pending litigation and would cause significant hardship to Aspen. As set forth in the accompanying Deveau Declaration, if stay relief were not granted, Aspen would be severely prejudiced by having to continue to pay millions of dollars performing

under contracts that were procured by fraud, without any ability to prosecute these claims even against non-Debtor, HSS.

6.      With respect to Debtors' argument that Aspen has allegedly failed to establish that it is likely to prevail in the merits of the pending litigation, Aspen has filed a motion to estimate its claim as well as a Proof of Claim in the amount of $30,947,673.57, which is based on expenses currently incurred relating to claims made under the fraudulently-procured policies. Aspen's Proof of Claim is currently uncontested and serves as *prima facie* evidence of the validity of its claim. Further, none of the allegations that are asserted in the Amended Complaint attached to Aspen's moving papers have been disputed by evidence in this bankruptcy case. And although the Debtor-Defendants may dispute their own liability, they have no cogent arguments with respect to the rescission Claim against HSS, a non-Debtor; nor would such an argument by the Debtors as to a non-Debtor party be appropriate to consider.

7.      For the reasons set forth above and in its moving papers, Aspen Specialty Insurance Company respectfully requests that this Court enter an Order lifting the automatic stay upon the conditions set forth herein.

SNYDER & ASSOCIATES, P.A.

/s/ Bayard J. Snyder_____
Bayard J. Snyder, Esq. (DE Bar No. 175)
3801 Kennett Pike
Suite 201, Building C.
Wilmington, DE 19807

- and -

William D. Deveau, Esq. (*Pro Hac Vice*)
CONNELL FOLEY LLP
Harborside 5
Ste. 2510
Jersey City, NJ 07311

- and -

3

Jonathan P. McHenry, Esq. (*Pro Hac Vice*)
Philip W. Allogramento III, Esq. (*Pro Hac Vice*)
Robert K. Scheinbaum, Esq. (*Pro Hac Vice*)
J. Christopher Henschel, Esq. (*Pro Hac Vice*)
CONNELL FOLEY LLP
56 Livingston Avenue
Roseland, NJ 07311
*Attorneys for Aspen Specialty Insurance Company*

Dated: April 4, 2018

4