# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT NATIONAL, INC., et. al., | Case No. 18,10189 (KG) |
| Debtors.[1] | (Jointly Administered) |
| | Re: Docket No. 404___ |

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PROVINCE, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 21, 2018

This matter came before the Court on the Application for Entry of an Order Authorizing and Approving the Employment of Province, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of February 21, 2018 (the "Application")[2] and the Declaration of Sanjuro Kietlinski filed in support of the Application (the "Kietlinski Declaration") both filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession, pursuant to sections 328(a) and 1103(a) Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order authorizing and approving the retention and employment of Province, Inc. ("Province") as financial advisor for the Committee in these chapter 11 cases; and the Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] Capitalized terms not otherwise defined herein shall have the meanings and definitions ascribed to such terms in the Application.

having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and it appearing to the Court that the said Application should be approved,

IT IS, THEREFORE, ORDERED that:

1. The Application is granted as set forth herein.

2. Pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain Province as financial advisor to the Committee effective as of February 21, 2018.

3. Province shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases as set forth in the Application and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4. Notwithstanding anything to the contrary in the Application or the Kietlinski Declaration, Province shall not seek reimbursement of any fees or costs arising from the defense of any of Province's fee applications in these chapter 11 cases.

5. The Committee and Province are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. Notwithstanding anything to the contrary in this Order, the Application, the Retention Agreement or the Kietlinski Declaration, the United States Trustee for the District of Delaware (the "U.S. Trustee") shall retain the right and be entitled to object to Province's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. The Committee and Province further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Province's compensation and reimbursement requests under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee on appeal or otherwise, with respect to the reasonableness of Province's fees and compensation.

Dated: April 5, 2018
Wilmington, DE

The Honorable Kevin Gross
United States Bankruptcy Judge