IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> PATRIOT NATIONAL, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: Docket Nos. 7, 50, 315 |

### THIRD INTERIM ORDER (I) AUTHORIZING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS, (II) EXTENDING THE DEBTORS' TIME TO COMPLY WITH SECTION 345(B) OF THE BANKRUPTCY CODE, (III) APPROVING CONTINUATION OF ORDINARY COURSE INTERCOMPANY TRANSACTIONS AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 345, 363 and 503(b)(1) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m), for entry of an interim order, (i) authorizing, but not directing, the Debtors' continued use of (a) their current cash management system and (b) their existing bank accounts and business forms, including authorizing the Debtors to open and close bank accounts; (ii) granting the Debtors a 45-day extension to comply with the requirements of section 345(b) of the Bankruptcy Code;

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

(iii) approving the continuation of ordinary course intercompany transactions; (iv) according priority administrative expense status to all postpetition intercompany claims held by a Debtor against one or more of the other Debtors; and (v) granting related relief; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter an interim order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having entered an interim order on the Motion on February 1, 2018 [Docket No. 50] (the "Interim Order"); and the Court having entered a second interim order on the Motion on March 8, 2018 [Docket No. 315] (the "Second Interim Order"); and the Debtors having agreed to entry of a third interim order (this "Third Interim Order") on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and all objections to the relief requested in the Motion having been withdrawn, overruled or reserved for the Final Hearing; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein on an interim basis.

2. The Debtors are authorized, but not directed, to: (a) maintain their Cash Management System, as modified by the Interim Order; (b) implement the modifications set forth in the Interim Order, as well as ordinary course changes to their Cash Management System, including continuing to implement recent changes to the Cash Management System described in the Motion; and (c) open and close Bank Accounts; provided, however, that the Debtors give seven (7) days' notice to the U.S. Trustee and the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases (the "Committee"). Any new bank account opened by the Debtors shall be at banks that have executed a UDA with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

3. The Debtors are authorized to continue to use the Bank Accounts under existing account numbers without interruption.

4. The Banks are authorized to continue to service and administer the Bank Accounts as debtor-in-possession accounts without interruption, and to receive, process, honor and pay any and all checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be. Nothing in this Third Interim Order shall require any Bank to process, honor and pay any checks, make ACH transfers or honor other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts, whether in the ordinary course of business or otherwise, when such action requires the Bank to extend credit to a Debtor.


5.  The Banks listed on Exhibit C to the Motion shall not honor any checks issued against the Bank Accounts prior to the commencement of these Chapter 11 Cases, except as otherwise authorized by an order of this Court and directed by the Debtors.

6.  The Debtors shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks or Business Forms; provided, however, that any new check stock ordered by the Debtors shall contain the designation "Debtor-in-Possession"; provided further that, with respect to electronic checks or checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtors-in Possession" legend on such items within ten (10) business days of the date of the entry of the Interim Order.

7.  The Banks listed on Exhibit C to the Motion are authorized to accept and honor all representations from the Debtors regarding which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Petition Date; provided, however, that to the extent the Debtors direct the Banks to dishonor any Disbursements or the Banks inadvertently dishonor any Disbursements, the Debtors may issue replacement Disbursements consistent with the orders of this Court. The Banks shall not be liable to any party on account of: (a) following the Debtors' instructions or representations as to any order of this Court; (b) honoring any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

8.  The Banks listed on Exhibit C to the Motion, without further order of this Court, are: (a) authorized to charge, and the Debtors are authorized to pay or honor, both prepetition and

postpetition service and other Bank Fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtors; and (b) authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

9. The requirement in the Guidelines that the Debtors establish a specific new bank account for tax payments is waived. The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended through April 17, 2018 (the "Extension Period"); provided, however, that such extension is without prejudice to the Debtors' right to request a further extension or the waiver of the requirements of section 345(b) of the Bankruptcy Code in these Chapter 11 Cases.

10. The Debtors are authorized, during the Extension Period, to invest and deposit funds in accordance with their current practices, notwithstanding that certain guidelines may not strictly comply in all respects with the investment guidelines in section 345 of the Bankruptcy Code, and all applicable Banks are authorized to accept or hold or invest funds, at the Debtors' direction, in accordance with the Debtors' current practices.

11. The Banks listed on Exhibit C to the Motion are further authorized to: (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account, however, that the Debtors shall give notice within fifteen (15) days to (i) the U.S. Trustee and (ii) the Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases; provided, further, however, that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement, and in the event any such new bank does not execute a Uniform Depository Agreement, the rights of the U.S. Trustee are reserved; and (b)

accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; provided, in each case, that the Debtors' Banks shall not have any liability to any party for relying on such representations.

12. The Debtors are authorized, from and after the Petition Date, to continue to engage in Intercompany Transactions in the ordinary course of the Debtors' businesses; provided, however, that for the avoidance of doubt, the Debtors shall not be authorized by this Third Interim Order to undertake any Intercompany Transactions that are not on the same terms as, or materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period.

13. All intercompany claims arising from postpetition Intercompany Transactions shall be entitled to administrative expense priority status pursuant to section 503(b)(1) of the Bankruptcy Code. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash to ensure that all Intercompany Transactions may be readily ascertained, traced, and recorded properly and distinguished between prepetition and postpetition transactions.

14. For the avoidance of doubt, other than with respect to fees owed to the Debtors, the funds in the Restricted Accounts are not property of the Debtors' estates, are held by the Debtors as a mere conduit for the accounts of others, and are traceable to the insurers on whose behalf the funds are deposited into the Restricted Accounts.

15. Notwithstanding anything contained herein, despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

16. For Banks at which the Debtors hold Bank Accounts that are party to a UDA with the U.S. Trustee, within fifteen (15) days of the date of entry of the Interim Order, the Debtors shall have (a) contacted each Bank, and (b) provided each Debtor's employer identification number for each account held at such Banks by a Debtor.

17. For Banks at which the Debtors hold Bank Accounts that are not party to a UDA with the U.S. Trustee, the Debtors shall, on or before April 17, 2018, (i) use their good-faith efforts to cause the Banks to execute a UDA in a form prescribed by the U.S. Trustee or (ii) procure a sufficient surety bond to collateralize any accounts at any Banks that will not execute a UDA. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee and the Debtors fail to procure a surety bond for any such accounts are fully reserved.

18. This Third Interim Order shall apply to any and all Bank Accounts actually in, or linked to, the Cash Management System, even if such Bank Accounts do not appear on the list attached as <u>Exhibit C</u> to the Motion. Any and all accounts opened by the Debtors on or after the Petition Date at any Bank shall be deemed a Bank Account (as if it had been opened prior to the Petition Date and listed on <u>Exhibit C</u>) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Third Interim Order.

19. All Banks with which any Debtor maintains Bank Accounts are authorized to follow any instruction of any lender party to a blocked account or control agreement with respect to the disposition of any such accounts (and all deposits therein) maintained with such Bank following the exercise of any remedies of such lender party in accordance with the documents and orders evidencing any debtor-in-possession facility or cash collateral usage.

20. The Debtors are authorized, but not directed, to continue using their Fuel Cards in the ordinary course of business and to continue providing any existing security for the Fuel Cards. The Fuel Card issuing banks are authorized to honor all such charges made on said cards *nunc pro tunc* to the Petition Date, whether they are made prior to, on, or subsequent to the Petition Date. The said issuing banks have no duty to inquire as to whether any such charges are authorized by an order of this Court.

21. For the avoidance of doubt, entry of this Third Interim Order shall be without prejudice to (a) any right of the Committee to exercise any applicable remedies in this Court to seek disgorgement of any payment or transfer of property from the Restricted Accounts that are determined to be property of these estates and (b) the rights and defenses of the Debtors and of the party receiving such payment with respect to any such exercise of remedies. For purposes of this paragraph, "Restricted Accounts" does not include the accounts that are subject either to the *Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Continue Their Prepetition Practices with Respect to Their Pass-Through Bank Account and (B) Authorizing Banks to Honor Related Transfers* [D.I. 12] (the "Pass-Through Account Motion") or this Court's orders granting relief with respect to the Pass-Through Account Motion.

22. For the avoidance of doubt, entry of this Third Interim Order shall be without prejudice to (a) any right of The Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, in his capacity as the Receiver of Ullico Casualty Company in Liquidation to seek to exercise any applicable remedies in this Court to seek disgorgement of any payment made to a party using property determined to be property of Ullico Casualty Company and (b) the rights and defenses of the Debtors with respect to any such exercise of remedies and of the party receiving such payment with respect to any such exercise of remedies.

23. This Third Interim Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

24. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted in this Third Interim Order.

25. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Third Interim Order.

26. A final hearing to consider the relief requested in the Motion shall be held on *April 24*, 2018 at *11:00 a*.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to *April 17*, 2018 at 4:00 p.m. (prevailing Eastern Time).

Dated: *April 9*, 2018
Wilmington, Delaware

_____
HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE