# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.,* | : | Case No. 18-10189 (KG) |
| Debtors. | : | (Jointly Administered) |
| | : | Re: D.I. 381, 382, 383, 471 and 473 |

## OBJECTION TO ASSUMPTION OF EXECUTORY CONTRACT
## WITH LACKAWANNA CASUALTY CORPORATION

NOW COMES Lackawanna Casualty Corporation and its subsidiaries, Lackawanna American Insurance Company and Lackawanna National Insurance Company (collectively, "LCC"), by and through its counsel, Duane Morris LLP and Post & Schell, P.C., and files this Objection to Assumption of Executory Contract and in support thereof states as follows:

### RELEVANT BACKGROUND

1. LCC and Patriot Technology Solutions, LLC ("Patriot Technology") entered into a Master Services Agreement dated September 1, 2017 whereby Patriot Technology agreed to provide a license for the use of certain software and related support designed for use in managing and processing information in the casualty insurance industry (the "MSA").

2. On January 30, 2018, Patriot National, Inc. and its related companies, including Patriot Technology (collectively, the "Debtors") filed voluntary Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware (the "Petitions").

3. Since the filing of the Petitions, the Debtors have filed multiple Chapter 11 Plans and Disclosure Statements, including the Third Amended Joint Chapter 11 Plan of

Reorganization (the "Third Amended Plan") [D.I. 471] and the Third Amended Disclosure Statement (the "Disclosure Statement") [D.I. 383].

4. On March 14, 2018, the Bankruptcy Court entered an Order approving, *inter alia*, the Disclosure Statement and establishing solicitation and voting procedures (the "Disclosure Statement Order"). *See* D.I. 381.

5. On March 30, 2018, the Debtors filed their Plan Supplement [D.I. 473] which included, *inter alia*, an Assumption Schedule which details those executory contracts which are to be assumed as part of the Third Amended Plan.

6. Page 25 of the Assumption Schedule lists the MSA with LCC as an executory contract to be assumed and with a cure amount of $0.00.

7. Pursuant to the Third Amended Plan, any party objecting to the assumption of an executory contract through the Third Amended Plan process must file an objection with the Bankruptcy Court and to serve it so as to be actually received by the Debtors no later than 14 days from the date of the service of an Assumption Notice.

8. Subsequent to the filing of the Third Amended Plan and Plan Supplement, LCC received an Assumption Notice.

## **OBJECTION**

9. In order to assume an executory contract, the Debtor counterparty must cure any defaults and provide adequate assurance of future performance. *See* 11 U.S.C. § 365(b)(1).

10. LCC objects to the assumption of the MSA as an executory contract on the basis that no adequate assurance of future performance has been provided. In fact, the Debtors have provided no assurances to LCC of any kind whatsoever.

11. Under the MSA, LCC was granted a license to use the Debtors' "InsurePay" product which is a software module that enables insurance carriers to offer a "Pay-as-you-Go" billing solution to their workers' compensation policyholders. InsurePay interfaces with the payroll company used by the policyholders and utilizes actual payrolls for pay as you go billing plans, allowing insurance carrier users with the ability to monitor each of their policyholders' exact premiums for each pay cycle.

12. Given the financial uncertainties surrounding the Debtors' cases, including the future viability of the Debtors, LCC has not commenced utilization of the InsurePay license provided by the MSA for the benefit of LCC's policyholders.

13. LCC is justifiably concerned with introducing InsurePay to its policyholders in the absence of the Debtors demonstrating that they are presently able, and will be able in the future, to provide the necessary product and license support.

14. Given the failure to provide assurance of future performance, the Debtors have not demonstrated the ability to perform under the MSA and, as a result, their request for assumption of the MSA as an executory contract should be denied and the MSA should be deemed rejected.

WHEREFORE, for the reasons set forth above, Lackawanna Casualty Company and its related companies, Lackawanna American Insurance Company and Lackawanna National Insurance Company, object to the Debtors' assumption of the Master Services Agreement as an executory contract, and respectfully request that this Honorable Court deny the assumption and deem the Master Services Agreement rejected, along with granting such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: April 12, 2018

DUANE MORRIS LLP

By: /s/ *Sommer L. Ross*
    Sommer L. Ross, Esq. (DE Bar ID 4598)
    222 Delaware Avenue, Suite 1600
    Wilmington, DE 19801-1659
    302-657-4951
    slross@duanemorris.com

and

POST & SCHELL, P.C.

By: Brian W. Bisignani, Esq.
    1869 Charter Lane
    P.O. Box 10248
    Lancaster, PA 17601-5956
    717-612-6041
    bbisignani@postschell.com