# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*,[1] | Case No. 18-10189 (KG) |
| Debtors. | **Related D.I.:** 559 |

## RECEIVER OF ULLICO CASULATY COMPANY IN LIQUIDATION'S MOTION TO SHORTEN NOTICE WITH RESPECT TO THE RECEIVER OF ULLICO CASUALTY COMPANY IN LIQUIDATION'S MOTION FOR ABSTENTION AND RELIEF FROM AUTOMATIC STAY

The Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, in his capacity as the Receiver (the "**Receiver**") of Ullico Casualty Company in Liquidation ("**Ullico Casualty**"), by and through undersigned counsel, hereby submits this motion (the "**Motion**"), pursuant to sections 102 and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**"), Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice and objection periods for the *Receiver of Ullico Casualty Company in*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (7695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate. Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

*Liquidation's Motion for Abstention and Relief from the Automatic Stay* [D.I. 559] (the "**Motion for Abstention**") filed contemporaneously herewith.[2] In support of the Motion, the Receiver respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Local Rule 9013-1(f), the Receiver consents to the entry of a final judgment or order by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory and legal predicates for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006(c), and Local Rule 9006-1(e).

## BACKGROUND

5. The relevant factual and procedural background is set forth in the Motion for Abstention filed contemporaneously herewith. The factual background and procedural details set forth in the Motion for Abstention are incorporated by reference as if fully set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion for Abstention.

**RELIEF REQUESTED**

6. By this Motion, the Receiver requests entry of an order shortening the notice and objection periods for the Motion for Abstention so that it may be heard, considered, and ruled upon by the Court at the hearing scheduled to occur on April 24, 2018 at 10:00 a.m. (EDT) (the "**Confirmation Hearing**").

**BASIS FOR RELIEF REQUESTED**

7. Local Rule 9006-1(c) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(e) provides, in pertinent part, that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see also* Fed. R. Bankr. P. 9006(c)(1) (permitting the Court to order time periods set by the Bankruptcy Rules to be reduced "for cause shown"). For the reasons set forth below, sufficient cause exists to justify shortening the notice and objection periods for the Motion for Abstention.

8. The Receiver submits that good cause and compelling circumstances exist warranting consideration and shortened notice of the Motion for Abstention. Through the Motion for Abstention, the Receiver seeks abstention by the Court from taking any action that will affect the Receiver's ability to pursue the Ullico Casualty Assets. At the Confirmation Hearing, the Debtors will seek entry of (i) a final order granting the Cash Management Motion, and (ii) an order confirming the Plan (together, the "**Confirmation**

**Hearing Orders**"). By entering either of the Confirmation Hearing Orders, as proposed as of the date hereof, the Court will take action that will interfere with the Receiver's ability to pursue and administer Ullico Casualty Assets possessed or controlled by the Debtors pursuant to the Liquidation Order and the DUILA, rendering the relief sought in the Motion for Abstention moot. The Motion for Abstention is filed and served within one week after the Debtors produced certain financial records and other documents purportedly responsive to the Receiver's Discovery Requests. Albeit extremely limited and overall nonresponsive to the Receiver's Discovery Requests, the Debtors' production is nevertheless sufficient to establish that the Debtors continue to possess and control Ullico Casualty Assets despite and in violation of the Liquidation Order and applicable provisions of the DUILA. Accordingly, the Receiver has an obligation, pursuant to the Liquidation Order, to seek to compel the Debtors to produce a detailed accounting so that all Ullico Casualty Assets in the Debtors' possession can be identified and recovered for the benefit of Ullico Casualty policyholders and creditors.

9. Accordingly, the Receiver submits that there is good cause to expedite the notice and objection periods for the Motion for Abstention.

## **NOTICE**

10. Pursuant to Local Rule 4001-1(a), notice of this Motion was served on counsel for the Debtors, counsel for Unsecured Creditors' Committee, the Office of the United States Trustee, all parties requesting service in these cases pursuant to Local Rule 2002, and the Debtors' insurers or their counsel. The Receiver respectfully submits that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) granting the relief requested herein; (ii) shortening the notice and objection deadlines for the Motion for Abstention; and (iii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: April 12, 2018<br>Wilmington, Delaware | BAYARD, P.A.<br><br>*/s/ GianClaudio Finizio*<br>Neil B. Glassman (No. 2087)<br>Scott D. Cousins (No. 3079)<br>GianClaudio Finizio (No. 4253)<br>Evan T. Miller (No. 5364)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>Email: nglassman@bayardlaw.com<br>       scousins@bayardlaw.com<br>       gfinizio@bayardlaw.com<br>       emiller@bayardlaw.com<br><br>*Attorneys for The Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, as Receiver of Ullico Casualty Company in Liquidation* |