# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.* | Case No. 18-10189 (KG) |
| Debtors. | Jointly Administered |
| | RE: D.I. 471 |
| | Objection Deadline: April 13, 2018 at 4:00 pm. |
| | Hearing Date: April 24, 2018 at 11:00 a.m. |

## FIFTH THIRD BANK'S LIMITED OBJECTION TO CONFIRMATION OF THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

Fifth Third Bank, an Ohio banking corporation, as a creditor and interested party, files this limited objection (the "*Limited Objection*") to confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [D.I. No. 471] (the "*Plan*")[1] pursuant to Bankruptcy Rules 3020 and 9014 and §§ 1128 and 1129 of the Bankruptcy Code. By this Limited Objection, Fifth Third Bank requests that the confirmation order modify the Plan to: (i) classify and treat Claim No. 206 filed on April 11, 2018 (the "*Fifth Third Claim*"), based on its Agreement (defined below) with Patriot Risk Services, Inc. ("*Patriot Risk Services*"), in connection with the Letter of Credit (defined below) issued on its behalf, for the benefit of Berkley Insurance Company; (ii) amend the Litigation Proceeds Waterfall to include a distribution to Old Equity Interests, after full satisfaction of all other claims thereunder, since Fifth Third Bank has an interest in Mariano's (defined below) equity in Patriot National, Inc. ("*Patriot National*"); and (iii) exclude Fifth Third Bank's claims against the Mariano Non-Debtors (defined below) from the broad scope of the Release, Exculpation and Limitation of Liability, and Injunction

---
[1] All terms not defined herein shall have the meaning ascribed to them in the Plan.

provisions of the Plan. In further support of the Limited Objection, Fifth Third Bank respectfully states as follows:

**Background**

1. On January 30, 2018 (the "*Petition Date*"), the Debtors filed petitions with this Court under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these jointly administered chapter 11 cases, and no committee has been appointed or designated.

2. On February 1, 2018 the Court approved the joint administration of the Debtors Chapter 11 cases [D.I. No. 44].

3. On March 30, 2018, the Debtors filed the Plan.

4. Fifth Third Bank has two relationships with the Debtors and its affiliates. First, as a creditor of Patriot Risk Services, and secondarily, as an interested party of the Debtors and its affiliates, based on various loans to certain non-debtors, including the Debtors former CEO, Steven Mariano.

**The Fifth Third Bank Letter of Credit**

5. On November 1, 2017, Fifth Third Bank and Patriot Risk Services entered into an agreement (the "*Agreement*") in connection with Letter of Credit No. S507357 issued by Fifth Third Bank on November 3, 2017 (the "*Letter of Credit*"), on behalf of Patriot Risk Services, as Applicant, for the benefit of Berkley Insurance Company, as Beneficiary (hereinafter, "*Berkley*" or "*Beneficiary*"). Copies of the Agreement and Letter of Credit are attached hereto as **Exhibit A** and **Exhibit B**.

6. The Letter of Credit established a "clean, unconditional irrevocable letter of credit in

favor of the [B]eneficiary for drawing a sum or sums not to exceed U.S. $500,000." Patriot Risk Services is obligated to Fifth Third Bank for all amounts drawn on the Letter of Credit, plus interest, fees and costs as allowed under the Agreement and applicable law.

7. To secure obligations to Fifth Third Bank under the Agreement and all other obligations, Patriot Risk Services granted Fifth Third Bank a first priority security interest and right of setoff in and against account no. xxxxxxx4872, maintained by Fifth Third Bank in the name of Patriot Risk Services (the "Account"). *See* Exhibit A, Agreement, § 10. As of April 10, 2018, the Account balance was $510,100.00.

8. On February 28, 2018, Patriot Risk Services filed its Schedule of Assets [D.I. No. 4] and Liabilities and Statement of Financial Affairs [D.I. No. 5] in *In re Patriot Risk Services, Inc.*, Case No. 18-10198-KG. The Account, which is property of the estate subject to Fifth Third Bank's perfected, first priority lien, is not listed on Schedule B. Instead, the Account is inaccurately described as "Property the Debtor Holds or Controls that the Debtor Does Not Own" in Part 11, Question 21 of the Statement of Financial Affairs. Patriot Risk Services also failed to schedule Fifth Third Bank's claim on Schedule D (or any Schedule).

9. On April 11, 2018, Fifth Third Bank filed Claim No. 206 based on the Agreement and Letter of Credit, in the amount of $510,027.10, plus post-petition interest, fees and costs, as allowed under the Agreement and applicable law (the "*Fifth Third Claim*"). The Fifth Third Claim is fully secured by the funds held in the Account. The Debtor cannot use the funds in the Account, except for any balance in excess of the $500,000 hold amount under the Agreement.

**The Fifth Third Bank Loans to the Mariano Non-Debtors**

10. In addition to Fifth Third Bank's relationship with Patriot Risk Services in connection with the Agreement and Letter of Credit, it also has in excess of 40 million dollars in

loans (the "*Mariano Loans*") to non-debtors Lady Sara, Ltd. ("*Lady Sara*"), Steven M. Mariano ("*Mariano*"), Steven M. Mariano, as Trustee of the Steven M. Mariano Declaration of Trust U/A/D January 25, 2008, as subsequently amended and restated on August 24, 2009 ("*Mariano Trust*"), and Guarantee Insurance Group, Inc. ("*GIG*") (collectively, the "*Mariano Non-Debtors*"), which went into default prior to the Petition Date. Mariano is the former CEO of the Debtors, and has pledged, among other things, certain stock in Patriot National, Inc. ("*Patriot National*"), to secure the Mariano Loans. As a result, Fifth Third Bank has an interest in the treatment of Old Equity Interests under the Plan.

## Objections to Plan

### A.     Failure to classify and treat the Fifth Third Claim

11. The Plan does not classify and provide for the treatment of the Fifth Third Claim. Fifth Third Bank respectfully requests that the Confirmation Order should classify the Fifth Third Claim and provide that:

   a) Fifth Third Bank shall retain its perfected, first priority security interest against the Account and all other Collateral (as defined in the Agreement), notwithstanding anything to the contrary in the Plan, including Section B of Article V, or in the Confirmation Order;

   b) Fifth Third Bank shall be entitled to exercise its rights of setoff and reimbursement against the Account pursuant to the Agreement, without further notice to Patriot Risk Services or leave from the Bankruptcy Court, if the Letter of Credit is drawn against by the Beneficiary;

   c) If the Letter of Credit is drawn against by the Beneficiary, and the Fifth Third Claim is in excess of the balance of the Account and all other Collateral (as defined in the Agreement), Fifth Third Bank shall be entitled to a distribution under the Plan as a Class 5 General Unsecured Claim for the deficiency;

   d) If the Letter of Credit is drawn against by the Beneficiary, and the value of the Account and all other Collateral (as defined in the Agreement) exceeds the Fifth Third Claim, Fifth Third Bank shall be entitled to recover against the Account and Collateral, its post-petition interest, attorney's fees and costs allowed under the Agreement and applicable law; and

e) If the Letter of Credit is not drawn against by the Beneficiary prior to its expiration, and no amounts are due and owning Fifth Third Bank at the time of expiration of the Letter of Credit, Fifth Third Bank shall release its first, priority security interest against the Account by removing the restrictions on the Account for the Hold Amount (as defined in the Agreement). Fifth Third Bank shall have no obligation to renew the Letter of Credit and nothing shall preclude Fifth Third Bank from providing notice to the Beneficiary that it will not renew or extend the Letter of Credit, without further notice to Patriot Risk Services or leave from the Bankruptcy Court.

**B. <u>Failure to provide "fair and equitable" treatment to Old Equity Interests</u>**

12. The Mariano Non-Debtor Loans are secured by Mariano's shares in Patriot National. As a result, Fifth Third Bank has an interest in the treatment of the Old Equity Interests under the Plan. The Plan provides that Old Equity Interests under Class 8 will not receive any distribution and will be cancelled as set forth in Article V. E.

13. The Litigation Proceeds Waterfall under Article VI. D of the Plan does not provide for what happens to any remaining cash proceeds from the Litigation Claims, if the Litigation Trust Expenses, Litigation Trust Facility obligations, Allowed First Lien Lender Deficiency Claims and Allowed Class 5 General Unsecured Claims are fully satisfied. Even if all claims under the Litigation Proceeds Waterfall are fully satisfied, the Holders of Old Equity Interests will not receive distributions despite the remaining cash proceeds. Therefore, the Plan does not provide for the "fair and equitable" treatment of the Old Equity Interests pursuant to §1128(b)(1).

14. The Confirmation Order should provide that Article VI. D of the Plan is amended to add subsection (vii), which should state that:

> (vii) To the extent that the Allowed First Lien Lenders Deficiency Claims and Holders of Allowed Class 5 General Unsecured Claims are fully satisfied, any additional recoveries will be distributed to the Holders of Old Equity Interests.

C.  **Failure to narrowly tailor the Release, Exculpation and Limitation of Liability, and Injunction provisions of the Plan**

15. Article XI. G, H and I of the Plan include broad provisions for "Release, Exculpation and Limitation of Liability, and Injunction in favor of the Released Parties and Exculpated Parties". Released Parties and Exculpated Parties as defined in the Plan, would include at least some of the Mariano Non-Debtors. Further, the scope of the claims and causes of action released, limited, exculpated or enjoined under Article XI. G, H and I, include broad, catch-all provisions for claims and causes of action not specifically described, using generically defined terms or terms not defined under the Plan. Additionally, the provisions sometimes use the defined term "Claims", and other times use the term "claims", which is not defined. For example, the Release under Article VI. G, release the Released Parties from all "claims… [and] Causes of Action…" by "any and all other entities that may purport to assert any Cause of Action derivatively, by or through the foregoing Entities." Notwithstanding, "Entities" is not defined in the Plan. As a result, the Release could have the unintended consequence of releasing certain claims that having nothing to do with the Chapter 11 Cases, Debtors or Plan.

16. Similarly, under Article VI. H, none of the Exculpated Parties shall have or incur any liability to "any holder of a Claim, Cause of Action or Equity Interest" for, among other things, "any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors or the administration of the Plan or the property to be distributed under the Plan…" It appears the foregoing limitation only applies to claims in connection with the Chapter 11 Cases, Plan, etc. However, the term "Cause of Action", unlike "Claim", is not limited only to claims or causes of action against the Debtors. As a result, it is possible the provision could be misconstrued or misinterpreted to somehow include acts taken by non-debtors affiliated with the Debtors.

17. Likewise, the Injunction provision under Article VI. I enjoins "all Entities who have held, hold, or may hold Claims, Equity Interests, Causes of Actions…" from, among other things, "commencing or continuing in any manner any action or other proceeding of any kind against the Released Parties (solely with respect to the Releasing Parties) or, with respect to Exculpated Claims, Exculpated Parties (or the property of the estate of any Person so related or exculpated)…." Again, "Entities" is not defined in the Plan, and the definition of "Cause of Action" includes all actions against any Person.

18. In order to ensure that the Plan does not inadvertently release, discharge, limit, exculpate or enjoin Fifth Third Bank's claims against the Mariano Non-Debtors, Fifth Third Bank requests that the Court direct the Debtors to include the following language in the confirmation order:

> Notwithstanding anything to the contrary in this Order or the Plan, including under Article VI. G, H and I, nothing in this Order or the Plan shall release, discharge, limit, exculpate, enjoin or otherwise impact or effect any claims, encumbrances, interests, damages, suits, judgments, demands, debts, rights, causes of action, losses, remedies, obligations or liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of or by Fifth Third Bank and any successors in interests or assignees, against the Mariano Non-Debtors.

19. Accordingly, the confirmation order should classify and treat the Fifth Third Claim, amend the Litigation Proceeds Waterfall to include a distribution to Old Equity Interests after satisfaction in full of all other claims thereunder, and exclude any claims or interests of Fifth Third Bank against the Mariano Non-Debtors from the Release, Exculpation and Limitation of Liability, and Injunction provisions of the Plan.

**[PAGE LEFT INTENTIONALLY BLANK]**

WHEREFORE, Fifth Third Bank requests that the Court sustain its Limited Objection to the Plan, incorporate the Plan modifications requested herein into the confirmation order, and for such other relief as is just and proper.

| | |
|---|---|
| Dated: April 13, 2018<br>Wilmington, DE | **GELLERT SCALI BUSENKELL & BROWN, LLC**<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (DE Bar No. 3933)<br>1201 N. Orange St., Ste. 300<br>Wilmington, DE 19801<br>Phone: (302) 425-5800<br>Facsimile: (302) 425-5814<br>Email: mbusenkell@gsbblaw.com<br><br>**CARLTON FIELDS JORDEN BURT, P.A.**<br><br>Donald R. Kirk<br>Florida bar No. 105767<br>4221 W. Boy Scout Blvd. Ste. 1000<br>Tampa, Florida 33607-5780<br>Telephone: (813) 229-4334<br>E-mail: dkirk@cfjblaw.com<br><br>Alexandra D. Blye<br>Florida Bar No. 71499<br>525 Okeechobee Blvd., Suite 1200<br>West Palm Beach, Florida 33401<br>Telephone: (561) 659-7070<br>E-mail: ablye@carltonfields.com<br><br>*Attorneys for Fifth Third Bank* |