# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PATRIOT NATIONAL, INC., *et al.*[1],<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10189 (KG)<br><br>(Jointly Administered)<br><br>Hearing Date: 4/24/18 at 11 a.m. (ET)<br><br>Re: D.I. 383, 429 & 482 |

## RECEIVER OF GUARANTEE INSURANCE COMPANY'S: (I) JOINDER TO THE OBJECTION BY RECEIVER OF ULLICO CASUALTY COMPANY IN LIQUIDATION TO THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION; AND (II) SUPPLEMENTAL OBJECTION TO CONFIRMATION OF THE DEBTORS' PLAN

The Florida Department of Financial Services, Division of Rehabilitation and Liquidation (Department) as Receiver of Guarantee Insurance Company (the "FL Receiver"), hereby files this joinder to the *Receiver of Ullico Casualty Company in Liquidation's Objection to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization* [D.I. 482] (the "Ullico Objection") and supplemental objection to confirmation of the Debtors' Plan, and in support thereof, respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301

## Joinder[2]

1.      The FL Receiver joins in and adopts as its own the legal arguments made in the Ullico Objection.  As set forth in the *Preliminary Objection*[3], the Receivership Order contains substantially similar provisions as the Ullico receivership order.  Specifically, the Debtors are obligated to provide an accounting for and turnover all Receivership Property to the FL Receiver, and are prohibited from interfering with Receivership Property or the GIC Receivership Proceedings.  Receivership Order at ¶¶ 13, 19, 23 and 41.  The Receivership Order is attached to the Preliminary Objection as Exhibit A.

2.      The Insurers Rehabilitation and Liquidation Act, FLA. STAT. §§ 631.001-631.401 (the "FL Insurance Receivership Statute") is also substantially similar to the Delaware Uniform Insurers Liquidation Act.  A true and correct copy of the FL Insurance Receivership Statute is attached hereto as **Exhibit A**.

## Supplemental Objection

3.      The Bankruptcy Court does not have jurisdiction over any Receivership Property being held by the Debtors.  Such property is not property of the estate and cannot be transferred by the Plan and/or Confirmation Order.

## Reservation of Rights

4.      The FL Receiver reserves its right to further object to the Plan in supplemental filings or orally at any hearing on the Plan.  Pursuant to Local Bankr. Rule 7012-1, the FL Receiver does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article

---

[2] This joinder and supplemental objection is in addition to the arguments made in the *Preliminary Objection to the Debtors' Second Amended Joint Chapter 11 Plan or Reorganization* [D.I. 429] (the "Preliminary Objection").
[3] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Preliminary Objection.

III of the United States Constitution.  By filing this joinder and supplemental objection, the FL Receiver in no way concedes or consents to the jurisdiction of this Court.

**WHEREFORE**, the FL Receiver respectfully requests that the Court deny confirmation of the Plan and grant such other relief as is just and proper.


Dated: April 13, 2018
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Scott J. Leonhardt (DE #4885)
Jason A. Gibson (DE #6091)
824 N. Market Street, Suite 810
Wilmington, DE 19801
Telephone:  (302) 777-1111
Email: leonhardt@teamrosner.com

*Counsel to the FL Receiver*