## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE | Chapter 11 |
| PATRIOT NATIONAL, INC., et al., | Case No. 18-10189 (KG) |
| Debtors. | (Jointly Administered) |
| _____/ | |

### STEVEN M. MARIANO'S LIMITED OBJECTION TO CONFIRMATION OF DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

Steven M. Mariano ("Mariano") files this limited objection to confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization ("Plan," ECF#471) as the holder of "Old Equity Interests" in the Debtors.

Mariano is the former CEO and President of Patriot National, Inc. ("Patriot," and together with the other debtor entities, "Debtors"), roles which he relinquished as of July 12, 2017 pursuant to a severance agreement with Patriot. Mariano continues to be the largest owner of the equity interests in the Debtors, and beneficially owns or controls approximately 46% of Patriot's outstanding common stock.

The Plan proposes to issue "New Equity Interests" to the Debtors' First Lien Lenders giving them ownership of the reorganized debtors (which the Debtors value at between $70 and $81 million), and for the First Lien Lenders and the holders of General Unsecured Claims to split the proceeds of a Litigation Trust established to hold and prosecute the Debtors' litigation claims pursuant to a "Litigation Proceeds Waterfall." (Article VI.D). The Plan proposes to extinguish all existing equity interests in the Debtors ("Old Equity Interests") without consideration, and existing equity holders are deemed to reject the Plan. (Article III.B.8; Article V.E).

The Litigation Proceeds Waterfall contemplates, albeit incompletely, the possibility that the proceeds of the Litigation Trust may be sufficient to fully satisfy the First Lien Lender

Deficiency Claims and/or the General Unsecured Claims. Subsection (vi) of the Waterfall provides that if the Allowed First Lien Lender Deficiency Claims are fully satisfied, any additional recoveries will be distributed to the Holders of Allowed Class 5 General Unsecured Claims. Conversely, if the Holders of Allowed Class 5 General Unsecured Claims are fully satisfied, any additional recoveries will be distributed to the Holders of Allowed First Lien Lender Deficiency Claims. However, the Plan does not expressly address what happens in the event that both the Allowed First Lien Lender Deficiency Claims and the Allowed Class 5 General Unsecured Claims are fully satisfied.

Since the Plan extinguishes Old Equity Interests, it would seem that the only other possibility is that such recoveries would vest in the reorganized Debtors, and accordingly be payable to the Holders of the First Lien Lenders on account of the New Equity Interests. But in such a scenario, the First Lien Lenders already would have been paid in full.

Such a plan cannot satisfy the "fair and equitable" requirement under 11 U.S.C. § 1129(b)(2), because a plan cannot offer a junior interest nothing while providing a senior class more than full compensation for its claims. *In re Exide Tech.*, 303 B.R. 48, 61 (Bankr. D. Del. 2003) ("Courts have decided that 'a corollary of the absolute priority rule is that a senior class cannot receive more than full compensation for its claims.'"), citing *Matter of Genesis Health Ventures, Inc.*, 266 B.R. 591, 612 (Bankr. D. Del. 2001); *see also In re AbitibiBowater, Inc.*, 2010 WL 4823839, *12 (Bankr. D. Del. 2010) ("Moreover, senior classes cannot receive more than a 100% recovery on their claims."); *In re Genco Shipping & Trading Ltd.*, 513 B.R. 233, 242 (Bankr. S.D.N.Y. 2014) ("It's undisputed that the 'fair and equitable' requirement encompasses a rule that a senior class cannot receive more than full compensation for its claims."), citing *In re Chemtura Corp.*, 439 B.R. 561, 592 (Bankr. S.D.N.Y. 2010).

Though the likelihood of the scenario occurring may be remote, the Plan should clarify that if the First Lien Lenders' claims and General Unsecured Claims are fully satisfied, any remaining recoveries from the Litigation Trust Assets shall be distributable to the Holders of Old Equity Interests on a pro rata basis. To permit the First Lien Lenders to retain such recoveries after their claims have been fully satisfied would violate the "fair and equitable" requirement of 11 U.S.C. § 1129(b).

**WHEREFORE**, Mariano requests that the Court deny confirmation of the Plan absent revision or clarification to provide that the holders of Old Equity Interests shall receive any Litigation Trust Assets available after the First Lien Lenders' claims and General Unsecured Claims are fully satisfied.

Dated: April 13, 2018

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

– and –

KOZYAK TROPIN & THROCKMORTON LLP
David L. Rosendorf (FL Bar No. 996823)
2525 Ponce de Leon Boulevard, 9th Floor
Miami, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
Email: drosendorf@kttlaw.com

*Counsel for Steven M. Mariano*