**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PATRIOT NATIONAL, INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 18-10189 (KG)<br>(Jointly Administered)<br><br>**Related Docket No. 471** |

### STEVEN M. MARIANO'S CAUTIONARY, LIMITED OBJECTION[2] TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

Steven M. Mariano ("Mariano"), by and through undersigned counsel, hereby submits this cautionary and limited objection (the "Objection") to the *Third Amended Joint Chapter 11 Plan of Reorganization* [D.E. 471] (the "Plan") of Patriot National, Inc. ("Patriot") and its affiliated debtors in possession (collectively, the "Debtors"). In support of the Objection, Mariano respectfully states:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] This limited, cautionary objection is being filed in undersigned counsel's role representing Mariano as a defendant in pending litigation arising out of his role as an officer/director of Patriot National, and as a potential defendant in threatened litigation arising out of his role as an officer/director of Patriot National. Any objections to the plan outside the above role would be filed separately.

## INTRODUCTION

Mariano files this objection out of an abundance of caution to ensure that nothing in the very lengthy Plan will prejudice his claims and defenses as it relates to the extensive claims already filed against him in a number of actions, as well as claims that may hereafter be filed against him, including the claim already threatened against him by Cerberus.

Given the lengthy exculpations and releases that still remain in the Plan, and the length and complexity of the plan, Mariano is concerned that despite the elimination of the third party releases from the Plan, a party may argue that the Plan or confirmation order somehow releases, impairs, or prejudices his claims and defenses as against non-bankruptcy estate parties, and against the Litigation Trustee, as it relates to setoff and other defenses of Mariano.

For some of the same reasons, Mariano also wants to ensure that nothing in the Plan or the confirmation order diminishes, impairs or otherwise prejudices his rights, entitlements, and coverage under the D&O policies previously discussed in this case. Though undersigned is not able to find a direct provision in the plan that is intended to impact Mariano's contractual rights and entitlements under the D&O policies, given the length and complexity of the plan, and given that it is in all parties interests to ensure that nothing inadvertently prejudices coverage under the D&O policies, Mariano seeks to have this issue addressed as well.

As discussed below, Mariano believes that the above issues can be addressed with language in the confirmation order making clear that nothing in the Plan or confirmation order is adversely impacting the claims and defenses discussed above, or his rights, entitlements, and coverage under the D&O policies.

## BACKGROUND

1.      Mariano is the former Chief Executive Officer, President, and Chief Operating Officer of Patriot National, Inc. ("Patriot"). Mariano has been named as a defendant in a number of lawsuits (the "Actions") in relation to his former position with Patriot, including:

- *Hudson Bay Master Fund Ltd. v. Patriot National, Inc.*, **No. 1:16-CV- 02767-GBD-SDA (S.D.N.Y.)**

- *Gingello v. Patriot National, Inc.,* **No. 1:17-CV-01866-ER (S.D.N.Y.)**

- *Kayce v. Patriot National, Inc.*, **No. 1:17-CV-07164-ER (S.D.N.Y.)**

- *McIntire v. Mariano*, **No. 0:18-CV-60075-BB (S.D. Fla.)**

- *Wasik v. Mariano,* **C.A. No. 12953-VCL (Del. Ch.)**

- *J.P. Morgan Securities, LLC v. Mariano,* **No. 1:17-cv-01080-GBD  (S.D.N.Y.)**

2.      In addition, Cerberus Business Finance, LLC, the administrative agent under the Debtors' prepetition secured financing facility, has provided notice of a claim based on alleged wrongful acts of Mariano (a "Claim").

## OBJECTION TO CONFIRMATION

### Litigation Between Mr. Mariano and Others

3.      The Plan contains exculpation and injunction provisions in favor of various parties associated with the Debtor, and the Debtor, and a release in favor of Cerberus and Cerberus related parties.

4.      Though it has been represented at a prior hearing that the only claims being released are estate claims (as opposed to third party claims), the broad language in the Plan gives Mariano pause as to whether the Debtor, Debtor related parties, or Cerberus and Cerberus

related parties may argue that confirmation of the Plan has somehow impacted Mariano's claims and defenses as it relates to the current litigation, as well as future litigation.

5.      Cerberus has previously agreed to language in the Order granting the Debtor's motion to approve the postpetition financing (and related relief) (the "Postpetition Financing Order", and the Postpetition Financing Order entered by this Court (D.I. 297) contains explicit language that the Postpetition Financing Order "shall not release, impair, or impact any claims or defenses" between Cerberus and the Cerberus Related Parties and Mariano. *Postpetition Financing Order at p. 25, ¶ 15*. The foregoing language or similar language should also be included in the confirmation order.

6.      The same concerns also arise with regard to non-Cerberus third parties, and language should be included in the confirmation order addressing these concerns.

7.      Likewise, the same concerns would also apply to Mariano's defenses to the bankruptcy estate claims, which are being transferred to the Litigation Trust. By way of example only, the plan injunction purports to enjoin the assertion of setoff and subrogation rights "unless such Person has timely asserted such setoff or subrogation right prior to Confirmation in a document filed with the Bankruptcy Court explicitly preserving such setoff or subrogation."

8.      Mariano hereby asserts such rights of setoff and possible subrogation, together with preservation of all other defenses as it relates to claims of the Debtor, the bankruptcy estate, and the Litigation Trust, to the extent necessary for their preservation.

9.      As indicated by the title of this pleading, this objection is very limited and cautionary. As stated above, Mariano believes it can be appropriately addressed with language in the confirmation order.

## D&O POLICIES

10.     Out of an abundance of caution, the confirmation order should also include language making clear that nothing in the Plan, confirmation of the Plan, or the Confirmation Order shall diminish, alter, or otherwise prejudice Mariano's rights, entitlements, and coverage under the D&O policies.

WHEREFORE, Mariano respectfully requests that this Court issue an order granting this objection, requiring appropriate protective language to be included in the confirmation order, and/or granting such other relief as this Court deems just and proper.

Dated:   April 13, 2018

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Kathleen M. Miller*
Kathleen M. Miller (No. 2898)
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE  19899 [Courier 19801]
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email: kmiller@skjlaw.com

- and -

CONRAD & SCHERER LLP
James D. Silver (*pro hac vice*)
William R. Scherer, Jr. (*pro hac vice*)
633 South Federal Highway
For Lauderdale, FL 33301
JSilver@conradscherer.com
WScherer@conradscherer.com

*Attorneys for Steven Mariano*