# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 18-10189 (KG) |
| PATRIOT NATIONAL, INC., ET. AL.,[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | Hrg. Date: April 24, 2018 at 11:00 a.m. |
| Debtors. | ) | Obj. Deadline: April 13, 2018 at 4:00 p.m. |
| | ) | (extended by agreement with the Debtors to |
| | ) | April 16, 2018) |
| _____ | ) | **Related Docket No. 471** |

## OBJECTION OF AUSTIN SHANFELTER, JAMES O'BRIEN, MICHAEL PURCELL, AND JEFFREY ROHR TO DEBTORS' THIRD AMENDED JOINT PLAN OF REORGANIZATION

Austin Shanfelter ("Shanfelter"), James O'Brien ("O'Brien"), Michael Purcell ("Purcell"), and Jeffrey Rohr ("Rohr", and collectively with Shanfelter, O'Brien and Purcell, the "Former Directors"), by and through their undersigned counsel, object to confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [Docket No. 471] (the "Third Amended Plan"). In support thereof, the Former Directors respectfully state as follows:

## INTRODUCTION

The Former Directors are defendants or potential defendants in actual and threatened litigation relating to the services they provided to one or more of the Debtors.[2] The Former

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826).

[2] *See, e.g.*, *Hudson Bay Master Fund Ltd. v. Patriot National, Inc., et al.*, C.A. No. 16-cv-2767 (S.D.N.Y.); *CVI Investments Inc. v. Patriot National, Inc.*, C.A. No. 16-cv-2787 (S.D.N.Y.); *Hudson Bay Master Fund Ltd. v. Del Pizzo, et al.*, C.A. No. 17-cv-6204 (S.D.N.Y.); *McIntire et al. v. Mariano et al.*, C.A. No. 18-cv-60076 (S.D. Fla.); and *J.P. Morgan Securities, LLC v. Mariano*, C.A. No. 17-cv-01080 (S.D.N.Y.).

Directors were non-management directors. They each filed claims against the Debtors, including contingent and unliquidated claims for, among other things, advancement, contribution and/or indemnification. They also have potential direct claims against third parties, including other directors and officers of the Debtors, as well as the Debtors' primary lender and beneficiary under the Third Amended Plan, Cerberus Business Finance, LLC and its affiliates or related entities (collectively, "Cerberus"), as well as a number of affirmative defenses.

The Third Amended Plan provides for a release in favor of Cerberus and exculpation of the Debtors' current officers and directors. The release and exculpation language is ambiguous and overbroad. In addition, the Plan provides for an injunction that appears to place restrictions on the ability of the Former Directors to defend themselves in litigation brought against them. The Former Directors file this Objection to clarify and limit the scope of the release and injunction provisions, and to limit the scope of the exculpation provision, to preserve the defenses and claims they may have against Cerberus and the Debtors' current directors and officers.

**BACKGROUND**

1. On January 30, 2018, (the "Petition Date") each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On the same day, the Debtors filed their Joint Chapter 11 Plan of Reorganization [Docket No. 15](the "Original Plan"), which they amended from time to time thereafter, including a Second Amended Joint Chapter 11 Plan of Reorganization filed on March 13, 2018 [Docket No. 374](the "Second Amended Plan").

3. On March 21, 2018, certain former directors and a former officer of the Debtors filed their Preliminary Objection to the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization [Docket No. 416](the "Preliminary Objection").[3]

4. Many of the facts and background relevant to the Court's consideration of the instant Objection were previously set out in the Preliminary Objection and will not be repeated here.

5. On March 30, 2018, the Debtors filed their Third Amended Plan, which provides for a release of Cerberus (Articles I.A.22 and XI.G.1, the "Release Provision"), exculpation of current officers and directors (Articles I.A.61 and XI.H, the "Exculpation Provision") and an injunction in favor of Released Parties, Exculpated Parties[4] and others (Article X.I.I, the "Injunction Provision"). For the reasons set forth below, the Former Directors object to these provisions.

**OBJECTIONS**

A. The Release Provision Is Ambiguous and Overbroad

6. The Release Provision is a 38 line, one sentence paragraph. Not surprisingly, it is ambiguous, and if applied literally, overbroad.

7. Counsel for the Debtors and Cerberus have represented to the Court on several occasions that they do not seek a third party release through the Third Amended Plan. *See, e.g.*, Transcript of Telephonic Hearing re Discovery Dispute, p. 16, ll. 20 – 22, attached as Ex. A. Yet, the language in the Release Provision leaves open the possibility that in post-confirmation litigation, Cerberus or other Released Parties will assert that the Release Provision does, in fact,

---

[3] The former directors and officer who filed the Preliminary Objection are Quentin P. Smith, Jr., Charles H. Walsh, Michael J. Corey and Christopher A. Pesch, and are different from the Former Directors filing the instant objection.
[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Third Amended Plan.

create third party releases, in which case the Former Directors could be barred from asserting claims (e.g., for contribution) against Cerberus and other Released Parties.

8. In particular, the Release Provision provides:

> As of the Effective Date…the Released Parties are deemed forever released and discharged by…any…entities that may <u>purport</u> to assert any Cause of Action derivatively[,]…from any and all claims [or]…Causes of Action…asserted or assertable on behalf of the Releasing Parties…whether…existing or hereafter arising…that [they] would have been legally entitled to assert in his, her or its own right (whether individually or collectively) <u>or on behalf of the holder of any Claim or Equity Interest or other entity</u>…

Third Amended Plan, Article XI.G.1 (emphasis added).

9. The Former Directors are concerned that this provision could be interpreted to provide a third party release by non-Debtor parties, including the Former Directors, to non-Debtor parties, including Cerberus and other Released Parties. As drafted, the Former Directors could, in theory, be deemed to be a "Releasing Party" if they ever purported to assert derivative claims, or even if they could assert them. If they were deemed Releasing Parties, they would be deemed to have released claims or Causes of Action that they could assert in their "own right (whether individually or collectively)". Given the broad definition of "Cause of Action", this would include setoff claims, third party claims, contribution claims and counterclaims, all of which should be preserved. The Release Provision also provides that the Releasing Parties are releasing claims they could assert "on behalf of the holder of any Claim or Equity Interest." Arguably, this means that the Debtors, as Releasing Parties, are releasing claims of the Former Directors, which is also inappropriate.

10. To ensure that the Released Parties, including Cerberus, do not obtain a third party release in the Plan,[5] as previously represented, the Court should require the following language in the confirmation order:

> Notwithstanding anything to the contrary in the Plan, the Confirmation Order, or any other order (including without limitation the DIP Orders[6]), nothing in the Plan, the Confirmation Order, or any other order (including without limitation the DIP Orders), shall release or impair any claims, remedies or rights, or any defenses, whether arising in law or equity, including but not limited to any right or defense of setoff, recoupment, contribution, reimbursement, indemnification or subrogation, now existing or hereafter arising, that any Person or Entity (other than the Releasing Parties), in its individual capacity but not derivatively, may have against any other Person or Entity, including without limitation any Released Party or Exculpated Party. For the avoidance of doubt, a Person or Entity will only be deemed a "Releasing Party" if, and to the extent, they actually assert, in an offensive fashion, a claim of the Debtors in a derivative fashion – i.e., by seeking affirmative relief on behalf of the Debtors.

B. <u>The Exculpation Provision is Overbroad</u>

11. The Exculpation Provision is overbroad. It provides Exculpated Parties, including the Debtors' current directors and officers, with exculpation and a limit on liability for:

> any act or omission <u>in connection with, relating to or arising out</u> of, the Chapter 11 Cases, the negotiation of any…agreement…in connection with the Plan…[and] <u>any</u> other <u>pre-petition</u> or post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor or the administration of the Plan or <u>the property to be distributed under the Plan</u>…

Third Amended Plan, Article XI.H. (emphasis added).

---

[5] Third party releases are extraordinary in the context of chapter 11 bankruptcy plans, assuming they are even allowable. *In re Continental Airlines*, 203 F. 3d 203, 216, 217 (3d Cir. 2000). "Some courts proscribe them completely", *see, e.g., In re Washington Mutual, Inc.,* 442 B.R. 314, 352 (Bankr. D. Del. 2011)(citations omitted), and some courts clarify that such releases are permitted only where the releasing parties consent to the release. *In re Coram Healthcare Corp.,* 315 B.R. 321, 352 (Bankr. D. Del. 2001). Even courts that allow them absent consent require the party seeking the release to overcome a substantial burden. *See, e.g.*, *In re GulfMark Offshore, Inc.*, 2017 WL 5461364 *11 (Bankr. D. Del. 2017).

[6] The term "DIP Orders" refers to the Interim and Final Orders Granting Debtors' Motion for Entry of an Order (I) Approving Postpetition Financing (II) Authorizing Use of Cash Collateral (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Granting Related Relief. [Docket Nos. 57 and 297].

12.     It is well settled that exculpation provisions are limited to estate fiduciaries. *See, e.g.*, *In re PTL Holdings, LLC*, 2011 WL 5509031, *12 (Bankr. D. Del. 2011). Because a person cannot be an estate fiduciary until after a bankruptcy is filed, courts hold that the exculpation must be "limited to post-petition activity." *In re Coram Healthcare*, 315 B.R. 321, 337, *citing In re PWS Holding Corp.*, 228 F. 3d 224, 236-37 (3d Cir. 2000); *In re Exide Techs.*, 303 B.R. 48, 75 (Bankr. D. Del. 2003)(exculpation provision impermissible because it provided for release for pre-petition activities). The rationale for limiting exculpation provisions to post-petition acts is that they "merely state the standard to which such estate fiduciaries [are] held in a chapter 11 case." *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011).

13.     The Third Amended Plan provides for exculpation of the Debtors' officers and directors, not only for post-petition acts, but also for pre-petition acts. Indeed, the Third Amended Plan could be interpreted to provide exculpation for pre-petition conduct that is already the subject of litigation, claims and demands (including claims on behalf of Debtors that would be property of the estate), as to which Exculpated Parties would be subject to third party claims and affirmative defenses, including contribution, contributory fault and the like. This is in clear contravention of prevailing case law. Therefore, the Court should limit the exculpation to those acts taken after the Petition Date and before confirmation of the Third Amended Plan.

C.  <u>The Injunction Provision Is Ambiguous and Overbroad</u>

14.     The Injunction Provision (Article X.I.I) is ambiguous, overbroad, and inconsistent with other provisions of the Third Amended Plan.

15.     First, the Injunction Provision is for the benefit of Released Parties for claims by Releasing Parties, and Exculpated Parties for Exculpated Claims. As noted above, the term "Releasing Parties" is not clearly defined, and should be clarified; and the scope of the claims

that are released should be clarified to avoid releases of third party claims. The Injunction Provision is likewise overbroad, to the extent that the provisions for Exculpated Claims of Exculpated Parties are overbroad: it should be clarified, limited or amended accordingly.

16. Second, the Injunction Provision enjoins parties from "asserting any right of setoff…of any kind…unless such Person has timely asserted such setoff…right prior to Confirmation in a document filed with the Bankruptcy Court explicitly preserving such setoff or subrogation." Yet, Article III.C. of the Third Amended Plan, titled "Reservation of Rights Regarding Claims and Equity Interests", provides that "nothing herein shall prejudice or be deemed to prejudice creditors' rights of setoff or recoupment." These provisions are inconsistent, and Article III.C. is the more sensible and equitable provision. If a Person or Entity is sued, the right to raise a setoff defense and/or a third party claim for contribution, setoff, indemnification or the like, should be preserved without filing a paper with the Court prior to Confirmation. This is particularly true since claims are required to be filed (i) before any of the currently threatened or demanded (or other potentially-assertable) claims even have been asserted, and (ii) with a claims agent, Prime Clerk, rather than with the Court, and therefore, even the filing of a proof of claim may not be sufficient to satisfy the requirements of this Plan provision. *See Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims and (IV)Providing Certain Supplemental Relief* [Docket No. 317]. The requirement of a pre-confirmation filing should therefore be stricken.

17. Third, the Injunction Provision provides that "nothing contained in the Plan shall be construed to prevent any Person from defending against Claims Objections or collection

actions whether by asserting a right of setoff or otherwise to the extent permitted by law." By negative implication, this provision may be construed to mean that the Third Amended Plan prevents a Person from defending against or asserting third party claims (whether for contribution, setoff, indemnity or the like) in connection with or arising out of actions other than Claims Objections or collection actions, including actions against the Former Directors. The Confirmation Order should make clear that nothing in the Third Amended Plan (including without limitation, Articles XI.G, XI.H and XI.I thereof) shall be deemed to restrict in any way the right of any Person to assert any defense or third party claim, including without limitation, for setoff, recoupment, contribution, reimbursement, indemnification or subrogation, to any claim, litigation, or actions of any kind brought or asserted against such Person.

18. In sum, the Release Provision, the Exculpation Provision and the Injunction Provision should be clarified, limited and revised in the manner provided above, before the Court confirms the Third Amended Plan.

**WHEREFORE**, the Former Directors respectfully request that the Court, (i) absent the revisions, limitations and clarifications to the Plan set forth herein, deny confirmation of the Third Amended Plan, and (ii) provide for such other and further relief that the Court deems just.

*[page intentionally left blank]*

| | |
|---|---|
| Dated: April 16, 2018 | Respectfully submitted, |
| **ASHBY & GEDDES, P.A.** | **SULLIVAN •HAZELTINE •ALLINSON** LLC |
| */s/ Ricardo Palacio* <br> Philip Trainer, Jr. (#2788) <br> Ricardo Palacio (#3765) <br> Stacy L. Newman (#5044) <br> 500 Delaware Ave., 8th Floor <br> Wilmington, DE 19801 <br> Telephone: (302) 654-1888 <br> E-Mail: ptrainer@ashbygeddes.com <br> E-Mail: rpalacio@ashbygeddes.com <br> E-Mail: snewman@ashbygeddes.com | */s/ William D. Sullivan* <br> William D. Sullivan (#2820) <br> William A. Hazeltine (#3294) <br> 901 North Market Street, Suite 1300 <br> Wilmington, DE 19801 <br> Telephone: (302) 428-8191 <br> E-Mail: bsullivan@sha-llc.com <br><br> *Counsel to James O'Brien, Michael Purcell, and Jeffrey Rohr* |
| -and- | |
| **MARCOS D. JIMÉNEZ, P.A.** <br> Marcos D. Jimenez <br> 255 Alhambra Circle, Suite 800 <br> Coral Gables, FL 33134 <br> Telephone: (305) 570-3249 <br> E-Mail: mdj@mdjlegal.com <br><br> *Counsel to Austin J. Shanfelter* | |