# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PATRIOT NATIONAL, INC., *et al.*, | : | Case No. 18-10189 (KG) |
| | : | |
| | : | **Hearing Date: April 24, 2018, at 11:00 AM** |
| Debtors. | : | **Objections Due: April 13, 2018, at 4:00 PM** |
| | : | **extended to April 17, 2018** |
| | : | |

## OBJECTION BY THE UNITED STATES
## TO THE DEBTORS' THIRD AMENDED
## JOINT CHAPTER 11 PLAN OF REORGANIZATION

The United States, on behalf of its Internal Revenue Service ("IRS"), by and through the undersigned attorneys, in support of its objection to the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [Docket No. 471] ("Plan"), avers as follows:

1. On January 30, 2018, the debtors filed voluntary bankruptcy petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2. IRS is a creditor and party in interest. IRS has asserted an estimated unsecured priority, pre-petition claim against Patriot National, Inc., in the amount of $107,100.11 and a $9,580.54 general unsecured claim. IRS has asserted an unsecured priority, pre-petition claim against Decision UR LLC, in the amount of $713.70 and a $8,580 general unsecured claim. IRS has asserted an unsecured priority, pre-petition claim against Patriot Technology Solutions LLC., in the amount of $775, and a $9,428.71 general unsecured claim. IRS has asserted an unsecured priority, pre-petition claim against Patriot Underwriters Inc., in the amount of $4,801.42 and a $1,894.34 general unsecured claim. IRS has asserted an unsecured priority, pre-petition claim against Trigen Insurance Solutions Inc., in the amount of $1,044.55 and a $4,171.90 general unsecured claim.

3. IRS objects to the confirmation of the Plan unless and until all federal tax returns are filed. IRS records indicate that the debtors have not filed the following federal tax returns:

- Corporate income tax return for the period ended 12/31/17 (Patriot National Inc.)

- Unemployment tax returns for the period ended 12/31/14 and 12/31/15 (Patriot Technology Solutions LLC)

- Corporate income tax return for the period ended 12/31/17 (Patriot Technology Solutions LLC)

- Unemployment tax return for the period ended 12/31/15 (Trigen Insurance Solutions, Inc.)

4. The IRS objects to the third party non-debtor limitation of liability, injunction and release provisions set forth in Article XI of the Plan[1]. The injunction provisions violate the Anti-Injunction Act, I.R.C. Section 7421(a). See American Bicycle Association v. United States, 895 F.2d 1277 (9th Cir. 1990); United States v. Prescription Home Health Care, Inc., 316 F.3d 542 (5th Cir. 2002); In re Plainwell, Inc., 2004-2 USTC Paragraph 50, 393 (D. Del. 2004). The Plan currently defines the multitude of parties to be released as a "Releasing Parties". Correspondingly, the release and injunction provisions of the Plan extend its protections to the Releasing Parties. While the Third Circuit stopped short of adopting a *per se* rule that a non-debtor release in a reorganization plan is not permissible (as other circuits have done), it held that, at most, such a provision could only be valid in "extraordinary" cases. Gillman v. Continental Airlines (In re Continental Airlines), 203 F.3d 203, 212 (3d Cir. 2000). At minimum, Continental held that such a nonconsensual release of non-debtor entities must contain all of the following "hallmarks": "fairness, necessity to the reorganization, and specific factual findings to

---

[1] IRS is objecting to the third party releases in an abundance of caution. Article XI(J) of

2

support these conclusions." Id. at 214; see also In re: Wash. Mut., Inc., 442 B.R. 314, 351-52 (Bankr. D. Del. 2011) (collecting cases). This Court has interpreted Continental's holding on non-debtor releases to mean that "limiting the liability of non-debtor parties is a *rare thing that should not be considered absent a showing of exceptional circumstances* in which several key factors are present." In re Genesis Health Ventures, Inc., 266 B.R. 591, 608 (Bankr. D. Del. 2001) (emphasis added). This Court has previously held that a non-debtor release over a creditor's objection "would not pass muster." Wash. Mut., 442 B.R. at 352 ("This Court has previously held that it does not have the power to grant a third party release of a non-debtor."). Where this Court has even contemplated approval of a non-consensual release, it has required the following factors be present to justify the "rare" release: "(1) the non-consensual release was necessary to the success of the reorganization, (2) the releasees have provided a critical financial contribution to the debtor's plan, (3) the releases' financial contribution is necessary to make the plan feasible, and (4) the release is fair to the non-consenting creditors, i.e., whether the non-consenting creditors received reasonable compensation in exchange for the releases." In re Tribune Co., 464 B.R. 126, 177-78 (Bankr. D. Del. 2011); see also Genesis Health Ventures, 266 B.R. at 607-09. 52. Here, setting aside the question of whether the debtors have made such a showing against all creditors generally (and they have not), the debtors make no adequate showing of a single factor, let alone all of the Tribune */* Genesis factors, that justifies the extraordinary release of non-debtors with respect to their potential liability to the IRS.

Moreover, the IRS objects to the third party releases on the ground that the Bankruptcy Court cannot assert subject matter jurisdiction over claims that have not been identified. Thus, a proceeding solely between non-debtor parties based on non-bankruptcy law can only be heard by

---

the Plan contains certain caveats that are of concern to the IRS.

Bankruptcy Courts under "related to" jurisdiction, and then only "if the outcome could alter the debtors' rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); see *also Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5, 115 S.Ct. 1493, 131 L.Ed. 2d 403 (1995) ("Proceedings 'related to' the bankruptcy include…suits between third parties which have an effect on the bankruptcy estate.")." Here, the debtors have failed to specifically identify, much less establish Bankruptcy Court jurisdiction over, any of the transactions between the vast number of entities that are the Releasing Parties in the Plan. *In re Millennium Lab Holdings II, LLC*, 242 F.Supp. 3d 322, 327(D. Del. 2017), *remanded to* 575 B.R. 252 (Bankr.D. Del. 2017), *appeal docketed*, No. 17-01461-LPS (D. Del. Oct. 17, 2017).

5. IRS objects to the Plan to the extent it fails to preserve the setoff and recoupment rights of the United States. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States

can setoff mutual prepetition debts and claims as well as postpetition debts and claims. <u>Zions First Nat'l Bank, N.A. v. Christiansen Bros.</u> (<u>In re Davidson Lumber Sales, Inc.</u>), 66 F.3d 1560, 1569 (10th Cir. 1995); <u>Palm Beach County Bd. Of Pub. Instruction</u> (<u>In re Alfar Dairy, Inc.</u>), 458 F.2d 1258, 1262 (5th Cir.), <u>cert.</u> <u>denied</u>, 409 U.S. 1048 (1972); <u>Mohawk Indus., Inc. v. United States</u> (<u>In re Mohawk Indus., Inc.</u>), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, <u>United States v. Maxwell</u>, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," <u>id.</u> at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," <u>Bohack Corp. v. Borden, Inc.</u>, 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." <u>Niagara Mohawk Power Corp. v. Utica Floor Maintenance, Inc.</u> (<u>In re Utica Floor Maintenance, Inc.</u>), 41 B.R. 941, 944 (N.D.N.Y. 1984); <u>see also New Jersey Nat'l Bank v. Gutterman</u> (<u>In re Applied Logic Corp.</u>), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. <u>In re Whimsy, Inc.</u>, 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

    6. IRS objects to Article III(A)(2) of the Plan to the extent the Plan fails to provide for

the payment of interest on IRS administrative expense claims. See 11 U.S.C. Section 503(b)(1)(C) and Section 511; United States v. Friendship College, Inc., 737 F.2d 430 (4th Cir. 1984); In re Mark Anthony Construction, Inc., 886 F.2d 1101 (9th Cir. 1989).

7. If the IRS priority tax claims are not paid in full in cash on the Effective Date, the IRS objects to Article III(A)(3) of the Plan to the extent these provisions fail to comport with 11 U.S.C. Section 1129(a)(9)(C) and Section 511 by not providing for the payment of an adequate rate of interest from the Effective Date on such claims.

8. Article VI of the Plan contains provisions that mandate certain treatment of transactions "for tax purposes". The IRS objects to the Plan to the extent that the debtors seek any prospective tax relief, including, but not limited to: the characterization of any transaction authorized by or contemplated by the Plan or the valuation, for tax purposes, of any assets of the Bankruptcy Estate.

9. The IRS objects to the discharge provisions in the Plan to the extent it discharges debts described in 11 U.S.C. Section 1141(d)(6).

10. The IRS objects to Article X of the Plan to the extent that it provides for the retention of exclusive jurisdiction over matters involving the IRS. See 28 U.S.C. 1334(b). "Retention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket. Subject matter jurisdiction "cannot be conferred by consent" of the parties. Coffin v. Malvern Fed. Sav. Bank, 90 F.3d 851, 854 (3d Cir. 1996). Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement even in a plan of reorganization." Resorts International, Inc., v. Price Waterhouse & Co., LLP, 372 F.3d 154, 161 (3d Cir. 2004).

While "the bankruptcy court plainly [may retain] jurisdiction to interpret and enforce its

own prior orders," *Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195, 2205 (2009), it may not divest other courts of their concurrent jurisdiction to interpret bankruptcy court orders. Rather, if for example, the IRS, post-confirmation, asserts liabilities in a non-bankruptcy court of competent jurisdiction, that court may hear and determine all issues raised in the action, including whether the defendant can rely on the confirmation order as an affirmative defense. Adjudication of such a defense is a proceeding over which the bankruptcy court, as a unit of the district court, has "original but not exclusive jurisdiction." 28 U.S.C. § 1334(b) (emphasis added); *see also Stern v. Marshall*, 131 S.Ct. 2594 (2011); *In re Mystic Tank Lines Corp.*, 544 F.3d 524 (3d Cir. 2008) ("No provision of the Bankruptcy Code requires the Bankruptcy Court to hear all 'related to' claims . . . the only aspect of the bankruptcy proceeding over which the district courts and their bankruptcy units have exclusive jurisdiction is 'the bankruptcy petition itself.'") (citing In re Wood, 825 F.2d 90, 92 (5th Cir.1987)); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 224-225 (3d Cir. 2004), *as amended* (Feb. 23, 2005) ("Section 105(a) permits a bankruptcy court to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions' of the Bankruptcy Code. But as the statute makes clear, § 105 does not provide an independent source of federal subject matter jurisdiction."); *In re Skyline Woods Country Club*, 636 F.3d 467 (8th Cir. 2011); *Whitehouse v. LaRoche*, 277 F.3d 568, 576 (1st Cir. 2002).

11. IRS objects to Article IX(M) of the Plan to the extent that this provision bars creditors from amending timely filed proofs of claim for any reason in accordance with applicable bankruptcy law. The Plan provides that claims amended after the Effective Date without prior authorization from the Bankruptcy Court or the Liquidation Trustee shall be disallowed in full and expunged without any further action. The debtors have not filed federal tax returns, forcing

7

the IRS to estimate many of its proofs of claim. Assuming the debtors comply with federal law and file their tax returns, IRS will have to amend its claims and it should not be put in a position where amended claims are automatically expunged.

12. IRS objects to the treatment of its claims in Article XI(F) and elsewhere in the Plan as a Bankruptcy Rule 9019 settlement. The IRS is unable to determine the amount of its claims in this case as the result of the debtors not filing federal tax returns. The IRS is not consenting to the compromise or settlement of its claims and this provision is unfairly prejudicial to the rights of the IRS. Section 1123(b)(3)(A) of the Bankruptcy Code provides for the settlement or adjustment of any claim belonging to the debtors or to the estate. The debtors here are not settling their own claims but instead are attempting to settle the unknown claims of unknown creditors without providing adequate notice. The United States has not been afforded an adequate opportunity to determine its claims much less have such claims be settled for a cash amount determined as sufficient by the debtors. The IRS filed protective estimated claims in these cases but under the settlement provisions of the Plan, the debtors could conceivably argue that the IRS has settled its claim for the estimated amount. By virtue of the Plan process, the IRS does not waive sovereign immunity and has not consented to the compromise or settlement of its claims and this provision is unfairly prejudicial to the rights of the IRS.

**WHEREFORE,** the United States respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

                                        DAVID C. WEISS
                                      United States Attorney

BY:   */s/ Ellen Slights*
        Ellen W. Slights (DE Bar No. 2782)
        Assistant United States Attorney
        Telephone 302-573-6277
        Facsimile 302-573-6431

Dated: April 17, 2018          Ellen.Slights@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PATRIOT NATIONAL, INC., *et al.,* | : | Case No. 18-10189 (KG) |
| | : | |
| | : | Hearing Date: April 24, 2018, at 11:00 AM |
| Debtors. | : | Objections Due: April 13, 2018, at 4:00 PM |
| | : | extended to April 17, 2018 |
| | : | |

## AFFIDAVIT OF SERVICE

I HEREBY CERTIFY that on April 17, 2018 a copy of the OBJECTION BY THE UNITED STATES TO THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION was served on the following in the manner indicated below:

Patriot National, Inc.
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, FL 33301
Attn: Gex F. Richardson
VIA FIRST CLASS MAIL

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Attn: Kathryn A. Coleman and Christopher Gartman
VIA EMAIL: katie.coleman@hugheshubbard.com;
chris.gartman@hugheshubbard.com

Pachulski Stang Ziehl &Jones
919 North Market Street, 17th Floor
Wilmington, DE 19801
Attn: Laura Davis Jones
VIA EMAIL: ljones@pszjlaw.com

Office of the U.S. Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Attn: Linda Casey
VIA EMAIL: Linda.Casey@usdoj.gov

Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Attn: Adam C. Harris and Tae Kim
VIA EMAIL: adam.harris@srz.com; tae.kim@srz.com

Landis Rath & Cobb LLP
919 North Market Street, Suite 1800
Wilmington DE 19801
Attn: Adam G. Landis
VIA EMAIL: Landis@lrclaw.com

*/s/ Kimberly Rechner*
Kimberly Rechner