# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| PATRIOT NATIONAL, INC., *et al.*,[1] ) | Case No. 18-10189 (KG) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | **Objection Deadline: April 13, 2018 at 4:00 p.m. (ET)[2]** |
| ) | **Hearing Date: April 24, 2018 at 11:00 a.m. (ET)** |
| ) | |
| ) | **Related to Docket No. 471** |

## LIMITED OBJECTION OF CVI INVESTMENTS, INC., TO CONFIRMATION OF DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

CVI Investments, Inc. ("CVII"), by its undersigned attorneys, hereby files this Limited Objection to confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization [D.I. 471] (as such may be amended, supplemented, or modified, the "Plan"). In support of this Objection, CVII states the following:

### Procedural and Factual Background

1. On April 14, 2016, CVII commenced a civil action against Debtor Patriot National, Inc., ("Patriot") in the United States District Court for the Southern District of New York (the "District Court"), Case No. 1:16-cv-02787-GBD (the "District Court Action").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] The deadline for CVI Investments, Inc. to object to confirmation of the Plan was extended to April 17, 2018 at 4:00 p.m. by consent of the parties.

2. In the District Court Action, CVII asserts breach of contract claims against Patriot arising from Patriot's breach of its obligations under the terms of both a Series B Warrant and a Series A Warrant (the "Warrants") issued to CVII by Patriot in connection with CVII's $13.5 million purchase in December 2015 of restricted Patriot common stock from Patriot's then Chief Executive Officer, Steven Mariano ("Mariano").

3. CVII complied in all respects with its obligations under the transaction agreements that led to the issuance of the warrants; however, on April 5, 2016, when CVII submitted to Patriot an Exercise Notice pursuant to the terms of the Series B Warrant seeking the issuance of 250,000 shares of Patriot stock (the "Series B Exercise Notice"), Patriot refused to issue shares. Similarly, on August 1, 2016, when CVII submitted to Patriot an Exercise Notice pursuant to the terms of the Series A Warrant seeking the issuance of 100,000 shares of Patriot stock (the "Series A Exercise Notice"), Patriot refused to issue shares.

4. At this time, CVII has not asserted any claims against Mariano or any other of the Debtors' current or former officers or directors, but CVII may assert claims against such individuals in the future.

5. On January 30, 2018 (the "Petition Date"), Patriot and certain affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The commencement of Patriot's bankruptcy case stayed CVII's claims against Patriot in the District Court Action.

6. On February 7, 2018, the Debtors filed a Motion to (I) Compel Mediation of Claims Against Debtors' Directors and Officers and (II) Temporarily Stay Related Litigation

Pending the Outcome of Mediation [D.I. 93] (the "Mediation Motion"). On February 28, 2018, this Court entered an Order granting the Mediation Motion, the result of which was to stay for a period of 90 days all litigation in, among other things, the District Court Action, including Patriot's one remaining counterclaim against CVII.

## Limited Objection to the Exculpation Provisions of the Plan

7. Article XI.H of the Plan contains a broad exculpation provision that exculpates the Exculpated Parties[3] from any liability to any holder of a Claim or Cause of Action related to or arising out of, among other things, "any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtors or the administration of the Plan or the property to be distributed under the Plan." Plan, Art. XI.H. at p. 47. The term "Exculpated Parties" is defined to include the Debtors "and their current officers, directors, and employees." Plan, Def. 61 at p. 7.

8. This exculpation language is ambiguous and could be misused by the Debtors' officers and directors to attempt to defend against claims that CVII may have based on the facts, circumstances, and transactions that are the subject of the pending District Court Action. Such a result would transform the exculpation provisions into an improper non-consensual third party release of non-estate fiduciaries for prepetition acts or omissions even though there is no valid basis for granting such broad releases in this case and creditors such as CVII have not been provided an opportunity to opt out of those releases. *In re Continental Airlines*, 203 F.3d 203, 213-14 (3d Cir. 2000); *In re Indianapolis Downs*, 486 B.R. 286, 303 (Bankr. D. Del. 2013); *In re Spanson*, 426 B.R. 114, 144-46 (Bankr. D. Del. 2010); *In re Coram Healthcare*, 315 B.R. 321,

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

327 (Bankr. D. Del. 2004) (*citing In re PWS Holding Corp.*, 228 F.2d 224, 236-37 (3d Cir. 2000) (exculpation must be limited to postpetition activity)); *In re Exide Techs.*, 303 B.R. 48, 75 (Bankr. D. Del. 2003) (exculpation impermissible because it released liability for prepetition activities); *In re PTL Holdings,* LLC, 2011 WL 5509031 *12 (Bankr. D. Del. 2011).

9. As a result, the Plan should be amended to make clear that the exculpation provision does not release, waive, exculpate or otherwise limit the liability of any current or former director and/or officer of Patriot or any other person or entity that is an Exculpated Party (other than the Debtors), for his, her or its actions or inactions with respect to Patriot that, prior to the Petition Date, were asserted against certain of the Exculpated Parties in, or may be asserted in the future against certain of the Exculpated Parties based on the facts, circumstances, and transactions that are the subject of the District Court Action. Alternatively, language to this effect should be included in the Confirmation Order.

**Limited Objection to the Injunction Provisions of the Plan**

10. Courts have consistently held that Section 553 takes precedence over the discharge of Section 1141 and that plan confirmation should not be used to eliminate a party's right to setoff. *See Carolco Television Inc. v. Nat'l Broadcasting Co. (In re De Laurentiis Entertainment Group Inc.),* 963 F.2d 1269 (9th Cir. 1992), *cert denied* 506 U.S. 918 (1992) (setoff rights survive plan confirmation); *see also In re Luongo*, 259 F.3d 323, 333 (5th Cir. 2001). The same analysis applies to recoupment, which is similarly unaffected by a debtor's discharge. *See In re Madigan*, 270 B.R. 749, 754 (9th Cir. BAP 2001); *see also*, *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 257 - 261 (3d Cir. 2000) (recoupment defense survives free and clear sale of debtor's assets).

4

11. Nevertheless, the last portion of the last sentence of Article XI.I of the Plan provides that "nothing contained in the Plan shall be construed to prevent any person from defending against Claims Objections or collection actions whether by asserting a right of setoff or otherwise to the extent permitted by law." Plan, Art.XI.I at p. 48. The language preserving the right to use Claims that Creditors may hold defensively in connection with Claim Objections and collection actions is too narrow and improperly limiting of a right that properly survives discharge. This concern is heightened in this case in light of the counterclaim that Patriot has filed in the District Action against CVII and in other pending actions.

12. Creditors should generally be permitted to use their Claims and Causes of Action defensively and, accordingly, the last part of the last sentence of Article IX.I. should be revised to state: "provided, further, that nothing contained in the Plan shall be construed to prevent any Person from asserting Claims as a defense against Claim Objections, collection actions, or any other Causes of Action, whether by asserting a right of setoff, recoupment, or other defense to the extent permitted by law." Alternatively, language to this effect should be included in the Confirmation Order.

WHEREFORE, CVI Investments, Inc. requests that this Court enter an Order requiring the Debtors to revise the exculpation and injunction provisions of the Plan as a condition to confirmation and grant such other and further relief as is just and proper.

Dated: April 17, 2018
Wilmington, Delaware

Respectfully submitted,

*/s/ Matthew G. Summers*
Matthew G. Summers, Esq. (DE No. 5533)
Laurel D. Roglen, Esq. (DE No. 5759)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4428
Facsimile: (302) 252-4466
E-mail: summersm@ballardspahr.com
         roglenl@ballardspahr.com

*Counsel for CVI Investments, Inc.*