# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*<br><br>**PATRIOT NATIONAL, INC.,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case No. 18-10189 (KG)<br>(Jointly Administered)<br><br>Hearing Date: April 24, 2018 at 11:00 AM<br>Objection Deadline: April 18, 2018 at 4:00 PM<br>**(extended by agreement)**<br><br>Re: D.I. Nos. 471, 585 |

## JOINDER AND OBJECTION TO CONFIRMATION OF PLAN

Certain members of the board of directors (the "Board") and a former officer of Patriot National, Inc. (collectively, the "Objecting Parties"),[2] hereby file their joinder and objection (the "Objection") to confirmation of the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization*, dated March 30, 2018 [ECF No. 471] (the "Plan"),[3] and in the support of the Objection, the Objecting Parties respectfully state as follows:

1. The relationship among the Debtors and the Objecting Parties, as well as various lawsuits that have been filed, and claims that have been alleged, against the Objecting Parties, is

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] The Objecting Parties are Sean M. Bidic, M.D.; Terry L. Coleman; Ernst N. Csiszar; Glenn T. Hibler; John R. Del Pizzo; and Thomas C. Shields.

[3] The Objecting Parties believe that the Board has not yet been asked to approve or authorize the filing of the current version of the Plan.

set forth in detail in the *Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs Under Directors and Officers Liability Policies*, dated March 21, 2018 [ECF No. 355], which was granted on April 2, 2018 [ECF No. 479]. A description of the pending litigations and the parties thereto is also set forth in the *Debtors' Motion to (I) Compel Mediation of Claims Against the Debtors' Directors and Officers and (II) Temporarily Stay Related Litigation Claims Pending the Outcome of the Mediation*, dated February 7, 2018 [ECF No. 93], which was granted on February 28, 2018 [ECF No. 256].[4]

2. Initially, the Objecting Parties hereby join in and adopt the *Objection of Austin Shanfelter, James O'Brien, Michael Purcell, and Jeffrey Rohr to Debtors' Third Amended Joint Plan of Reorganization*, dated April 16, 2018 [ECF No. 585] (the "Former Directors Objection"), solely to the extent related to the Release Provision and the Injunction Provision (as such terms are defined in the Former Directors Objection). See Former Directors Objection, ¶¶ 6-10. The Objecting Parties are similarly concerned that the purported "limited" release in Section XI.G of the Plan may actually apply more broadly to release claims and/or bar rights and defenses of third parties, despite representations that all third-party releases were eliminated from the Plan.

3. In addition, the Objecting Parties object to confirmation of the Plan because the Plan may not provide for the payment in full of all administrative claims, in violation of Bankruptcy Code § 1129(a)(9)(A) (requiring that holders of administrative claims must receive on the effective date "on account of such claim cash equal to the allowed amount of such claims"). The Board has not yet been provided with a budget through the effective date that

---

[4] The Court-ordered mediation began today. Based on the progress of the mediation, it may be appropriate for thisCourt to adjourn the confirmation hearing to make sure all potential benefits of confirmation and the bankruptcy process are able to be used to maximize estate recoveries and/or facilitate a consensual resolution of various disputes related to the Debtors and other parties.

2

provides for the payment of various administrative claims, including unpaid directors' fees of approximately $140,000 to $185,000.[5]

4. Moreover, the Plan does not provide for the purchase of a "tail" directors and officers liability policy to cover claims that have not yet been asserted against the Debtors' directors and officers,[6] which would provide customary and appropriate protections for such directors and officers. Purchasing such a tail policy is common in Chapter 11 cases and could help increase potential recoveries for creditors under the Plan. Indeed, as the Debtors and the creditors' committee have acknowledged during these cases, the potential proceeds of the directors and officers insurance policies constitute valuable assets of the Debtors that should be protected. See *Debtors' Response to Motions for Relief From the Automatic Stay to Allow Payment and/or Advancement of Defense Costs*, dated March 28, 2018 [ECF No. 453], ¶ 3 ("some of the proceeds of [the directors and officers policies] could be a source of significant recovery to the unsecured creditors in this matter"); *Omnibus Objection of the Official Committee of Unsecured Creditors to Motions for Relief from the Automatic Stay to Allow Payment and/or Advancement of Defense Costs*, dated March 28, 2018 [ECF No. 454], ¶ 1 ("proceeds of the subject D&O Policies may comprise a substantial recovery for unsecured creditors in these cases").

---

[5] To the extent there are other unaccounted for administrative and/or priority claims, it is possible that the Plan also might not be feasible under Bankruptcy Code § 1129(a)(11).

[6] In any event, the Debtors should release all unasserted estate claims against their directors and officers.

## CONCLUSION

**WHEREFORE,** for the reasons set forth above, the Objecting Parties respectfully request that the Court deny confirmation of the Plan or, alternatively, delay consideration thereof, and grant such other and further relief as is appropriate under the circumstances.

Dated: April 18, 2018

CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Henry E. Gallagher, Jr. (#495)
Jeffrey C. Wisler (#2795)
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 888-6258
Facsimile: (302) 658-0380
Email: hgallagher@connollygallagher.com
      jwisler@connollygallagher.com

and

CAHILL GORDON & REINDEL LLP

Joel H. Levitin, Esq.
Richard A. Stieglitz Jr., Esq.
Cahill Gordon & Reindel LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
Email:   jlevitin@cahill.com
         rstieglitz@cahill.com

*Attorneys for Sean M. Bidic, M.D.; Terry L. Coleman; Ernst N. Csiszar; Glenn T. Hibler; and Thomas C. Shields*

and

RICHARDS, LAYTON & FINGER, P.A.

/s/ Michael J. Merchant
Samuel A. Nolan (#971)
Michael J. Merchant (#3584)
Marcos A. Ramos (#4450)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: nolen@RLF.com

*Attorneys for John R. Del Pizzo*