# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*,[1] | ) Case No. 18-10189 (KG) |
| Debtors. | ) (Jointly Administered) |
| | ) **RE: D.I. 382 & 473** |

## OBJECTION OF STARSTONE NATIONAL INSURANCE COMPANY TO PROPOSED CURE AMOUNT AND RESPONSE TO PLAN OF REORGANIZATION

StarStone National Insurance Company f/k/a Torus National Insurance Company ("StarStone") hereby submits this objection (the "Objection") to the cure amount listed in the Assumption Schedule [D.I. 473-5] ("Assumption Schedule") and in response to the Debtors' Plan.[2] In support thereof, StarStone respectfully states as follows:

## BACKGROUND

1. On or about April 14, 2014, Patriot entered into a Broker Agreement ("Broker Agreement") with Torus U.S. Services, Inc. ("Torus US"), as servicing agent for Torus Specialty Insurance Company ("Torus Specialty") and Torus National Insurance Company ("Torus

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CW (Benefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

[2] *Debtors' Second Amended Joint Chapter 11 Plan of Reorganization* [D.I. 382] ("Plan").

National") pursuant to which Patriot was authorized to place contracts of insurance with Torus Specialty and Torus National. Torus National Insurance Company changed its name to StarStone National Insurance Company on or about September 21, 2015.

2. Pursuant to the Broker Agreement, StarStone would issue policies on behalf of Patriot. StarStone would receive premiums and then pay commissions to Patriot. In the ordinary course of business, each month, StarStone would setoff amounts StarStone owed Patriot against amounts Patriot owed to StarStone, and then issue an invoice if Patriot owed StarStone a net amount. If StarStone owed Patriot, however, StarStone would issue a check to Patriot.

3. That practice stopped when Patriot filed for bankruptcy protection on January 30, 2018. As of the petition date, Patriot owed StarStone $197,950.63 while StarStone owed Patriot $137,059.83 with respect to workers' compensation policies. Applying the setoff in accordance with the ordinary course of business, common law setoff rights, and the parties' agreements, the net result is that Patriot owes StarStone $60,890.80. Additionally, as of the petition date, Patriot owed StarStone $116,911.72 with respect to non-workers' compensation policies.

4. StarStone filed a proof of claim reflecting these amounts. *See* Proof of Claim #182. No objection to the proof of claim has been filed.

5. On March 14, 2018, the Debtors filed their Second Amended Plan. Pursuant to the Plan, "except for the Executory Contracts and Unexpired Leases listed on the Assumption Schedule," executory contracts are being rejected. Plan Article VII.A.1. On March 30, 2018, the Debtors filed the Assumption Schedule [D.I. 473-5]." The Broker Agreement is identified as an executory contract to be assumed:

| Row No. | Debtor Party to the Agreement | Non-Debtor Counterparty to the Agreement | Counterparty Address | Agreement | Proposed Cure |
|---|---|---|---|---|---|
| 255. | Patriot Underwriters, Inc. | Torus U.S. Services, Inc. | 190 South LaSalle Suite 1400 Chicago, IL 60603 | Broker Agreement | $0.00 |

Assumption Notice p. 27.

## OBJECTION

6. StarStone does not object to assumption of the Broker Agreement. However, the Assumption Schedule lists the incorrect cure amount. The "Proposed Cure" is listed as $0.00 rather than the amounts owed to StarStone.

7. StarStone is currently in discussions with the Debtors in an attempt to reconcile the amount due and is hopeful the parties can reach a resolution. However, in the absence of an agreement, StarStone files this Objection in order to fully reserve its rights and remedies in the matter.

8. The Bankruptcy Code provides that, if there has been a default in an executory contract, the debtor may not assume such executory contract unless, at the time of assumption, the debtor "cures, or provides adequate assurance that [it] will promptly cure, such default." 11 U.S.C. § 365(b)(1).

9. Here, as set forth above, the Debtors owe StarStone $197,950.63 with respect to workers compensation policies and $116,911.72 with respect to other than workers compensation policies. Thus, the cure amount should be listed as $314,862.35. However, StarStone does not oppose assumption of the Broker Agreement such that Patriot would not make a full payment of that amount immediately. StarStone is agreeable to assumption whereby the parties would return to their ordinary course of business where amounts owed by one are set

off against amounts owed by the other, regardless of when those amount arose, such that Patriot would only pay any net balance due in the ordinary course of the parties' business.

## **RESERVATION OF RIGHTS**

10. Pursuant to the Plan, the injunction will prevent the exercise of setoff rights or subrogation rights "unless such Person has timely asserted such setoff or subrogation right prior to Confirmation in a document filed with the Bankruptcy Court explicitly preserving such setoff or subrogation." Plan Article XI.I.

11. StarStone explicitly reserved its setoff rights in the proof of claim it filed. For the avoidance of doubt, StarStone explicitly asserts and preserves all rights to setoff, recoupment and/or subrogation.

12. StarStone reserves the right to raise any further objection to the proposed Assumption and cure of agreements to which it is a counterparty and to raise any objection to the Plan and to assert that further amounts are due and owing post-petition that must be cured.

WHEREFORE, StarStone requests that the Court (i) find that the cure amount is $314,862.35, (ii) authorize assumption of the Broker Agreement, (iii) authorize StarStone and the Debtors to continue to exercise setoff in the ordinary course of business, regardless of when such amounts arose, including with respect to the cure amount, and (iv) grant such further relief as the Court deems just and proper.

Dated: April 20, 2018     **ELLIOTT GREENLEAF, P.C.**
Wilmington, Delaware

*/s/ Shelley A. Kinsella*
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Eric M. Sutty (DE Bar No. 4007)
Shelley A. Kinsella (DE Bar No. 4023)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400

4

Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: ems@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com

-and-

Joshua R. Taylor
Special Counsel
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036
Direct: (202) 429-0281
Facsimile: (202) 261-0658
Email: jrtaylor@steptoe.com

*Co-Counsel to StarStone National Insurance Company, StarStone Specialty Insurance Company, Torus National Insurance Company, Torus a Specialty Insurance Company, and Torus U.S. Services, Inc.*