## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Patriot National Inc., et al., | ) | Case No. 18-10189(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: D.I. Nos. 632, 686 and 688** |

## ORDER

**WHEREAS:**

A.  The Fourth Amended Plan of Reorganization which the Court confirmed on April 24, 2018, subject to entry of an Order, provides at Article X that the Court has "exclusive jurisdiction" to adjudicate claims and litigation "arising out of, and related to, the Chapter 11 Cases and the Plan . . . ." The Court has received two objections to the Court's exclusive jurisdiction set forth in the Plan. The Objecting Parties are the Insurance Commissioner of the State of Delaware as the Receiver (the "Delaware Receiver") of Ullico Casualty Company in Liquidation ("Ullico Casualty"), and the Florida Department of Financial Services, Division of Rehabilitation and Liquidation (the "Department"), as Receiver of Guarantee Insurance Company (the "Florida Receiver").

B.  The Delaware Receiver and the Florida Receiver argue strenuously that the Court does not have exclusive jurisdiction. First, the Court cannot order in advance that it retains exclusive subject matter jurisdiction over claims and litigations not yet commenced. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F. 3d 412, 418 (3d Cir. 2010). In

addition, the Delaware Receiver and the Florida Receiver argue that the Court has limited jurisdiction, only over matters which could affect the bankruptcy estate. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Retention of jurisdiction provisions in plans of reorganization do not permit a bankruptcy court to assume jurisdiction it otherwise does not have. *Blinder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F. 3d 154, 161 (3d Cir. 2004).

C. The Debtors argue correctly, and the Court finds, that the objection is premature because there presently is no litigation between the Delaware Receiver / Ullico Casualty and the Florida Receiver, and the Debtors. The Court will be able to address the substance of the objections if litigation is commenced and a party objects to the Court's jurisdiction.

D. Further, the Court's retention of exclusive jurisdiction has the benefit of centralizing all potential litigations which the Litigation Trustee might institute.

E. Finally, the Court's retention of exclusive jurisdiction preserves the Court's jurisdiction over core matters, but has no effect on the administration of Delaware or Florida insurance law or the order appointing the Florida Receiver or the Delaware Receiver. The McCarran-Ferguson Act does not deprive a federal court of its valid jurisdiction. *In re Ames Dep't Stores, Inc.*, 542 B.R. 121, 151 (Bankr. S.D.N.Y. 2015).

NOW THEREFORE:

The Court therefore finds that the Court's retention of exclusive jurisdiction does not, at the moment, prejudice any party. Nonetheless, in order to bring an Order into conformity with law addressing the Court's jurisdiction, IT IS ORDERED that the Order shall contain language making it clear that the Court's retention of jurisdiction is subject to objection by a party which believes its rights not to be named in claims or litigation before the Court, or its rights to institute claims or litigation in another forum, is being infringed upon. Similarly, Debtors will be entitled to seek to enjoin claims or litigation initiated outside of the Court's jurisdiction. The remaining matters which the Florida Receiver raised, i.e. submission to jurisdiction by filing a proof of claim and the extinguishment of setoff rights are not properly before the Court.

Dated: May 2, 2018

_____
KEVIN GROSS, U.S.B.J.