IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 18-10189 (KG) <br> ) (Jointly Administered) <br> ) <br> ) RE: Docket No. 93, 256, and 677 <br> ) <br> ) **Hearing Date: May 15, 2018 at 2:00 p.m.** <br> ) **Objection Deadline: May 8, 2018 at 4:00 p.m.** |
| PATRIOT NATIONAL, INC., *et al.*,[1] |  |
| Debtors. |  |

**THE CLASS ACTION PLAINTIFFS' RESPONSE IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER (I) EXTENDING THE TEMPORARY STAY OF LITIGATION OF CLAIMS AGAINST THE DEBTORS' DIRECTORS AND OFFICERS AND (II) DETERMINING THAT THE DEBTORS HAVE SATISFIED ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS UNDER THE DEBTORS' DIRECTORS AND OFFICERS INSURANCE POLICIES**

Henry Wasik and Aric McIntire (together, the "Class Action Plaintiffs"), plaintiffs in *Wasik v. Mariano, et al.*, C.A. No. 12953-VCL (Del. Ch.) and *McIntire, et al. v. Mariano, et al.*, No. 0:18-CV-60075-BB (S.D. Fla.), submit this response in support of *Debtors' Motion for an Order (I) Extending the Temporary Stay of Litigation of Claims Against the Debtors' Directors and Officers and (II) Determining that the Debtors have Satisfied Alternative Dispute Resolution Requirements Under the Debtors' Directors and Officers Insurance Policies* (the "Motion," Docket No. 677) and in support thereof state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

1

1. Prior to the commencement of the Debtors' Chapter 11 proceedings, the Class Action Plaintiffs participated in mediation sessions during the summer and fall of 2017 concerning the resolution of their claims against the Debtors, certain of the Debtors' directors and officers (the "D&Os"), and other third parties. The 2017 mediation sessions alerted the Class Action Plaintiffs to the rapidly depleting insurance proceeds that were potentially available to resolve their claims against both the Debtors and their D&Os. That situation has worsened as cases continue to be filed against the Debtors' D&Os, including ones that appear to have no merit and will serve no purpose except to further drain the available insurance policies.

2. Accordingly, after the Debtors filed for relief under Chapter 11 and moved for an order compelling mediation and a corresponding stay of these proceedings (*see* Docket No. 93), the Class Action Plaintiffs did not oppose their motion (*see* Docket No. 137). Ultimately, on February 28, 2018, this Court entered an order compelling the mediation of certain claims against the D&Os and staying certain litigations pending the outcome of the mediation (the "Mediation Order," Docket No. 256).

3. Pursuant to the Mediation Order, the Class Action Plaintiffs participated at the mediation that took place on April 18 and 19, 2018 in New York City (the "Mediation"). While a resolution was not reached at the Mediation, the Class Action Plaintiffs believe that a possibility exists for an agreement to be reached among the parties if they are given additional time. To this end, the Class Action Plaintiffs agree with the Debtors that a sixty-day extension of the current stay is appropriate and would provide the parties additional time to mediate without unduly delaying the prosecution of the stayed litigations. *See* Mot. at ¶¶ 22–30.

4. A successful mediation would save the time, money, and resources of the Court and all parties, as well as enhance any recoveries for creditors and investor plaintiffs who have

claims covered by the Debtors' and D&Os' insurance policies. By extending the stay, the Court will ensure that the parties are focused on Mediation and a potential resolution as opposed to potentially unnecessary litigation of their respective claims.

5. As the Debtors correctly note, a sixty-day extension of the Mediation Order's current stay will not prejudice the stayed litigants, and the potential upside of extending that stay—a resolution of the stayed actions—far exceeds any detriments to extending it. An extension of the stay will continue to preserve the insurance policies at issue, which likely will be quickly depleted if the multiple litigations are actively pursued. *See id.* at ¶¶ 22–23.

6. The Class Action Plaintiffs also support the Debtors' request for the Court to enter an order determining that the Debtors have satisfied the alternative dispute resolution requirements under the primary insurance policies at issue, notwithstanding the Mediation having occurred in New York rather than Florida. As outlined in greater detail in the Debtors' Motion, the insurers both supported and attended the Mediation. It is a waste of everyone's time and money to require a third mediation in Florida despite the fact that the Mediation satisfied all the guidelines set forth in those primary insurance policies except that it did not take place in Florida. *See id.* at ¶¶ 24–30. Moreover, should the Court grant the Motion, the Class Action Plaintiffs respectfully request that any additional mediation sessions occur in whatever locations are most convenient and efficient for the majority of the parties.

7. Finally, the Class Action Plaintiffs support extending the Mediation Order to cover and stay a newly filed action, *Von Allmen v. Mariano et al.*, CACE18009291 (Fla. Broward County Ct.) (the "Von Allmen Action"), which will draw upon the insurance policies absent the Mediation Order being extended to cover it. Moreover, the Class Action Plaintiffs are concerned that this lawsuit lacks merit, and, as such, will only serve as another improper drain on

the relevant insurance policies.  By extending the stay to include the Von Allmen Action, the Court will ensure that all the litigations drawing on the D&O insurance policies are treated equally and not allow the last-filed litigation to drain the D&O insurance policies at the expense of the stayed litigants.

8. Accordingly, the Class Action Plaintiffs support the Debtors' Motion, and respectfully request that the Court grant the Debtors' Motion with specific instructions that the Mediation Order applies to the Von Allmen Action, and that any further mediation sessions can take place in locations that are most convenient for the majority of the parties attending that session.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 8, 2018

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

*Of Counsel*:

*/s/ Alexander M. Krischik*
Michael P. Kelly (DE ID #2295)
Andrew S. Dupre (DE ID #4621)
Shannon D. Humiston (DE ID #5740)
Alexander M. Krischik (DE ID #6233)
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300 (phone)
(302) 984-6399 (fax)
mkelly@mccater.com
adupre@mccarter.com
shumiston@mccarter.com
akrischik@mccarter.com

LEVI & KORSINSKY, LLP
Eduard Korsinsky (ek@zlk.com)
Amy Miller (amiller@zlk.com)
William J. Fields (wfields@zlk.com)
Jonathan Lindenfeld (jlindenfeld@zlk.com)
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500 (phone)
(212) 363-7171 (fax)

*Attorneys for Henry Wasik and Aric McIntire*

LEVI & KORSINSKY, LLP
Nicholas I. Porritt (nporritt@zlk.com)
1101 30th Street NW, Ste. 115
Washington, DC 20007
(202) 524-4290 (phone)
(202) 333-2121 (fax)