**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*, | ) ) | Case No. 18-10189 (KG) |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) ) | Re: D.I. 256, 677 |

Obj. Deadline: May 8, 2018 at 4:00 p.m.
Hearing Date: May 15, 2018 at 2 p.m.

## LIMITED OBJECTION OF CERTAIN D&O INSURERS TO DEBTORS'[1] MOTION FOR AN ORDER (I) EXTENDING THE TEMPORARY STAY OF LITIGATION OF CLAIMS AGAINST THE DEBTORS' DIRECTORS AND OFFICERS AND (II) DETERMINING THAT THE DEBTORS HAVE SATISFIED ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS UNDER THE DEBTORS' DIRECTORS AND OFFICERS INSURANCE POLICIES

National Union Fire Insurance Company of Pittsburgh, Pa., RSUI Indemnity Company, Argonaut Insurance Company, Sompo International f/k/a Endurance Reinsurance Corporation of America, and XL Specialty Insurance Company (the "D&O A/B/C Insurers"), by and through their undersigned counsel, White and Williams, hereby file this limited objection (the "Objection") to the *Debtors' Motion for an Order (I) Extending The Temporary Stay of Litigation of Claims Against the Debtors' Directors and Officers and (II) Determining that the Debtors Have Satisfied Alternative Dispute Resolution Requirements Under the Debtors' Directors and Officers Insurance Policies* (the "Motion") [D.I. 677]. In support of this Objection, the D&O A/B/C Insurers respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Patriot National, Inc. (1376); Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

1

**PRELIMINARY STATEMENT**

1.      On April 18 and 19, 2018, pursuant to the Court's *Order Pursuant to 11 U.S.C. §§ 362 and 105 and Local Rules 9019-3 and 9019-5 (I) Compelling Mediation of Claims Against the Debtors' Directors and Officers and (II) Temporarily Staying Related Litigation* (the "<u>Mediation Order</u>") (Docket No. 256), a two-day mediation session was held with respect to various claims made against various current and former directors and officers of the Debtors (the "Directors and Officers") among others, that have been the subject of notice to the directors and officers insurers, including the D&O A/B/C Policies issued to Patriot National, Inc. (the "Mediation"). The D&O A/B/C Insurers understand that the Mediation is on-going.

2.      By the Motion, Debtors seek to extend the stay of litigation imposed by the Mediation Order for an additional sixty (60) days. The D&O A/B/C Insurers do not object to that portion of the Motion.

3.      However, the D&O A/B/C Insurers[2] file this objection to the Motion to the extent the Debtors seek an order determining that, in the event the Mediation terminates without a resolution, the Debtors have satisfied the requirement in the National Union D&O A/B/C Policies that all disputes and differences arising under or in connection with the D&O A/B/C Policies be submitted to an alternative dispute resolution ("<u>ADR</u>") process.

4.      Prior to the Mediation, no one had sought to invoke the ADR clause of the National Union D&O A/B/C Policies.

---

[2] Certain insurers providing excess insurance policies to Patriot National's directors and officers (the "Excess Side A Policies") issued policies that do not follow the terms of the ADR Clause in the National Union D&O A/B/C Policies. These carriers are: Everest National Insurance Company, Westchester Fire Insurance Company and RLI Insurance Company. In addition, National Union issued Excess Side-A Policies that do not follow the ADR Clause. Patriot National is not an insured under the Excess Side A Policies.

5. Debtors are a potential claimant against the Directors and Officers. As such, Debtors have no direct right of action against the ABC D&O Insurers regarding coverage under the A/B/C D&O Policies. The ADR Clause does not concern disputes between claimants/potential claimants and insureds under the policies. On this basis, black letter law renders the motion defective. As a result, Debtors are improperly seeking an advisory opinion that the ADR clause will be deemed satisfied upon the termination of the mediation under the Mediation Order in order to advance their interests as potential claimant against the Directors and Officers, not as an Insured under the D&O A/B/C Policies. Therefore, the D&O A/B/C Insurers request that the Court deny this portion of the Motion.[3]

## BACKGROUND

6. On January 30, 2018 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On April 26, 2018, the Debtors filed the Motion.

8. The D&O A/B/C Insurers issued the following policies to Patriot National:

Policy Period January 16, 2016 to January 16, 2017
National Union    06-185-94-19
RSUI              HS666236
Argonaut          MLX 7601240-01
Sompo             FIX10006316401


Policy Period January 16, 2016 to January 16, 2017
National Union    06-680-86-39

---

[3] By filing this Objection, the D&O Insurers do not consent to the entry of final orders or judgment by the bankruptcy court. See, *Wellness Int'l. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 191 L. Ed. 2d 911 (holding that parties may consent to a bankruptcy court's constitutional jurisdiction, but that consent must be knowing and voluntary).

3

| | |
|---|---|
| RSUI | HS670803 |
| Argonaut | MLX 7601240-02 |
| XL Specialty | ELU148347-17 |

In each respective year, the excess A/B/C policies follow the terms of the primary National Union D&O A/B/C Policies, subject to any terms of the excess policies.

9. Various lawsuits against the Directors and Officers set forth in the Motion have been reported under the D&O A/B/C Policies. Prior to the Petition Date, National Union advanced certain attorneys' fees and expenses under its D&O A/B/C Policy No. 06-185-94-19 for the Policy Period of January 16, 2016 to January 16, 2017. (Exhibit A). Advancement of Defense Costs (as defined in the National Union D&O A/B/C Policies) was made on behalf of Patriot National under Insuring Agreement C(1) to the extent one or more pre-petition lawsuits qualified as Securities Claims under the National Union D&O A/B/C Policies. In addition, National Union advanced Defense Costs on behalf of Patriot National under Insuring Agreement B(1) in connection with its obligations to indemnify the Directors and Officers named as defendants in pre-petition lawsuits.

10. With the commencement of these Chapter 11 Cases, all claims against Patriot National are stayed. In addition, any indemnification of the Directors and Officers by Debtors in connection with any pre-petition claim is unlikely to happen, as recognized by the Court's April 2, 2018 *Order Granting Motions for Relief from the Automatic Stay to Allow Insurers to Pay Past and Future Defense Costs under D&O Policies* (Docket No. 479) (the "Advancement Order"). Moreover, the National Union D&O A/B/C Policies' Order of Payments provision makes clear that the Directors and Officers Loss must be paid before the Debtor's Loss, if any. (Exhibit A at 3) (the "Order of Payments Clause").

11. The D&O A/B/C Insurers agreed to participate in a global mediation of the underlying claims against the Directors and Officers. Debtors' then filed their *Motion to (I) Compel Mediation of Claims Against the Debtors' Directors and Officers and (II) Temporarily Stay Related Litigation Pending the Outcome of Mediation* (Docket No. 93) (the "Mediation Motion").

12. On February 28, 2018, this Court entered the Mediation Order.

13. Section 12.F.1 of the National Union D&O A/B/C Policies, as amended by Endorsement #1 (Amendatory Endorsement Florida) and Endorsement #30 (the "ADR Clause"), provides in relevant part:

| | |
|---|---|
| ADR Options | All disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be submitted to an alternative dispute resolution (ADR) process as provided in this clause. The Named Entity may elect the type of ADR process discussed below; provided, however, that absent a timely election, the Insurer may elect the type of ADR. In that case, the Named Entity shall have the right to reject the Insurer's choice of the type of ADR process at any time prior to its commencement, after which, the Insured's choice of ADR shall control. |
| Mediation | In the event of mediation, either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 60 days shall have elapsed from the date of the termination of the mediation… |
| ADR Rules: | In considering the construction or interpretation of the provisions of this policy, the mediator or arbitrator(s) must give due consideration to the general principles of the law of the State of Formation[4] of the Named Entity. Each party shall share equally the expenses of the process elected. Either choice of ADR process shall be commenced in the state of Florida. The Named Entity shall act on behalf of each and every Insured under this Alternative Dispute Resolution Clause. In all other respects, the Insurer and the Named Entity shall mutually agree to the procedural rules for the mediation or arbitration. In the absence of such an agreement, after reasonable diligence, the arbitrator(s) or mediator shall specify commercially reasonable rules. |

---

[4] The State of Formation is a defined term at Item 1 of the Declarations of the National Union D&O Policies. Florida is listed as the law chosen for purposes of the ADR Clause.

5

14. Prior to the Mediation, no one had sought to invoke the ADR clause of the National Union D&O A/B/C Policies.

15. As a result, prior to the Mediation no one had sought to elect which of the two alternative dispute options were preferred (arbitration or mediation).

16. The Mediation Order granted Patriot National's motion to stay all underlying litigation against the Directors and Officers and compelled those parties to a global mediation. The D&O A/B/C Insurers agreed to participate in the Mediation to assist with the potential resolution of the underlying claims. However, the Mediation Motion and the Mediation Order mention neither any "dispute or difference" with respect to the policies, indicate that Debtors were invoking the ADR clause of the policies, nor which of the alternative dispute options was being elected .

17. While the ADR Clause provides that "[t]he Named Entity shall act on behalf of each and every Insured under this Alternative Dispute Resolution Clause," there is no evidence that any Director or Officer has sought to invoke the ADR Clause in order to escalate any dispute that could exist.

18. The Debtors were clear in the Mediation Motion that they anticipated that any mediated settlement of its potential claim would likely be funded by proceeds of the D&O policies, including the D&O A/B/C Policies. Motion at ¶26. The Motion tellingly admits that the Debtors are acting on their own behalf and interests when it states the true purpose of the effort: "…in the event the Mediation is terminated without a resolution, the Debtors should be permitted to commence a judicial proceeding to resolve disputes under the D&O policies…" Motion at ¶24. But Debtors have no direct right of action against the D&O Insurers regarding

6

20862032v.1

coverage under the National Union D&O A/B/C Policies. Consequently, Debtors' entire stated basis for the Motion is fundamentally flawed.

**OBJECTION**

19. The Court should deny the Motion to the extent it seeks relief associated with the ADR Clause of the D&O Policies.

### A. The Debtors Cannot Invoke the Mediation Process in Order To Pursue Coverage Litigation Against National Union

20. The Order of Payments Clause makes clear that the Debtors' rights in the D&O A/B/C Policies are subordinate to those of the Directors and Officers. In any event, with the commencement of these Chapter 11 Cases, all claims against the Debtors are subject to the automatic stay and will be dealt with according to the plan of reorganization. In addition, any indemnification of the Directors and Officers by Debtors in connection with any pre-petition claim is unlikely to happen, as recognized by the Advancement Order. *In Re Downey Financial Corp.*, 428 B.R. 595, 606-607 (Bankr. D. Del. 2010).

21. As a result, Debtors no longer have a viable interest in the D&O A/B/C Policies as an Insured. Rather, as is clear from the Mediation Motion, Debtors' interest in the D&O A/B/C Policies is as a potential source of recovery for the Debtors' potential causes of action against the Directors and Officers.[5] That position, however, does not give the Debtors' any rights under the D&O A/B/C Policies. *In re World Health Alternatives, Inc.*, 369 B.R. 805, 811 (Bankr. D. Del. 2007). *In re Allied Digital Tech. Corp.*, 306 B.R. 505, 513 (Bankr. D. Del. 2004) ("The Trustee's real concern is that payment of defense costs may affect his rights as a plaintiff seeking to recover from the D&O Policy rather than as a potential defendant seeking to be protected

---

[5] Mediation Motion ¶ 3 (stating that the proceeds of the D&O Policies may provide meaningful recoveries to the Debtors' creditors and other stakeholders); ¶ 23 (stating that the proceeds of the D&O Policies may be the only source of recovery for the Debtors' estates); see also Mediation Reply ¶ 11.

7

by the D&O Policy. In this way, Trustee is no different than any third-party plaintiff suing defendants covered by a wasting policy").

22. As a potential claimant against the Directors and Officers, the Debtors do not have a direct right of action against the D&O A/B/C Insurers with respect to any claim they might bring against the Directors and Officers. The National Union D&O A/B/C Policies provide at Section 12.F.2:

> 2. ACTION AGAINST INSURER
>
> Except as provided in Clause 12.F.1. Alternative Dispute Resolution, no action shall lie against the Insurer unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, or until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against such Insured after actual trial or by written agreement of the Insured, the claimant and the Insurer.
>
> Any Insured or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Insurer as a party to any action against any Insured or Organization to determine the Insured's liability, nor shall the Insurer be impleaded by any Insured Person, his or her spouse or legally recognized domestic partner, any Organization or any legal representative of the foregoing.

(Exhibit A at p. 16). Third-party claimants' lack of a direct action under the D&O A/B/C Policies is consistent with applicable law. Fla.Stat. §627.4136(1) ("It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy"). *Hazen v. Allstate Ins. Co.*, 952 So.2d 531, 535 (Fla. 2d DCA 2007). Therefore, the Motion is without basis.

### B. The Court Cannot Issue an Advisory Opinion on the ADR Clause

23. Based on the foregoing, the Debtors effectively seek an advisory opinion from this Court through the relief sought in the Motion as to the ADR Clause because the issue is not ripe for adjudication and this Court is without subject matter jurisdiction.

24. Adjudication of an insurance dispute regarding coverage for the Directors and Officers with the D&O A/B/C Insurers would be, at most, a non-core proceeding not properly heard by this Court. *Consolidated SWINC Estate v. Ace USA, Inc.*, 367 B.R. 523 (Bankr. D. Del. 2007).

25. As seen in the authority provided by the Debtors in the Motion, a dispute as to whether there has been compliance with the terms of an ADR provision in an insurance policy like the ADR Clause is properly the realm of the court in which the coverage dispute is pending. *Allied World Surplus Lines Ins. Co. v. Blue Cross & Blue Shield of S.C.*, No. CV 3:17-903-RMG, 2017 U.S. Dist. LEXIS 122140 (D.S.C. Aug. 3, 2017). See also, *Danher Wang v. Amer. Int'l Group, Inc.*, No. 2:10-cv-03146-RMG, 2011 U.S. Dist. LEXIS 160524 (D. S.C. Mar. 7, 2011). *Allied World Surplus Lines Ins. Co. v. Hawaii Med. Serv. Assn.*, Civ. No. 17-00156 HG-RLP, 2017 U.S. Dist. LEXIS 160496 (D. HI Sept. 27, 2017).

26. Thus, the relief sought by the Motion would amount to an improper advisory opinion upon which Debtors seek to obtain an advantage to which they are not entitled. The issue is not ripe for adjudication and this court does not have subject matter jurisdiction to entertain the request. *XL Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1220 (Del. 2013) ("The Trust's only interest in having its dispute litigated now is apparently to receive judicial guidance about how much coverage would be available to the D&Os if the Trust were to

9

initiate litigation against them. The Trust seeks that guidance, not as a contractual counterparty seeking to vindicate the D&Os' contractual rights, but rather as a potential claimant against the D&Os. The Trust's desire to receive advice is not a cognizable interest that will justify a Delaware court exercising its jurisdiction to decide this dispute. As noted, our courts do not issue advisory opinions"). *Fernstrom v. Trunzo*, C.A. No. 2017-0518 PNG, 2017 Del.Ch. LEXIS 832 (Del. Ch. Dec. 5, 2017) (failure to comply with pre-litigation mediation provision in contract required dismissal of declaratory judgment action for lack of actual case or controversy).

### C. The Motion Does Not Comply with the Requirements of the ADR Clause

27. The Debtors do not dispute that the ADR Clause is enforceable. Instead, they attempt to rewrite the clause by reading out several requirements for their convenience. Unambiguous language in insurance policies should be enforced and a court is not permitted to re-write unambiguous policy language. *Taurus Holdings, Inc. v. United States Fid. & Guar. Co.*, 913 So.2d 528, 532 (FL 2005).

28. The strict requirements of an ADR provision requiring mediation before litigation are enforceable, even when the insurer and the insured participate in prior mediations of the underlying claim where coverage issues are discussed. *Hawaii Med. Serv. Assn.*, supra.

29. It is undisputed that no demand for mediation had been made by any Insured under the National Union D&O A/B/C Policies before the April, 2018 mediation, let alone commenced in Florida as required by the ADR Clause.

30. There has been no attempt to mutually agree on the procedural rules for a coverage mediation.[6] Procedural rules would provide, for example, clear guidance for determining when the mediation had been terminated.

---

[6] Local Rule 9019-5(h) has nothing to do with the Motion. The D&O A/B/C Insurers did not agree that the Local Rules applied to a mediation under the ADR Clause as no such demand was ever made. In addition, the Local Rule clearly relates to mediation of a case pending before this court. There is no coverage case pending before this Court.

20862032v.1

31. The requirement for a demand under the ADR Clause should not be excused. The D&O A/B/C Insurers are entitled to know who has made the demand, what the issues are that will be the subject of the mediation and that an insured under its policies is seeking to escalate that specific dispute. The upshot of Debtors' position is that any insurer with an ADR clause in its policy that participates in the mediation of an underlying claim is at risk of having such a mediation satisfy the ADR provision. Such a result would likely chill insurer participation in mediation of underlying claims and is contrary to the general goal of encouraging settlements.

## CONCLUSION

**WHEREFORE**, the National Union, RSUI, Argo, Sompo, and XL respectfully request that the Court deny the Motion to the extent that it seeks a determination that the Debtors have satisfied the ADR Clause of the National Union D&O A/B/C Policies.

Dated: May 8, 2018

WHITE AND WILLIAMS LLP

*/s/ Marc S. Casarino*
Marc S. Casarino (DE No.3613 )
600 N. King Street, Suite 800
Wilmington, DE 19801-3722
Telephone: (302) 467-4520
Facsimile: (302) 467-4550

*Attorneys for National Union Fire Insurance Company of Pittsburgh, Pa., RSUI Indemnity Company, Argonaut Insurance Company, Sompo International f/k/a Endurance Reinsurance Corporation of America, and XL Specialty Insurance Company*

---

As set forth in Section A above, Debtors have no direct right of action to commence against the D&O A/B/C Insurers. As set forth in Section B above, this Court is not the proper venue for an insurance coverage action.

20862032v.1