# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PATRIOT NATIONAL, INC., *et al.*, | ) | Case No. 18-101898 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to D.I. 677** |

**LIMITED OBJECTION OF MR. DOUGLAS J. VON ALLMEN TO DEBTORS' MOTION FOR AN ORDER (I) EXTENDING THE TEMPORARY STAY OF LITIGATION OF CLAIMS AGAINST THE DEBTORS' DIRECTORS AND OFFICERS AND (II) DETERMINING THAT THE DEBTORS HAVE SATISFIED ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS UNDER THE DEBTORS' DIRECTORS AND OFFICERS INSURANCE POLICIES**

Mr. Douglas J. Von Allmen, by and through his undersigned attorneys, hereby submits this limited objection (the "Limited Objection") to the *Debtors' Motion for an Order (I) Extending the Temporary Stay of Litigation of Claims Against the Debtors' Directors and Officers and (II) Determining that the Debtors Have Satisfied Alternative Dispute Resolution Requirements Under the Debtors' Directors and Officers Insurance Policies* [D.I. 677] (the "Motion"). In support of this Limited Objection, Mr. Von Allmen respectfully submits as follows:

## PRELIMINARY STATEMENT

1. Mr. Von Allmen consents to the relief requested in the Motion as to the Von Allmen Case (as defined below), on the condition that he is allowed to participate in the mediation. The Debtors agree to this condition. Subject to this resolution being reflected in the order granting the Motion, Mr. Von Allmen will consider this Limited Objection resolved.

**BACKGROUND**

2. As of the Debtors' petition date, Mr. Von Allmen was a significant shareholder of the Debtors. See, e.g., List of Equity Security Holders of Debtor Patriot National, Inc. [D.I. 1] (providing that Mr. Von Allmen, through D&L Partners LP, holds 2,000,000 shares of common stock).

3. On February 28, 2018, this Court entered its *Order Pursuant to 11 U.S.C. §§ 362 and 105 and Local Rules 9019-3 and 9019-5 (I) Compelling Meditation of Claims Against the Debtors' Directors and Officers and (II) Temporarily Staying Related Litigation* [D.I. 256] (the "Initial Mediation Order").

4. On April 9, 2018, prior to the two-day mediation imposed by the Initial Mediation Order, Mr. Von Allmen advised the Debtors that he intended to pursue claims against the directors and officers of the Debtors, and asked to participate in the mediation. The Debtors refused—at that time—to consent to Mr. Von Allmen's participation in that mediation.

5. On April 25, 2018, Mr. Von Allmen commenced a civil action against Steven Mariano and Thomas Shields, former officers of the Debtors, in Circuit Court of the 17th Judicial Circuit in and for Broward County Florida, captioned Douglas J. Von Allman v. Steven M. Mariano and Thomas C. Shields, Case No. CACE-18-009291 (Fla. Cir. Ct.) (the "Von Allmen Case").

6. On April 26, 2018, the Debtors filed the Motion. The original exhibit attached to the Motion does not list the Von Allmen Case as one of the actions to be stayed. However, on May 10, 2018, the Debtors filed a reply [D.I. 721] in support of the Motion, submitting a revised order and exhibit, which adds the Von Allmen Case to the actions to be stayed.

24543472.3 05/11/2018

7. The Debtors and Mr. Von Allmen have agreed that Mr. Von Allmen, on one hand, will consent to a stay of the Von Allmen Case through the Motion, and that the Debtors, on the other hand, will consent to Mr. Von Allmen's participation in the upcoming mediation.

8. Additionally, Mr. Von Allmen has conferred with counsel for Mr. Mariano, one of the defendants in the Von Allmen Case, to determine whether Mr. Mariano has any objection to Mr. Von Allmen's participation in the mediation. As of the filing of this Limited Objection, Mr. Mariano's counsel has indicated that tentatively he has no opposition to Mr. Von Allmen participating in the mediation and settlement conferences, subject to a formal agreement that will be discussed and resolved prior to the hearing.

## **LIMITED OBJECTION**

9. The proposed form of order attached to the Debtors' reply does not explicitly permit Mr. Von Allmen to participate in the mediation. Mr. Von Allmen objects to this Court staying the Von Allmen Case unless he is permitted to participate at the mediation. Mr. Von Allmen's claims asserted in the Von Allmen Case are solely against non-debtors, parties to whom the automatic stay does not apply. See, e.g., In re Uni-Marts, LLC, 404 B.R. 767, 780 (Bankr. D. Del. 2009) ("In general, only the debtor is afforded the protections of the automatic stay under section 362 of the Bankruptcy Code; conversely, third-parties do not receive the protection of the automatic stay."). Unless he is permitted to participate in the mediation, Mr. Von Allmen reserves the right to challenge the relief requested in the Motion. See, e.g., McCartney v. Integra Nat. Bank, 106 F.3d 506, 510 (3d Cir. 1997) (providing the standard for extending a stay to nondebtor third parties).

10. However, Mr. Von Allmen will consent to the relief requested in the Motion as to the Von Allmen Case, on the condition that Mr. Von Allmen is allowed to participate in the

3

upcoming mediation contemplated under the Motion. As set forth above, the Debtors agree to these terms. Mr. Von Allmen will consider this Limited Objection resolved if the Court approves this resolution, and the resolution is reflected in the order granting the Motion.

Dated: May 11, 2018

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899-1266
Telephone: (302) 421-6800
Facsimile: (302) 421-5873
luke.murley@saul.com

and

**PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.**
Paul D. Turner, Esquire
Jonathan Feldman, Esquire
Benjamin Reiss, Esquire
200 South Andrews Avenue, Suite 600
Fort Lauderdale, FL 33301
Telephone: (954) 566-7117
Facsimile: (954) 566-7115
pturner@pbyalaw.com
jfeldman@pbyalaw.com
breiss@pbyalaw.com

*Attorneys for Mr. Douglas J. Von Allmen*