# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> PATRIOT NATIONAL, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Re: D.I. 12, 55, 316, 537, 655 |

## FIFTH INTERIM ORDER (A) AUTHORIZING DEBTORS TO (I) CONTINUE THEIR PREPETITION PRACTICES WITH RESPECT TO THEIR PASS-THROUGH BANK ACCOUNT AND (B) AUTHORIZING BANKS TO HONOR RELATED TRANSFERS

Upon the motion (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105, 363, 541, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order: (a) authorizing the Debtors to continue their prepetition practices with respect to the Pass-Through Account, and (b) authorizing all banks to honor the Debtors' prepetition and postpetition transfers for payment of any of the foregoing; and upon the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*; and upon the statements of counsel in support of the relief requested in the Motion at the hearing

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

before the Court; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and the Court having entered an interim order on the Motion on February 1, 2018 [Docket No. 55]; and the Court having entered a second interim order on the Motion on March 8, 2018 [Docket No. 316]; and the Court having entered a third interim order on the Motion on April 9, 2018 [Docket No. 537]; and the Court having entered a fourth interim order on the Motion on April 24, 2018 [Docket No. 655]; and the Debtors having agreed to entry of a fifth interim order (this "Fifth Interim Order") on the Motion; and good and sufficient cause appearing therefor; and all objections to the relief requested in the Motion having been withdrawn, overruled or reserved for the Final Hearing; the Court hereby ORDERS that:

    1.    The relief requested in the Motion is GRANTED on an interim basis as set forth herein.

    2.    The Debtors are authorized to continue to utilize the account residing at Connecticut Community Bank with an account number ending in the digits -6801, the account created for The Travelers Indemnity Company and its property casualty insurance affiliates

("Travelers") ending in the digits -3315, and such other accounts that may be established for the same purpose (the "Pass-Through Accounts") consistent with their prepetition practice.

3. Pursuant to section 105(a) of the Bankruptcy Code, Connecticut Community Bank is authorized and directed to continue to maintain, service, and administer the Pass-Through Accounts without interruption and in the ordinary course of business, and to receive, process, honor and pay all checks, drafts, wires, or other transfers by makers to holders thereof, as the case may be, including (without limitation) checks, drafts, wires, or other transfer issued or dated prior to the Petition Date.

4. For the avoidance of doubt, the funds in the Pass-Through Accounts are not property of the Debtors' estates, are held by the Debtors as a mere conduit for the accounts of others, and are traceable to the insurers on whose behalf the funds are deposited into the Pass-Through Accounts, other than for the Debtors' right to net from distributions to certain of the Insurance Carriers the fees owed to the Debtors by those Insurance Carriers.

5. The Debtors shall maintain records of all transfers in and out of the Pass-Through Accounts to the same extent maintained by the Debtors prior to the Petition Date.

6. For the avoidance of doubt, entry of this Fifth Interim Order shall be without prejudice to (a) any right of the Official Committee of Unsecured Creditors in these Chapter 11 Cases to exercise any applicable remedies in this Court to seek disgorgement of any payment made to a party other than the party intended to receive such transfer and (b) the rights and defenses of the Debtors and of the party receiving such payment with respect to any such exercise of remedies; provided further that the Debtors hereby acknowledge that all funds transferred to Travelers were and are intended to be transferred.

7. Notwithstanding any applicability of Bankruptcy Rules 6004(h) or 7062, the terms and conditions of this Fifth Interim Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived to the extent that they are applicable.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Fifth Interim Order.

10. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Fifth Interim Order.

11. A final hearing to consider the relief requested in the Motion shall be held on __June 13__, 2018 at __11 : 00 a__.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to __June 6__, 2018 at 4:00 p.m. (prevailing Eastern Time).

Dated: __May 15__, 2018
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

4