IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE DEADLINE BY WHICH THE DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

The debtors and debtors-in-possession in the above-captioned cases (the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached as **Exhibit "A"** hereto, extending the deadline by which the Debtors must assume or reject unexpired leases of nonresidential real property (the "365(d)(4) Deadline"), pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code") through and including the earlier of (i) August 28, 2018 (a 90-day extension) and (ii) the Effective Date of the *Debtors' Fourth Further Amended Joint Chapter 11 Plan of Reorganization* (Docket No. 702) (the "Plan"). In support of this Motion, the Debtors respectfully state as follows:

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware* dated as February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

## BACKGROUND

3. On January 30, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4. On February 16, 2018, the United States Trustee for Region 3 appointed an Official Committee of Unsecured Creditors (Docket No. 118) (the "Committee"). No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The events leading up to the Petition Date are set forth in the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*, filed on January 30, 2018 (Docket No. 4), which is incorporated herein by reference.

6. The Court entered an order confirming the Plan on May 4, 2018 (Docket No. 705) (the "Confirmation Order"). Pursuant to the Plan, the "Effective Date" of the Plan (the "Plan Effective Date") is the "first Business Day upon which all conditions to the consummation of the Plan as set forth in Article IX.B of the Plan have been satisfied or waived as provided in Article IX.C of the Plan, and is the date on which the Plan becomes effective."

7. The Debtors are party to certain unexpired nonresidential real property leases (the "Leases"). The Leases are listed on the schedule of assumed contracts filed on April 20, 2018 (Docket No. 643) (the "Assumption Schedule"). Pursuant to Article VII of the Plan, on the Effective Date, executory contracts and unexpired leases listed on the Assumption Schedule will be assumed.

8. The Plan Effective Date has not yet occurred.

## RELIEF REQUESTED

9. Pursuant to section 365(d)(4)(A) of the Bankruptcy Code, the current 365(d)(4) Deadline is May 30, 2018. By this Motion, the Debtors respectfully request the entry of an order extending the 365(d)(4) Deadline through and including the earlier of (i) August 28, 2018 (a 90-day extension) and (ii) the Plan Effective Date.

## BASIS FOR RELIEF

10. Section 365(d)(4)(B) of the Bankruptcy Code provides that, prior to the expiration of the initial 120-day period, the Court, upon a showing of cause, may extend for ninety days the period during which a debtor-in-possession may assume or reject unexpired leases of nonresidential real property. In enacting section 365(d)(4), Congress recognized that in some cases the initial 120-day period will not be sufficient for debtor-lessees to decide whether to assume or reject nonresidential leases.

3

11.     Courts have substantial discretion in determining if cause is present to extend the period to assume or reject a nonresidential lease. Among other factors, courts have considered: (i) whether the leases are an important asset of the estate; (ii) whether the rejection of the leases would result in a windfall to the lessor for improvements made by the debtor-tenant; (iii) whether the debtor has had sufficient time to intelligently assess its financial situation and the potential value of its assets; (iv) whether the debtor continues to make rental payments to the landlords under the leases; and (v) whether the lessor would be damaged beyond compensation available under the Bankruptcy Code. *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105–06 (2d Cir. 1982)); *see also In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993); *In re Muir Training Techs., Inc.*, 120 B.R. 154, 158–59 (Bankr. S.D. Cal. 1990).

12.     Ample cause exists in the Chapter 11 Cases to extend the 365(d)(4) Deadline. The Leases relate to office spaces that are essential to the continuing operation of the Debtors' businesses and therefore the Leases have a substantial impact on the Debtors' value. As the Plan expressly provides for the assumption of certain of the Leases on the Plan Effective Date, the Debtors cannot risk the Leases being rejected by operation of law pursuant to section 365(d)(4), which will occur if the relief sought in this Motion is not granted. The Debtors should not be forced to unintentionally reject leases that are vital to the Reorganized Debtors' operations, to the collective detriment of all stakeholders.

13.     The most practical approach, under the circumstances, is to extend the time within which the Debtors may assume or reject the Leases through and including the earlier of (i) August 28, 2018 and (ii) the Plan Effective Date

14. The Debtors will continue to perform all of their undisputed obligations under the Leases arising from and after the Petition Date in a timely fashion, including the payment of postpetition rent due, as required by section 365(d)(3) of the Bankruptcy Code.

15. In addition, the extension of the 365(d)(4) Deadline would be subject to the rights of the lessors under the Leases (the "Landlords") to request, upon appropriate notice and motion, that the Court shorten the 365(d)(4) Deadline and specify a period of time within which the Debtors must determine whether to assume or reject the Leases.

16. In light of the foregoing, the Debtors respectfully submit that there will be no prejudice to the Landlords as a result of the requested extension. Pending the assumption or rejection of the Leases, the Debtors will continue to perform all of their undisputed obligations in a timely fashion and the requested extension will not adversey affect the substantive rights of any of the Landlords. Conversely, if the requested extension were not granted, the Debtors could be forced to reject the Leases that would otherwise be assumed pursuant to the Plan on the Effective Date, resulting in a significant burden to their estates.

17. Courts in this District have routinely granted such extensions. *See, e.g., In re Lensar, Inc.*, No. 16-12808 (MFW) (Bankr. D. Del. Mar. 7, 2017) (granting 90-day extension); *In re IMX Acquisition Corp.*, No. 16-12238 (BLS) (Bankr. D. Del. Jan. 20, 2017) (same); *In re Nutroganics, Inc.*, No. 16-12271 (CSS) (Bankr. D. Del. Jan. 6, 2017); *In re Innovative Building Sys., LLC*, No. 16-11165 (KJC) (Bankr. D. Del. Sept. 28, 2016).

18. For the foregoing reasons, the Debtors hereby request that the Court extend the deadline by which the Debtors must assume or reject the Leases through and including the earlier of August 28, 2018 and the Plan Effective Date.

DOCS_DE:219597.1 69353/002

## NOTICE

19. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the DIP lenders and for the prepetition secured lenders; (iii) counsel to the Committee; (iv) the Landlords; and (v) the parties that have requested notice in this proceeding pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this or any other court.

DOCS_DE:219597.1 69353/002

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A** hereto, and grant such other and further relief as may be appropriate.

Dated: May 22, 2018
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      joneill@pszjlaw.com
      pkeane@pszjlaw.com

-and-

Kathryn A. Coleman
Christopher Gartman
Erin E. Diers
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com
      erin.diers@hugheshubbard.com

*Counsel for the Debtors*