# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC., *et al.*,**[1] <br><br> **Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Hearing Date: June 13, 2018 at 11:00 a.m. (ET) <br> Objection Deadline: June 6, 2018 at 4:00 p.m. (ET) |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO
SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE
EXCLUSIVE PERIODS WITHIN WHICH THE DEBTORS MAY FILE
A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the exclusive periods during which only the Debtors may file a chapter 11 plan of reorganization and solicit acceptances thereof. In support of this Motion, the Debtors respectfully submit as follows:

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

**INTRODUCTION**

1. On May 4, 2018, the Court entered an order (Docket No. 705) (the "Confirmation Order") confirming the *Debtors' Fourth Further Amended Joint Chapter 11 Plan of Reorganization* (as amended, modified and/or supplemented, the "Plan," a copy of which is attached to the Confirmation Order as Exhibit A).[2] The Effective Date has not yet occurred, as certain conditions precedent to the occurrence of the Effective Date have not yet been met.

2. Although the Debtors believe that these conditions precedent will ultimately be met, out of an abundance of caution, by this Motion and pursuant to section 1121(d) of the Bankruptcy Code, the Debtors seek an extension of their exclusive periods to file a chapter 11 plan (the "Exclusive Filing Period") through and including August 28, 2018, and to solicit votes to approve a chapter 11 plan (the "Exclusive Solicitation Period") through and including October 29, 2018 (together, the "Exclusive Periods"). The Debtors' current Exclusive Periods are slated to expire on May 30, 2018[3] and July 30, 2018, respectively (together, the "Current Exclusive Periods"). The requested extension will allow the Debtors to maintain the Exclusive Periods in the unlikely event that the Plan does not become effective.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule

---

2. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

3. Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the Current Exclusive Periods shall automatically extend the Current Exclusive Periods until the Court acts on this Motion without the necessity of the entry of a bridge order.

9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and rule bases for the relief requested herein are section 1121(d) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-2.

## BACKGROUND

### A. The Debtors' Chapter 11 Cases

5. On January 30, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6. On February 16, 2018, the United States Trustee for Region 3 appointed an Official Committee of Unsecured Creditors (Docket No. 118) (the "Committee"). No trustee or examiner has been appointed in these Chapter 11 Cases. The Debtors are operating their respective businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. The events leading up to the Petition Date are set forth in the *Declaration of James S. Feltman, Chief Restructuring Officer of Patriot National, Inc., in Support of First Day Relief*, filed on January 30, 2018 (Docket No. 4) and which is incorporated herein by reference.

### B. Plan and Disclosure Statement

8. On the Petition Date, the Debtors filed their initial versions of the Plan (Docket No. 15) and related disclosure statement (Docket No. 16) (as amended, modified and/or

3

supplemented, the "Disclosure Statement"). The Debtors filed a revised version of the Disclosure Statement on March 1, 2018 (Docket No. 261) and further revised versions of the Plan and Disclosure Statement on March 9, 2018 (Docket Nos. 333 and 335, respectively) and March 13, 2018 (Docket Nos. 374 and 376, respectively). On March 14, 2018, the Court entered an order (the "Solicitation Procedures Order," Docket No. 381) approving the *Third Amended Disclosure Statement of Patriot National, Inc., and Its Affiliated Debtors* and authorizing the Debtors to solicit votes on the *Second Amended Chapter 11 Plan of Reorganization.* The Debtors filed further revised versions of the Plan on March 30, 2018 (Docket No. 471) and April 20, 2018 (Docket No. 632).

9. The Debtors filed supplementary documents to the Plan on March 30, 2018 (Docket No. 473). The Debtors filed additional and revised supplementary documents to the Plan on April 20, 2018 (Docket No. 641).

10. Solicitation of votes supporting or rejecting the Plan was completed on March 16, 2018.[4]

11. On April 24, 2018, the Court held a hearing to consider, among other things, confirmation of the Plan (the "Confirmation Hearing"). The Court entered the Confirmation Order on May 4, 2018 (Docket No. 705).

12. Two parties have appealed the confirmation of the Plan. *Notice of Appeal*, filed by the Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware, in his capacity as the Receiver of Ullico Casualty Company in Liquidation (the "Ullico Receiver")

---

4. In accordance with the Solicitation Procedures Order, holders of claims that were (i) not identified in the Schedules as "contingent," "unliquidated," or "disputed," (ii) not asserted in a proof of Claim that was filed prior to the Voting Record Date, and (iii) asserted in a Proof of Claim that was timely filed by April 2, 2018 were treated as having been filed by the Voting Record Date and were solicited as well.

4

(Docket No. 748); *Notice of Appeal*, filed by the Florida Department of Financial Services, Division of Rehabilitation and Liquidation (Department) as Receiver of Guarantee Insurance Company (the "GIC Receiver") (Docket No. 749). Such appeals have been captioned as *Honorable Trinidad Navarro, Insurance Commissioner of the State of Delaware v. Patriot National, Inc., et al.*, No. 18-cv-00751 (D. Del.) and *Florida Department of Financial Services, Division of Rehabilitation and Liquidation (Department) as Receiver of Guarantee Insurance Company v. Patriot National, Inc., et al.*, No. 18-cv-00750 (D. Del.).

## RELIEF REQUESTED

13. By this Motion, and out of an abundance of caution to protect the Debtors' rights in the unlikely event that the Plan does not become effective, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 1121(d) of the Bankruptcy Code, extending: (i) the Exclusive Filing Period through and including August 28, 2018; and (ii) the Exclusive Solicitation Period through and including October 29, 2018. The Debtors further request that entry of the Proposed Order be without prejudice to the Debtors' rights to seek additional extensions of the Exclusive Periods.

## BASIS FOR RELIEF

14. Although the Plan was confirmed on May 4, 2018, the Debtors hereby move, out of an abundance of caution, to further extend the Exclusive Periods. Section 1121 of the Bankruptcy Code provides for exclusive periods in which a chapter 11 debtor may formulate and propose a confirmable plan of reorganization and to solicit acceptances thereof without the disruption that might be caused by the filing of competing plans by non-debtor parties. However, section 1121(d) allows the court to extend the debtor's exclusive periods for "cause." Specifically, section 1121(d) provides that:

>(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
>(2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
>(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

I.  **SECTION 1121(d) OF THE BANKRUPTCY CODE PERMITS THE COURT TO EXTEND THE EXCLUSIVE PERIODS FOR "CAUSE."**

15. A bankruptcy court has the discretion to extend a debtor's exclusive periods based upon the facts and circumstances of a particular case. *See First Am. Bank of New York v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *203 N. LaSalle St. P'ship v. Bank of Am., N.A.*, 1999 U.S. Dist. LEXIS 19425, at *12 (N.D. Ill. 1999); *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Although the Bankruptcy Code does not define "cause" for purposes of an extension request under section 1121(d), courts have looked to the legislative history of section 1121(d) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Such legislative history indicates that Congress did not intend that the initial exclusive periods be set in stone. *See Amko Plastics*, 197 B.R. at 77 (finding courts should have flexibility in dealing with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [section 1121(d)] is flexibility.").

6

16. Instead, Congress intended that the debtor's exclusive periods be of sufficient length to afford the debtor a full and fair opportunity to negotiate, formulate, and draft a confirmable chapter 11 plan without the disruptions that would occur with the filing of competing plans. *See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by completion . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress has recognized that, depending on the facts and circumstances of a particular case, an exclusive period of only 120 days may not provide a debtor with adequate time in which to propose such plan:

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

17. In determining whether cause exists for an extension of exclusivity, bankruptcy courts consider a variety of factors, including:

    a)    the size and complexity of the case;

    b)    the necessity of sufficient time to negotiate and prepare adequate information;

    c)    the existence of good faith progress toward reorganization;

    d)    whether the debtor is paying its debts as they come due;

    e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f)    whether the debtor has made progress in negotiating with creditors;

    g)    the length of time the case has been pending;

7

> h) whether the debtor is seeking the extension to pressure creditors; and
>
> i) whether unresolved contingencies exist.

*See, e.g.*, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *Cont'l Cas. Co. v. Burns & Roe Enters., Inc.*, 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).

18. Importantly, however, not all of the above factors are necessary or relevant in determining whether to grant an extension of the exclusivity periods in a particular case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (relying upon only four factors in determining whether cause exists to support an extension); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C 1986) (holding that cause existed to extend exclusivity based on only three factors). As explained more fully below, the application of the above factors to the facts and circumstances of the Chapter 11 Cases demonstrates that more than sufficient cause exists to extend the Debtors' Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## II. CAUSE EXISTS FOR A FURTHER EXTENSION OF THE DEBTORS' EXCLUSIVE PERIODS IN THESE CHAPTER 11 CASES.

19. As set forth above, although the Court previously confirmed the Plan within the statutory Current Exclusive Periods, out of an abundance of caution, pursuant to this Motion, the Debtors are seeking a further extension of the Exclusive Periods. For the reasons set forth below, cause exists for such an extension.

20. The Debtors satisfy the various factors that courts rely on in connection with granting extensions of the Exclusive Periods set forth in section 1121(d) of the Bankruptcy Code.

8

- *The Debtors' Chapter 11 Cases Are Large and Complex*. These Chapter 11 Cases involve nineteen Debtor entities with hundreds of employees, approximately $223 million in funded debt obligations, and a number of complex operational intricacies. Accordingly, the size and complexity of these Chapter 11 Cases weighs in favor of extending the Exclusive Periods.

- *The Debtors Have Made Good-Faith Progress Towards Exiting Chapter 11*. As noted above, the Court has already entered the Confirmation Order. The Debtors seek this extension out of an abundance of caution while pursuing consummation of the Plan.

- *Extending the Exclusivity Periods Will Not Prejudice Creditors.* The Debtors are requesting an extension of the Exclusive Periods to focus on satisfying certain conditions precedent to consummation of the Plan and continuing their contemplated restructuring process unhindered by competing plans. Continued exclusivity will permit the Debtors to maintain flexibility so competing plans do not derail the Debtors' restructuring process. All stakeholders will benefit from such continued stability and predictability, which comes only with the Debtors being the sole potential plan proponents.

- *The Debtors Are Paying Their Bills as They Come Due*. Since the Petition Date, the Debtors have paid their vendors and third-party partners in the ordinary course of business or as otherwise provided by orders of the Court. The Debtors have maintained their ability to continue to pay their bills throughout these Chapter 11 Cases in light of the liquidity provided by the DIP Facility and through the use of cash collateral.

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan*. As discussed above, the Debtors have filed, and the Court has confirmed, the Plan. The Debtors seek this extension out of an abundance of caution while pursuing consummation of the Plan.

- *The Debtors Are Not Pressuring Creditors by Requesting an Extension of the Exclusive Periods*. The Debtors have no ulterior motive in seeking an extension of the Exclusive Periods.

- *These Chapter 11 Cases Are Less Than Four Months Old*. The Debtors' request for an extension of the Exclusive Periods is the Debtors' first such request and comes less than four months after the Petition Date. As discussed above, during this short time, the Debtors have accomplished a great deal and continue to work diligently towards the consummation of the Plan.

21. Furthermore, extending the Exclusive Periods will permit the Debtors to maintain exclusivity in the Chapter 11 Cases in the unlikely event that the Plan does not become effective and, if this were to occur, will provide the Debtors with the necessary time, opportunity

9

and breathing room to reassess and pursue all alternative options with respect to their chapter 11 restructuring, as the Debtors are the party best positioned to take such action.

22. Moreover, termination of the Exclusive Periods would adversely impact the Debtors' business operations and the substantial progress made by the Debtors in the Chapter 11 Cases to date. Through the Chapter 11 Cases, the Debtors have thus far been able to focus their efforts upon rejuvenating their business and formulating and confirming the Plan, which maintains Debtors' going-concern value. As demonstrated by the evidence submitted in connection with the Confirmation Hearing, the restructuring embodied in the Plan is a value-maximizing transaction. The Plan provides for the distribution of significant value to creditors and ensures for payment in full of Allowed DIP Claims, Administrative Expense Claims, Priority Tax Claims, Other Secured Claims, and Priority Claims, as well as all U.S. Trustee Fees. The Plan further provides for a distribution to holders of Allowed General Unsecured Claims, which would not have occurred in a chapter 7 liquidation.

23. Finally, as a result of extensive efforts over the course of the Chapter 11 Cases, the Debtors were able to reach agreement with nearly all of their major constituencies as to the terms of the Plan, which demonstrates the critical role of the Debtors in their chapter 11 restructuring, and the importance of the Debtors maintaining exclusivity in these Chapter 11 Cases in the unlikely event that the Plan does not become effective.

24. Accordingly, based upon the foregoing, cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## **NOTICE**

25. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel for Cerberus Business Finance, LLC, as the administrative agent for the DIP lenders and for the prepetition secured lenders; (iii) counsel to the Committee; and (iv) the parties that

10
DOCS_DE:219644.1 69353/002

have requested notice in this proceeding pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

26. No previous request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached to this Motion as **Exhibit A**, and grant such other and further relief as may be appropriate.

Dated: May 23, 2018
      Wilmington, Delaware

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
      joneill@pszjlaw.com
      pkeane@pszjlaw.com

   -and-

Kathryn A. Coleman
Christopher Gartman
Erin E. Diers
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: katie.coleman@hugheshubbard.com
      chris.gartman@hugheshubbard.com
      erin.diers@hugheshubbard.com

*Counsel for the Debtors*