# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **PATRIOT NATIONAL, INC.,** *et al.*,[1] <br><br> **Reorganized Debtors.** | Chapter 11 <br><br> Case No. 18-10189 (KG) <br><br> (Jointly Administered) <br><br> Hearing Date: August 22, 2018 @ 10:00 a.m. (ET) <br> Obj. Deadline: August 15, 2018 @ 4:00 p.m. (ET) |

**MOTION OF PETER KRAVITZ, TRUSTEE OF THE PNI LITIGATION TRUST
AND PLAN ADMINISTRATOR UNDER THE CONFIRMED PLAN
FOR ORDER EXTENDING THE PERIOD TO
REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452 AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

Peter Kravitz, as the Litigation Trustee ("Litigation Trustee") for the PNI Litigation Trust (the "Trust"), and as Plan Administrator ("Plan Administrator" and collectively with the Litigation Trustee, the "Trustee") under the confirmed Plan of Reorganization, moves the Court (this "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the period within which the Trustee may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Trustee respectfully states as follows:

---

[1] The reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The reorganized Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

US2008 14450305 2

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are 28 U.S.C. § 1452 ("Section 1452") and Rules 9027 and 9006 of the Bankruptcy Rules.

**BACKGROUND**

3.  On January 30, 2018 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

4.  On February 16, 2018, the United States Trustee for Region 3 appointed an Official Committee of Unsecured Creditors (Docket No. 118) (the "Committee"). No trustee or examiner was appointed in these Chapter 11 Cases

5.  On March 18, 2018, the Court entered the *Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan Pursuant to Sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018, 3020, and 9006 and Local Rules 2002-1, 3017-1, and 9006-1* (D.I. 381) (the "Disclosure Statement Order").

6. Pursuant to the Disclosure Statement Order, the Court convened a hearing on April 24, 2018 at 11:00 a.m. (Eastern time) to consider confirmation of the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization* (D.I. 471) (as amended, supplemented, restated or modified from time to time, the "Plan").[2]

7. On May 4, 2018, the Court entered the confirmation order confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization (D.I. 705). On July 2, 2018 (the "Effective Date"), the Plan became effective (D.I. 891).

8. The Plan provided for the creation of the Trust and for the transfer free and clear into the Litigation Trust of all of the Debtors' Litigation Claims, which include avoidance actions, commercial tort claims, including claims against certain of the Debtors' current and former officers and directors, claims against certain of the Debtors' former professionals, and other claims against third parties held by the Debtors. The proceeds from the settlement or successful prosecution of the causes of action transferred to the Litigation Trust, if any, will be distributed pursuant to the Litigation Proceeds Waterfall under the Plan. *See* Plan, Article VI.B.

9. Pursuant to the Plan, the Trust was formed, and the Litigation Trustee was appointed the Trustee of the Trust.

10. The Trustee was deemed the Estates' representative upon the effective date of the Plan. *See* Plan, Article VI.A.3. The Trustee also acts as Plan Administrator under the Plan. *See* Plan, Article I.A.108. In that capacity, the Plan Administrator has all the rights and powers to implement the provisions of the Plan pertaining to the Plan Administrator. *See* Plan, Article V.G.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## THE ACTIONS

11.     On February 27, 2018, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules").  The Debtors also filed amended Schedules on April 19, 2018.  As part of the Schedules, the Debtors identified the civil Actions (as defined below) of which the Debtors were then aware.  The Plan Administrator is continuing to analyze the existence of any Actions, as well as any filed proofs of claim, to determine whether to remove any Actions.  Having only been appointed on July 2, 2018, the Plan Administrator is not yet prepared to decide if any Actions exist for which he may need to seek removal and the Plan Administrator needs additional time to make such decisions.  Thus, the Trustee files this Motion out of an abundance of caution to extend the Removal Period.

## RELIEF REQUESTED

12.     By this Motion, the Trustee requests the entry of an order, pursuant to Rule 9006(b) of the Bankruptcy Rules, extending the time by which to file notices of removal with respect to any civil actions pending as of the Petition Date for an additional ninety-one (91) days, from the current July 30, 2018 deadline (the "Current Deadline")[3] through and including October 29, 2018 (the "Pre-Petition Removal Deadline").  Furthermore, the Trustee requests the entry of an order extending the time by which to file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) October 29, 2018, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (*i.e.*, the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

---

[3] Pursuant to Del. Bankr. LR 9006-2, the filing of this Motion prior to the Current Deadline shall serve to automatically extend the Current Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion.  *See* Del. Bankr. LR 9006-2.

13. The Trustee requests that the Pre-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(2)(A), (B), and (C) and that the Post-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(3) (collectively, the "Actions"). This Motion is without prejudice to the rights of the Trustee to seek further extensions of either or both of the Pre-Petition Removal Deadline and the Post-Petition Removal Deadline.

## BASIS FOR RELIEF

14. Section 1452 and Rule 9027 of the Bankruptcy Rules govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

15. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(l).

16. The Trustee believes that it is prudent to seek an extension of the time period to file notices of removal in order to protect the Trustee's right to remove the Actions. From the Petition Date to the Effective Date of the Plan, the Debtors focused their efforts on: (a) obtaining interim and final approval of first day motions and related motions to ensure a smooth runway into chapter 11; (b) obtaining approval of their disclosure statement and soliciting acceptances of their proposed plan of reorganization to complete a comprehensive financing, restructuring, and recapitalization of the Debtors' business; (c) preparing and filing their schedules of assets and liabilities and statements of financial affairs; (d) working with the Committee and negotiating with other creditors and parties in interest on various issues in the cases, including the terms of the Plan; (e) establishing a bar date for filing of proofs of claim; (f) rejecting various executory contracts and unexpired leases that are no longer necessary for the Debtors' business; and (g) dealing with other emergent issues.

17. The extension of time for removing Actions sought in this Motion will afford the Trustee the opportunity necessary to make fully-informed decisions concerning removal of any Actions and will assure that the Debtors' estates do not forfeit valuable rights under Section 1452. Further, the rights of the Trustee's adversaries will not be prejudiced by such an extension because any party to an Action that is removed may seek to have it remanded to the state court pursuant to 28 U.S.C. § 1452(b).

18. The Trustee submits that this request to extend the deadline for removing the Actions is reasonable and practical in light of the present posture of these cases. Accordingly, the Trustee respectfully submits that the relief sought is in the best interest of the Litigation Trust and creditors of these Debtors' estates.

19. Furthermore, this Court is authorized to grant the relief requested and extend the Current Deadline. *See, e.g.*, *Pacor v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) (Bankruptcy Rule 9006 authorizes the enlargement of time periods for removing actions under Bankruptcy Rule 9027); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 49–50 (Bankr. S.D.N.Y. 1989) (a court may extend the time in which to file motions to remove civil actions pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (Bankruptcy Rule 9006 was designed to give bankruptcy judges the authority to enlarge the removal periods under Bankruptcy Rule 9027(a)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (Bankruptcy Rule 9006 authorizes the expansion of time to file notice of removal).

## RESERVATION OF RIGHTS

20. The Trustee reserves his right to seek further extensions of the period in which he may remove civil Actions pursuant to Bankruptcy Rule 9027.

## NOTICE

21. Notice of this Motion has been given to: (i) the U.S. Trustee; (ii) counsel for the Reorganized Debtors; (iii) the known non-Debtor parties to the Actions (or counsel to such parties, if known); and (iv) parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee respectfully submits that no other or further notice is necessary.

## NO PRIOR REQUEST

22. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed order, substantially in the form attached to this Motion as **Exhibit A**, and grant such other and further relief as may be appropriate.

Dated: July 30, 2018            **MORRIS JAMES LLP**

/s/ Carl N. Kunz, III
Carl N. Kunz, III, Esq. (DE Bar No. 3201)
Brenna A. Dolphin, Esq. (DE Bar No. 5604)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: ckunz@morrisjames.com
E-mail: bdolphin@morrisjames.com

-and-

David M. Posner, Esq.
Gianfranco Finizio, Esq.
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
E-mail: dposner@kilpatricktownsend.com
E-mail: gfinizio@kilpatricktownsend.com

*Counsel to Peter Kravitz, as Litigation Trustee for the PNI Litigation Trust*