# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.* | Case No. 18-10189 (KG) |
| Debtors | (Jointly Administered) |
| | Obj. Deadline: August 25, 2018 @ 4:00p.m.(ET) |
| | Hearing Date: August 22, 2018 @ 10:00a.m.(ET) |

**LIMITED OBJECTION OF ASPEN SPECIALTY INSURANCE COMPANY
TO MOTION OF LITIGATION TRUSTEE AND PLAN ADMINISTRATOR
FOR ORDER EXTENDING PERIOD OF TIME TO REMOVE ACTIONS
PURSUANT TO 28 U.S.C. § 1452 AND
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9027**

Aspen Specialty Insurance Company ("Aspen"), by and through its co-counsel, Snyder & Associates, P.A. (Bayard J. Snyder, Esq, appearing) and Connell Foley LLP (William D. Deveau, Esq. and Phillip W. Allogramento III, Esq., appearing *pro hac vice*), respectfully submits this Limited Objection to the Motion of Peter Kravitz, Trustee of the PNI Litigation Trust and Plan Administrator, for an Order Extending the Period of Time to Remove Actions Pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027, filed July 30, 2018 (the "Motion"), and states as follows:

1.      As indicated in previous filings in this case, Aspen is the plaintiff in litigation pending in the United States District Court for the Eastern District of Pennsylvania, captioned *Aspen Specialty Insurance Company v. Hospitality Supportive Systems, LLC, et al.* (Civil Action No. 2:16-cv-01133-JD) (the "HSS Litigation"). The defendants in that case include Hospitality Supportive System, LLC ("HSS") and other non-debtor parties, as well as four of the Debtors in this Jointly Administered Chapter 11 Case, i.e., Trigen Insurance Solutions, Inc. ("Trigen Solutions"), Trigen Hospitality Group, Inc. ("Trigen Hospitality"), Patriot Underwriters, Inc.

1

("Patriot Underwriters"), and Patriot National, Inc. ("Patriot National") (collectively, the "Debtor-Defendants").

2. The central issue is the HSS Litigation is Aspen's claims against HSS seeking rescission of insurance policies and related declaratory relief with respect to policies of liability insurance issued by Aspen in connection with an insurance purchasing group program established and managed by HSS. *See generally* Aspen's Amended Complaint in the HSS Litigation (Docket No. 364-2 herein), at ¶ 23 and *passim*. A detailed summary of the background of the HSS Litigation and Aspen's claims in that action are set forth in Aspen's Motion for Relief From Stay Pursuant to 11 U.S.C. § 362(d) to Continue Pending Litigation, filed March 9, 2018 (Docket No. 341-1 herein) ("Stay Relief Motion"), at ¶¶ 3- 28 (pp. 2-9).

3. In the Amended Complaint in the HSS Litigation, Aspen alleges that, through a series of asset purchase agreements dated on or around April 1, 2015, Patriot National, through its affiliates and/or wholly-owned subsidiaries, Trigen Insurance, Trigen Hospitality and/or Patriot Underwriters, purchased the assets of HSS (*see* Amended Complaint (Docket No. 364-2 herein), at ¶¶ 83-97), and Aspen asserts claims in the HSS Litigation against one or more of the Debtor-Defendants for successor liability, fraud, unjust enrichment, negligence and alter ego liability. *See* Stay Relief Motion (Docket No. 341-1 herein) ("Stay Relief Motion"), at ¶ 25 (pp. 7-8).

4. As set forth in the Stay Relief Motion, although all claims in the HSS Litigation are stayed except for Aspen's claims against HSS for rescission of the insurance policies (and HSS's corresponding counterclaim for breach of the insurance policies), the Court in the HSS Litigation has ordered that discovery proceed on these claims, and Aspen asserted in the Stay Relief Motion and at the hearing on that Motion that Aspen requires limited discovery from Debtor-Defendants with respect to its claims for rescission against HSS.

**ASPEN'S MOTION FOR RELIEF FROM STAY UNDER BANKRUPTCY CODE SECTION 362 AND STATUS OF BANKRUPTCY CASE**

2

5.      The Debtors filed the within Jointly Administered Chapter 11 bankruptcy cases on January 30, 2018.

6.      On March 9, 2018, Aspen filed the above-referenced Stay Relief Motion (Docket No. 341 herein).

7.      The Debtors filed opposition to the Stay Relief Motion (Docket No. 491 herein). The primary argument asserted by the Debtors in opposition to the Stay Relief Motion was that, at the time, the Debtors were focused on the tasks and activities necessary for confirmation of their Chapter 11 Plan, and that, accordingly, the motion was premature. Specifically, in their opposition papers, Debtors argued that they would be prejudiced if the stay were lifted because the Debtors would have to outlay legal fees to continue to engage in discovery and defend the litigation, and that the Debtors would need to dedicate already stretched resources of personnel and professionals to comply with the investment of time and money required, particular as to discovery of electronically stored information. *See* Debtors' Objection to Motion of Aspen Specialty Insurance Company for Relief From Stay Pursuant to 11 U.S.C. § 362(d) to Continue Pending Litigation, filed April 3, 2018 (Docket No. 491 herein), at ¶¶ 18-21 (pp. 6-8). *See also* Transcript of April 9, 2018 Hearing (Docket No. 544 herein) ("4/9/18 Hearing Trans."), at T:26:2-7 (Debtors' counsel stating: "Now is not the time to [determine how best to handle Aspen's claim], while the debtors have the benefit of the breathing spell afforded by the automatic stay"), T31:5-8 and T31:20-22 (the Court denying the motion, without prejudice, "given the sensitive period of time that we're now facing").

8.      At the April 9, 2018 Hearing, at which, *inter alia*, the Stay Relief Motion was argued, Debtors' counsel and the Court indicated that once a Plan Administrator / Litigation Trustee is appointed, that individual would have the authority to determine on behalf of the Debtors whether to consent to any relief to proceed with any claims against the Debtors. *See* 4/9/18 Hearing Trans., (Docket No. 544 herein), at T26:2-7 and T31:9-13.

4647864-1

9.     The Court entered an Order on April 9, 2018 denying the Stay Relief Motion without prejudice (Docket No. 538 herein).

10.     On May 4, 2018 this Court entered Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Fourth Further Amended Joint Chapter 11 Plan of Reorganization (the "Plan") (Docket No. 705 herein). The Plan became effective as of July 2, 2018.

11.     The May 4, 2018 Order confirming the Plan approved the appointment of Peter Kravitz as the Plan Administrator and Litigation Trustee (Docket No. 705, ¶¶ 88-89 (pp. 34-35).

12.     Counsel for Aspen has communicated with Mr. Kravitz's counsel to discuss Aspen's request for a consensual modification of the Chapter 11 plan and discharge injunction in order to allow Aspen to proceed with its rescission claims in the HSS litigation and for limited discovery from the Debtor-Defendants in connection therewith. However, Aspen may be required to file a motion for modification of the Chapter 11 plan and discharge injunction to obtain the relief it seeks.

## LIMITED OBJECTION

13.     On July 30, 2018, Trustee of the PNI Litigation Trust and Plan Administrator, Peter Kravitz, filed the within Motion for an order extending the time to remove actions pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. Proc. 9027. In Paragraph 11 of the Motion, Mr. Kravitz indicates that he was appointed on July 2, 2018, that he is continuing to analyze the existence of any Actions, as well as any filed proofs of claim, to determine whether to remove any Actions, and that he needs additional time to make such a decision.

14.     In Paragraph 8 of his Motion, Mr. Kravitz suggests that a primary purpose of removal of any action would be to more readily liquidate any potential claim in favor of the estate in order to fund the Litigation Proceeds Waterfall under the Plan.

15.     The Motion defines "Actions" broadly, i.e., as "all matters" specified in Rule 9027(a)(2)(A), (B), and (C) (pertaining to action pending when the bankruptcy case commenced) and Rule 9027(a)(3) (pertaining to actions initiated after the bankruptcy case commenced).

4647864-1

16.     Aspen asserts that the HSS Litigation is unlike other Actions contemplated by the motion and/or that may be suitable for removal because, *inter alia*, the HSS Litigation involves primarily Aspen's claims against non-debtor entities and involves no affirmative claims by debtor entities against Aspen.

16.     Accordingly, by way of this Limited Objection, Aspen asserts that the Litigation Trustee / Plan Administrator's need for additional time to consider whether to remove various actions should not in the future be a basis for opposition to a potential motion by Aspen for modification of the Chapter 11 plan and discharge injunction to allow Aspen to proceed with its rescission claims against HSS in the HSS litigation.

<b><u>CONCLUSION</u></b>

Based on the above and its arguments at the hearing to consider the Motion, Aspen respectfully requests that the Motion in its current form be denied to the extent that the Motion's definition of "Actions" does not exclude the HSS Litigation.

SNYDER & ASSOCIATES, P.A.

*/s/ Bayard J. Snyder*
Bayard J. Snyder, Esq. (DE Bar No. 175)
3801 Kennett Pike
Suite 201, Building C.
Wilmington, DE 19807

- and -

William D. Deveau, Esq. (*Pro Hac Vice*)
Philip W. Allogramento III, Esq. (*Pro Hac Vice*)
CONNELL FOLEY LLP
*Attorneys for Aspen Specialty Insurance Company*

Dated:  August 15, 2018

4647864-1