# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*,[1] | Case No: 18-10189 (KG) <br> (Jointly Administered) |
| Debtors. | **Objection Deadline: October 19, 2018 at 4:00 pm (ET)** <br> **Hearing Date: November 6, 2018 at 10:00 am (ET)** |

**MOTION OF JOHN R. DEL PIZZO, ERNEST N. CSISZAR, GLEN HIBLER, SEAN M. BIDIC AND TERRY L. COLEMAN FOR IMMEDIATE PAYMENT OF AN ADMINISTRATIVE CLAIM PURSUANT TO SECTION 503(b)(1) OF THE BANKRUPTCY CODE**

John R. Del Pizzo, Ernest N. Csiszar, Glen Hibler, Sean M. Bidic and Terry L. Coleman (the "Former Directors"), by and through their undersigned counsel, hereby move this Court for the entry of order for the immediate payment of administrative claims pursuant to Section 503(b)(1) of the Bankruptcy Code (the "Motion"). In support of their Motion, the Former Directors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Former Directors confirm their consent, pursuant to Del. Bankr. L.R. 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, were: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue of these cases and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested in this Motion is Section 503(b)(1) of the Bankruptcy Code.

## **BACKGROUND**

5. On January 30, 2018 (the "Petition Date"), Patriot National, Inc., and certain affiliates (the "Debtors") filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Throughout their chapter 11 cases, the Debtors continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On May 4, 2018, the Court entered the Findings of Fact, Conclusions of Law, and Order Confirming Fourth Further Amended Joint Chapter 11 Plan of Reorganization [D.I. 705] confirming the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization [D.I. 702] (as modified, amended, and including all supplements, the "Plan"). The effective date of the Plan, as defined in the Plan, occurred on July 2, 2018 (the "Effective Date").

7. The Former Directors served as directors of the Debtors prior to, and after, the Petition Date through the date of their resignation on May 16, 2018.

8. Pursuant to the Plan and Confirmation Order, the deadline for filing requests for payment of Administrative Expense Claims (except for Professional Fee Claims) that arose or accrued on or after January 30, 2018 through the Effective Date was August 1, 2018. The Plan further provides a deadline for objections to administrative claims of August 21, 2018.

9. John R. Del Pizzo, Ernest N. Csiszar, Glen Hibler, and Terry L. Coleman each filed their Proof Of Administrative Claim on July 27, 2018. See D.I. 938, 939, 940 and 941. Sean M. Bidic filed his Proof Of Administrative Claim on July 30, 2018 (collectively, with the Proof Of Administrative Claims filed by John R. Del Pizzo, Ernest N. Csiszar, Glen Hibler, and Terry L. Coleman, the "Administrative Claims"). See D.I. 942. Copies of the Proofs Of Administrative Claims filed by the Former Directors are attached hereto collective as Exhibit A. The Administrative Claims represent unpaid, post-petition board of director fees.

10. A summary of the administrative claims of the Former Directors is as follows:

| Claimant | Amount |
|---|---:|
| John R. Del Pizzo | $35,000.00 |
| Ernest H. Csiszar | 36,666.64 |
| Glen Hibler | 28,333.32 |
| Sean Bidic | 28,333.32 |
| Terry L. Coleman | 30,833.32 |
| **Total** | $159,166.66 |

11. No objection has been filed to the Administrative Claims filed by the Former Directors. As a result, the Administrative Claims are deemed to be allowed pursuant to the terms of the Plan and Confirmation Order.

**RELIEF REQUESTED**

12. By this Motion, the Former Directors request that this Court enter an Order, pursuant to section 503(b)(1) of the Bankruptcy Code requiring the immediate payment of the

Administrative Claims in the total amount of $159,166.60, within five (5) days from entry of the order.

## BASIS FOR THE RELIEF REQUESTED

13. Section 503 of the Bankruptcy Code provides: "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . ." 11 U.S.C. § 503(b)(1)(A).

14. Creditors are entitled to a 503 administrative claim if the fees relate to post-petition services rendered, and their services directly and substantially benefited the estate. See In re Mid-American Waste Sys., 228 B.R. 816, 821-22 (Bankr. D. Del. 1999).

15. Post-petition director fees constitute an actual and necessary expense of the estate for purposes of establishing an administrative expense under 11 USC 503(b)(1)(A). See In re Cook Inlet Energy, Ltd. Liab. Co., 577 B.R. 313 (Bankr. D. Alaska 2017).

16. The Former Directors served as the Debtors' directors through May 16, 2018. Following the Petition Date and through the date of their resignation, the Former Directors met regularly and carried out their function as the Debtors' board of directors – through and including confirmation of the Plan. Therefore, it is clear that such invoices are entitled to treatment and payment as an administrative claim.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Former Directors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, for the immediate payment of an administrative expense claim, in the amounts set forth herein, within five (5) days of the entry of an Order, and that the Former Directors be granted such other relief as is just and proper.

Dated: September 28, 2018               GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5812
E-mail: mbusenkell@gsbblaw.com

*Counsel for John R. Del Pizzo, Ernest N. Csiszar, Glen Hibler, Sean M. Bidic and Terry L. Coleman*