# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*[1], | Case No. 18-10189 (KG) |
| Reorganized Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 1036** |
| | Hearing Date: Nov. 14, 2018 @ 3:00 p.m. (ET) |
| | Obj. Deadline: Oct. 19, 2018 @ 4:00 p.m. (ET) |

**OBJECTION OF PETER KRAVITZ, AS PLAN ADMINISTRATOR AND TRUSTEE FOR THE PNI LITIGATION TRUST, AND CARRIER & TECHNOLOGY SOLUTIONS, LLC, TO MOTION OF JOHN R. DEL PIZZO, ERNEST N. CSISZAR, GLEN HIBLER, SEAN M. BIDIC AND TERRY COLEMAN FOR IMMEDIATE PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO SECTION 503(b)(1) OF THE BANKRUPTCY CODE**

Peter Kravitz, in his capacities as Plan Administrator and Trustee for the PNI Litigation Trust, and Carrier & Technology Solutions, LLC (f/k/a Patriot Services, LLC), by and through their undersigned counsel, hereby object to the *Motion Of John R. Del Pizzo, Ernest N. Csiszar, Glen Hibler, Sean M. Bidic And Terry Coleman For Immediate Payment Of An Administrative Expense Claim Pursuant To Section 503(B)(1) Of The Bankruptcy Code,* dated September 28, 2018 [D.I. 1036], and respectfully represents as follows:

---

[1] The reorganized Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, are: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The reorganized Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

**BACKGROUND**

1.  Messrs. Del Pizzo, Csiszar, Hibler, Bidic and Coleman (collectively "Movants") are all former directors of Patriot National, Inc. Each Movant was first appointed to the Patriot National, Inc. Board of Directors on the date set forth below, and served continuously thereon until approximately May 16, 2018:

| Name | Date of Initial Appointment |
| --- | --- |
| John R. Del Pizzo | June 15, 2014 |
| Ernest N. Csiszar | April 27, 2017 |
| Glen Hibler | April 25, 2017 |
| Sean M. Bidic | November 17, 2016 |
| Terry Coleman | April 25, 2017 |

2. Each Movant has filed an administrative expense claim for Board of Director fees allegedly incurred between the Petition Date (January 30, 2018) and the date of such Movant's resignation on or about May 16, 2018. By order of this Court dated September 13, 2018, the deadline for filing objections to asserted Administrative Expense Claims was extended until January 11, 2019 [D.I. 1026].

3. Carrier & Technology Solutions, LLC and the PNI Litigation Trust object to payment of Movants' asserted Administrative Expense Claims on the following non-exclusive grounds:

    a. On or about February 1, 2018, the Debtors appointed Mr. Jonathan Landers as their independent director with broad authority over all restructuring matters. Mr. Landers, together with Mr. Feltman, the Debtors' Chief Restructuring Officer, effectively were vested with control over the restructuring and these Chapter 11 cases. Mr. Landers

received compensation of approximately $10,000 per month, while Duff & Phelps was paid $75,000 per month for providing Mr. Feltman's services (exclusive of certain case milestone payments). As a result of the foregoing, the activities of the Movants in their capacity as members of the Board of Directors provided no benefit to the Debtors' estates, and the fees sought by Movants do not constitute "actual, necessary costs and expenses of preserving the estate … ." See 11 U.S.C. §503(b)(1).

    b. In fact, rather than benefitting the Debtors' estates, the conduct of the Movants both prior to and after the commencement of these cases suggests that the Movants individually held (and asserted) interests adverse to the Debtors' estates and Movants continued to serve on the Board in order to obtain information and further protect those interests. For example:

        i. Messrs. Del Pizzo and Bidic are both named defendants in the *Wasik* action commenced in November 2016 alleging, among other things, numerous counts of breach of fiduciary duty and aiding and abetting breach of fiduciary duty;

        ii. Messrs. Del Pizzo, Bidic, Coleman, Hibler and Csiszar are all named defendants in the Hudson Bay litigation;

        iii. Messrs. Bidic, Coleman, Csiszar and Hibler filed a motion seeking relief from the stay to permit the directors and officers insurance carrier to pay defense costs (and, upon information and belief, received payment of their counsel fees totaling millions of dollars), and

        iv. notwithstanding their positions and duties as directors, Messrs. Bidic, Coleman, Csiszar and Hibler objected to confirmation of the Plan.

Given the foregoing, Movants provided no benefit to the Debtors by nominally remaining on the Board. Rather, by doing so, Movants cost the Debtors' estate significant sums, including, without limitation, almost one hundred thousand dollars in legal fees by

conducting unnecessary and unproductive weekly Board meetings that required the time and attention of counsel.

  c. Messrs. Coleman, Csiszar and Del Pizzo also seek additional, incremental fees for their nominal roles as Chairman of the Governance Committee, Chairman of the Audit Committee and Lead Director, respectively. While holding these titles in name only postpetition, none of the Movants provided any services or benefit to the Debtors during the post-Petition Date period. Indeed, nothing in the Motion and nothing in any of the Movants' respective proofs of administrative claim demonstrates any benefit whatsoever to the Debtors' estates in connection with the activities or services the Movants claim to have performed.

  d. Pursuant to the Plan, the PNI Litigation Trust intends to investigate and prosecute claims of the estate against, among others, Movants and other former officers and directors of the Debtors. For instance, the PNI Litigation Trust is investigating claims against the Movants (individually and collectively) for damages arising from their approval of the Separation Agreement with Mr. Mariano in July 2017, pursuant to which the Movants' authorized payments to Mr. Mariano in excess of $10 million (at least $6 million of which was paid in cash). In connection with those claims against Movants (and others) the PNI Litigation Trust will likely assert damages in the millions of dollars. As such, the Debtors (and the PNI Litigation Trust) have a valid and enforceable setoff right against each Movant which is specifically preserved under the Plan.

4. For the foregoing reasons, it is highly unlikely that any of the Movants' will ever hold an Allowed Administrative Expense Claim, and thus allowance and payment of any of the Movant's claims should be neither approved nor directed.

WHEREFORE, for the reasons set forth above the PNI Litigation Trust and Carrier & Technology Solutions, LLC hereby respectfully request that the Motion be denied.

Dated: October 18, 2018

**MORRIS JAMES LLP**

/s/ Carl N. Kunz, III
Carl N. Kunz, III, Esq. (DE Bar No. 3201)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19801-1494
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

-and-

David M. Posner, Esq.
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Counsel to Peter Kravitz, as Litigation Trustee for the PNI Litigation Trust*

and

Adam G. Landis, Esq. (DE Bar No. 3407)
Landis Rath & Cobb LLP
909 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

Adam C. Harris, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

*Counsel to Carrier & Technology Solutions, LLC*