# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*,[1] | Case No: 18-10189 (KG) <br> (Jointly Administered) |
| Debtors. | Hearing Date: November 6, 2018 at 10:00 am (ET) |

## REPLY IN FURTHER SUPPORT OF MOTION OF JOHN R. DEL PIZZO, ERNEST N. CSISZAR, GLEN HIBLER, SEAN M. BIDIC AND TERRY L. COLEMAN FOR IMMEDIATE PAYMENT OF AN ADMINISTRATIVE CLAIM PURSUANT TO SECTION 503(b)(1) OF THE BANKRUPTCY CODE

John R. Del Pizzo, Ernest N. Csiszar, Glen Hibler, Sean M. Bidic, and Terry L. Coleman (the "Former Directors"), by and through their undersigned counsel, hereby file this reply in further support of their motion [D.I. 1036] (the "Motion") for the entry of order for the immediate payment of administrative claims pursuant to Section 503(b)(1) of the Bankruptcy Code. In support of their Motion, the Former Directors respectfully state as follows:

## INTRODUCTION

1. Peter Kravitz in his capacities as Plan Administrator and Trustee for the PNI Litigation Trust (the "Trustee") and Carrier & Technology Solutions, LLC's (collectively referred herein as the "Respondents") objection [D.I. 1054] (the "Objection"), fails on multiple fronts. As set forth in greater detail below, because (1) the Objection is untimely as it is filed after the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtors' federal tax identification number, were: Patriot National, Inc. (1376), Patriot Services, LLC (1695); TriGen Insurance Solutions, Inc. (2501); Patriot Captive Management, LLC (2341); Patriot Underwriters, Inc. (0045); TriGen Hospitality Group, Inc. (6557); Patriot Risk Consultants, LLC (0844); Patriot Audit Services, LLC (5793); Patriot Claim Services, Inc. (9147); Patriot Risk Services, Inc. (7189); Corporate Claims Management, Inc. (6760); CWIBenefits, Inc. (0204); Forza Lien, LLC (7153); Contego Investigative Services, Inc. (0330); Contego Services Group, LLC (0012); Patriot Care Management, LLC (2808); Radar Post-Closing Holding Company, Inc. (2049); Patriot Technology Solutions, LLC (6855); and Decision UR, LLC (1826). The Debtors' headquarters are located at 401 East Las Olas Boulevard, Suite 1650, Fort Lauderdale, Florida 33301.

objection deadline established by the Plan (defined below), (2) the right of setoff is inapplicable in the case at bar, and (3) the Former Directors had not only the right, but a fiduciary obligation to hold monthly board meetings, the Respondents' Objection is without merit and the Court should grant the Former Director's Motion.

***The Respondents Failed to Timely Object to the Former Directors' Administrative Expense Claim or Extend the Administrative Expense Claim Objection Deadline***

2.  As an initial matter, the Respondents' Objection is untimely as the Respondents failed to (1) object to the Administrative Expense Claims of the Former Directors (the "<u>Administrative Expense Claims</u>") by the Administrative Expense Claim Objection Deadline (defined below) or (2) properly extend the Administrative Expense Claim Objection Deadline.

3.  In the Objection, the Respondents allege that "by order of this Court dated September 13, 2018, the deadline for filing objections to asserted Administrative Expense Claims was extended until January 11, 2019" citing to Docket No. 994, the *Motion of Peter Kravitz, Trustee of the PNI Litigation Trust and Plan Administrator Under the Confirmed Plan for Order Extending the Deadline to Object to Claims* (the "<u>Motion to Extend</u>"). The Respondents' assertions are misplaced as the Motion to Extend only pertains to general claims and does not extend to Administrative Expense Claims such as those held by the Former Directors and at issue here.

4.  Specifically, Section XI A. 1. of the Debtors' Fourth Amended Joint Chapter 11 Plan of Reorganization [D.I. 632] (the "<u>Plan</u>") states that "each holder of an Administrative Expense Claim that arose or accrued on or after the Petition Date through the Effective Date must file a request for payment of such Administrative Expense Claim pursuant to the Procedures specified in the Confirmation Order and notice of entry of the Confirmation Order no later than thirty (30) days after the Effective Date (the "<u>Administrative Expense Claim Bar Date</u>")." <u>See</u> <u>Plan</u> at 44.

5. Section XI A. 1. of the Plan continues stating "objections to Administrative Expense Claims must be filed and served on the Plan Administrator … no later than twenty (20) days (or such longer period as may be allowed by order of the Bankruptcy Court) [after] the Administrative Expense Claim Bar Date," thus setting the Administrative Expense Claim Objection Deadline to August 21, 2018 (the "<u>Administrative Expense Claim Objection Deadline</u>").

6. Seven days after the Administrative Expense Claim Objection Deadline, and without any objection to the Administrative Expense Claims of the Former Directors, on August 28, 2018, the Trustee filed the Motion to Extend whereby the Trustee attempted to extend the already expired Administrative Expense Claims Objection Deadline to January 11, 2019.

7. In short, the Respondents failed to timely object to the Administrative Expense Claims held by the Former Directors and his futile attempt to extend the Administrative Expense Objection Deadline fails as being untimely.

8. Accordingly, the Respondents' untimely objection to the Former Director's timely filed Administrative Expense Claims is barred by the Plan and the Claims of the Former Directors should be paid immediately.

***The Respondents Cannot use Unliquidated Claims of the Debtors to Setoff Fees owed to the Former Directors***

9. In the Objection, the Respondents vaguely assert that the PNI Litigation Trust intends to "investigate and prosecute claims of the estate against, among others, [the Former Directors] … for damages arising from their approval of the Separation Agreement with Mr. Mariano in July 2017, pursuant to which the [Former Directors] authorized payments to Mr. Mariano in excess of $10 million." <u>See</u> <u>Objection</u> at 4. The Respondents further allege that in connection with those claims, the PNI Litigation Trust will *likely* assert damages in the millions

3

of dollars which purported claims should be setoff against the fees owed to the Former Directors. Id. (emphasis added).

10. As an initial matter, the right of setoff is permissive, not mandatory, and its allowance is in the discretion of the court. Barnett Bank v. Tower Envtl. (In re Tower Envtl.), 217 B.R. 993, 937 (Bankr M.D. Fla. 1997). Courts have held that Section 558 of the Bankruptcy Code preserves any right of offset that debtors may have under state law. See In re: PSA, Inc., (Case No. 00-3570 Bankr. D. Del., April 19, 2002). Courts have acknowledged that the Bankruptcy Code "limits the use of set-off rights already available under state law, but it does not expand them to encompass rights that do not otherwise exists under state law." See In re Aquasport, Inc., 155 B.R. 245, 245 (D. Fla. 1992). Significantly, the burden rests on the party articulating the right to setoff. Id.

11. Because the Debtors were headquartered in Florida and because all of the board meetings took place in Florida, Florida law will determine the Debtors' rights of setoff asserted in the Objection.

12. While Florida case law is clear that "contingent or unmatured claims may not be used to effect a setoff," See In re Tower Envtl. Inc., 217 B.R. 993, 937 (citing In re Aquasport, 155 B.R. 720 (Bankr. S.D. Fla. 1999)), Florida does not address the right of setoff in the context of unliquidated or disputed claims, and the rights should not be expanded to encompass the same.

13. Here, where the Respondents vaguely assert that the PNI Litigation Trust *intends* to investigate and prosecute claims of the estate against the Former Directors, and "will *likely* assert damages in the millions of dollars" does not give rise to anything more than an unliquidated and wholly disputed claim – neither of which are recognized by Florida setoff law and should not

be expanded to encompass the same. Simply, the Respondents have failed to carry thier burden to prove the existence of setoff rights and the Motion should be granted accordingly.

***The Former Directors had a Fiduciary Obligation to Hold Meetings and Perform their Duties as Directors of the Debtors***

14. In the Objection, the Respondents allege that "the [Former Directors] provided no benefit to the Debtors by nominally remaining on the Board" and "by doing so the [Former Directors] cost the Debtors' estate significant sums … conducting unnecessary and unproductive weekly Board meetings." Objection at 3-4. Again, the Respondents' objection to allowance and payment of the Former Directors' Administrative Expense Claim is misguided. Not only were the Former Directors allowed to hold such meetings, but were required to maintain such a level of corporate governance owing a duty not only to the Debtors and their shareholders, but also to all of the Debtors' creditors. See National Convenience Stores, Inc. v. Shields (In re Schepps Food Stores, Inc.), 160 B.R. 792, 797 (Bankr. S.D. Tex. 1993).

15. When a corporation files for bankruptcy, it becomes a debtor-in-possession. See 11 U.S.C. Section 1107(a). As a debtor-in-possession, the debtor corporation remains in control of property and management of its operation with essentially all of the rights, powers, and duties of a bankruptcy trustee. Id.; See also In re Hampton Hotel Investors, L.P., 270 B.R. 346, 361 (Bankr. S.D.N.Y 2001). "If a debtor remains in possession – i.e. if a trustee is not appointed – the debtor's directors bear essentially the same fiduciary obligations to creditors and shareholders as would a trustee for a debtor out of possession." Commodity Futures Trading Comm. v. Weintraub, 471 U.S. 343, 378 (1985). Officers of a debtor-in-possession are officers of the court because of their responsibility to act in the best interest of the estate as a whole and the accompanying fiduciary duties. Gumport v. China International Trust and Investment Corp. (In re Intermagnetics America, Inc.), 926 F. 2d 912, 917 (9th Cir. 1991). Unless the corporate governance action is a "clear abuse"

involving delay and real jeopardy of the reorganization, the board should continue to manage the affairs of the debtor-in-possession pursuant to the governing documents. In re SS Body Armor I, Inc., 527 B.R. 597, 607 (Bankr. D. Del. 2015).

16. After filing their voluntary petitions for relief, the Debtors continued to operate their business and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The Former Directors served as directors of the Debtors until May 16, 2018, one week after the Court entered an order confirming the Plan.

17. Pursuant to the by-laws of the Debtors (the "By-laws"), the Former Directors were given authority to hold board meetings at their discretion. Specifically, Section 2.03 of the By-laws states that "regular meetings of the Board shall be held at such times as may from time to time be fixed by resolution of the Board and special meetings may be held at any time upon the call of the Chairman of the Board, or the CEO, or by oral or written notice." See By-laws at 10. Furthermore, consistent with most Delaware corporations, the Debtors' articles of incorporation (the "Articles") provide that "the business and affairs of the Corporation shall be managed by or under the direction of the Board." See Articles of Incorporation at 3.

18. Pursuant to the authority granted to them by the By-laws and in furtherance of their fiduciary duties, the Former Directors held monthly and weekly board meetings, as needed, and maintained minutes of each meeting. In connection with the powers granted by the By-laws and Articles, the Former Directors' acts of holding board meetings was well within the authority granted by the By-laws and in line with their fiduciary obligations as directors of the Debtors.

19. The Respondents further argue that because the Debtors appointed an independent director and hired a Chief Restructuring Officer, both of whom received compensation, that the Former Directors did not provide any benefit to the Estate. See Objection at 3. While the Former

6

Directors do not dispute that the independent director and the Chief Restructuring Officer were in place, hiring additional directors and officers to oversee the complexities associated with a company going through the bankruptcy process as a debtor-in-possession, does not eliminate the need for a debtor-in-possession to continue to have a board of directors in place simultaneously. Conversely, hiring the CRO actually necessitates and bolsters the need to maintain a board as, by definition, the Chief Restructuring officer must report to the board of directors.

20. Accordingly, because the Former Directors acted within their authority as members of the Board of Directors, the Respondents cannot refuse to pay the Administrative Expense Claim and the Court should grant the Motion.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons and those set forth in the Motion, the Former Directors respectfully request that the Court grant the Motion, and grant any such other and further relief the Court deems just and proper under the circumstances.

Dated: October 29, 2018GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Evan W. Rassman*
Michael Busenkell (DE 3933)
Evan Rassman (DE 6111)
1201 N. Orange St., Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Fax: (302) 425-5812
E-mail: mbusenkell@gsbblaw.com
erassman@gsbblaw.com

*Counsel for John R. Del Pizzo, Ernest N. Csiszar, Glen Hibler, Sean M. Bidic and Terry L. Coleman*