# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PATRIOT NATIONAL, INC., et al.,<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 18-10189 (KG)<br>Jointly Administered<br><br>**Ref. Docket No. 1027, 1061** |

## ORDER

This matter coming before the Court on the Stipulation attached hereto as <u>Exhibit 1</u> (the "Stipulation"), the Court (i) having reviewed the Stipulation (ii) found finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157; (iii) having considered the arguments of counsel in favor of and against the Stipulation, if any; now therefore

IT IS HEREBY ORDERED THAT:

1. The Stipulation is GRANTED;

2. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November __, 2018

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PATRIOT NATIONAL, INC., *et al.*<br><br>Debtors. | Case No. 18-10189 (KG)<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>HEARING DATE:<br>November 27, 2018 at 11:00 a.m. |

## STIPULATION

WHEREAS, on September 14, 2018, Aspen Specialty Insurance Company ("Aspen"), filed a Motion for Modification of the Chapter 11 Plan and Discharge Injunction (Docket No. 1027) to continue with pending litigation against certain Debtors and certain non-Debtor parties in the United States District Court, Eastern District of Pennsylvania (the "District Court"), captioned *Aspen Specialty Insurance Company v. Hospitality Supportive Services LLC, et al.* (Civil Action No. 2:16-CV-01133-JD) (the "HSS Litigation"); and

WHEREAS, in addition to Hospitality Supportive Services, LLC ("HSS") and other non-Debtor parties, four entities that are Debtors in these jointly Administered Chapter 11 cases – i.e., Patriot National, Inc. ("Patriot National"), Patriot Underwriters, Inc. ("Patriot Underwriters"), Trigen Insurance Solutions, Inc. ("Trigen Solutions"), and Trigen Hospitality Group, Inc. ("Trigen Hospitality") (collectively, the "Debtor-Defendants") – are defendants in the HSS Litigation.

WHEREAS, pursuant to various scheduling orders entered in the HSS Litigation, the District Court has ordered that discovery related to Aspen's claim for rescission against HSS and HSS claim against Aspen for breach of contract are bifurcated from all of the discovery and that all other discovery in the action is stayed, without prejudice to the right of the parties to seek modification of the bifurcation ruling; and

WHEREAS, Peter Kravitz, Plan Administrator and PNI Litigation Trustee ("Plan Administrator") and the Reorganized Debtors agree that neither the provisions in Debtors' Fourth Further Amended Joint Chapter 11 Plan of Reorganization (Docket No. 703-1), approved on May 4, 2018 and made effective as of July 2, 2018, including Article XI(E) (Discharge of Claims and Equity Interest and Article XI(I) (Injunction), nor any other provisions of any order entered in these jointly-administered Chapter 11 proceedings, including the Findings of Fact, Conclusions of Law, and Order Confirming Fourth Further Amended Joint Chapter 11 Plan of Reorganization, entered May 4, 2018 (Docket No. 705), Section R (Injunction, Exculpation and Related Provisions Under the Plan) and Section LL (Injunctions and Automatic Stay), nor any provision of the Bankruptcy Code including 11 U.S.C. § 524(a), operate to enjoin or stay any claim in the HSS Litigation except for any claims asserted by any parties against the Debtor-Defendants; and

WHEREAS, the Plan Administrator and the Reorganized Debtors have agreed that the Debtor-Defendants will provide limited discovery in the HSS litigation under the conditions set forth herein.

NOW THEREFORE, upon consideration of the record and proceedings in this matter, the stipulation the parties, and good cause appearing,

IT IS STIPULATED as follows:

1. Consistent with the Order of the District Court bifurcating, severing and staying all claims against the Debtor-Defendants, Aspen will not proceed to litigate its claims in the HSS Litigation against the Debtor-Defendants. This provision is without prejudice to the right of Aspen to renew its Motion for Modification of the Chapter 11 Plan and Discharge Injunction.

2. The Debtor-Defendants will provide discovery in the HSS litigation under the conditions set forth herein:

a. With respect to discovery of electronically stored information ("ESI") including technology assistant review ("TAR"), Aspen, on the one hand, and the Debtor-Defendants on the other hand will each pay up to 50% of the cost for vendors of ESI and/or TAR services retained

by Debtor-Defendants in order to respond to reasonable and limited discovery requests of Aspen, **provided however**, that under no circumstances shall the 50% of costs attributed to the Debtor-Defendants exceed $5,000.00 and Aspen shall be solely responsible for prompt payment of all costs exceeding, in the aggregate $10,000. Aspen and the Debtor defendants will consult with each other in good faith to (i) jointly select the ESI/TAR vendor and (ii) agree on appropriate search terms. Aspen and the Debtor-Defendants each reserve the right to request that HSS contribute toward the total cost for such ESI and/or TAR vendor services, and to make an application to either the District Court or this Bankruptcy Court for appropriate relief. Aspen and the Debtor-Defendants each reserve their rights with respect to all other costs of discovery.

4. The Debtor-Defendants agree to produce copies of non-electronic documents responsive to Aspen's reasonable discovery requests, to the extent same exists. Debtor-Defendants reserve the right to request that Aspen pay for the cost of providing paper or electronic scans of such non-electronic documents.

5. With regard to depositions of current employees of Debtor-Defendants, Aspen agrees to serve no more than two (2) notices of deposition of employees or designees of Debtor-Defendants. The Debtor-Defendants agree to produce the requested employees or designees for deposition either (i) in the city(ies) where those deponents reside, or (ii) at such other mutually agreeable place and time..

6. Aspen and the Debtor-Defendants agree that any disputes related to discovery of the Debtor-Defendants will be addressed and decided by this Court. Aspen reserves the right to move for relief and/or request a ruling from the District Court in the event that a resolution of any discovery dispute remains pending for a period of time greater than thirty (30) days after the discovery dispute was raised with this Court.

7. Nothing herein shall prejudice the rights of non-Debtor Defendants in the HSS Litigation.

SO STIPULATED:

Dated: November 27, 2018

| SNYDER & ASSOCIATES, P.A.<br><br>/s/ Bayard J. Snyder<br>Bayard J. Snyder, Esq.<br>300 Delaware Avenue, Suite 1014<br>Wilmington, Delaware 19801<br><br>- and -<br><br>**CONNELL FOLEY LLP**<br>William D. Deveau, Esq.<br>Harborside 5<br>185 Hudson Street, Suite 2510<br>Jersey City, New Jersey 07311<br><br>- and –<br><br>Philip W. Allogramento III, Esq.<br>56 Livingston Avenue<br>Roseland, New Jersey 07068<br><br>Counsel for Aspen Specialty Insurance Company | MORRIS JAMES LLP<br><br>/s/ Carl N. Kunz, III<br>Carl N. Kunz, III, Esq. (DE Bar No. 3201)<br>500 Delaware Avenue, Suite 1500<br>P.O. Box 2306<br>Wilmington, DE 19801-1494<br>Telephone: (302) 888-6800<br>Facsimile:  (302) 571-1750<br><br>-and-<br><br>**KILPATRICK TOWNSEND & STOCKTON LLP**<br>David M. Posner, Esq.<br>Gianfranco Finizio, Esq.<br>The Grace Building<br>1114 Avenue of the Americas<br>New York, New York 10036-7703<br>Telephone:  (212) 775-8700<br>Facsimile:   (212) 775-8800<br><br>Counsel to the Litigation Trustee |
| --- | --- |
| LANDIS RATH & COBB LLP<br><br>/s/ Adam G. Landis<br>Adam G. Landis, Esq.<br>Matthew B. McGuire, Esq.<br>919 Market Street, Suite 1800<br>Wilmington, DE 19801<br><br>-and-<br><br>**Schulte Roth & Zabel LLP**<br>Adam C. Harris, Esq.<br>919 Third Avenue<br>New York, NY 10022<br><br>Counsel to Carrier & Technology Solutions, LLC | |