## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PATRIOT NATIONAL, INC., *et al.*, | ) | Case No. 18-10189 (KG) |
| Reorganized Debtors. | ) | |
| MICHELLE L. COLE, ANDREA SCARLETT and JESSICA BARAD, on their own behalf and on behalf of all other persons similarly situated, | ) | Adversary Proc. No. 18-50278 (KG) |
| Plaintiffs, | ) | **Re:  Docket No. 29** |
| v. | ) | |
| PATRIOT NATIONAL, INC., | ) | |
| Defendant. | ) | |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT; (II) CERTIFYING A CLASS OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY; (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES; (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT; (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT; AND (VI) GRANTING RELATED RELIEF**

The Court has considered the joint motion of Patriot National, Inc. ("Defendant" or "PNI"), Peter Kravitz, as the Litigation Trustee ("Litigation Trustee") for the PNI Litigation Trust (the "Litigation Trust") and as Plan Administrator in connection with the above-captioned case and the prospective class representatives and named plaintiffs, Michelle L. Cole, Andrea Scarlett and Jessica Barad (the "Class Representatives"), on behalf of themselves and on behalf of similarly situated class members (together with the Class Representatives, but excluding the

1

Opt-Outs (as hereinafter defined), the "Class Members" or "Class"), by and through their respective counsel, for the entry of Orders: (i) approving the Settlement and Release Agreement among PNI, the Litigation Trust and the Class Representatives on behalf of the Class Members (collectively, the "Parties") pursuant to Bankruptcy Rule 9019, (ii) certifying the Class for settlement purposes only, (iii) appointing the law firm of Klehr Harrison Harvey Branzburg LLP as class counsel (the "Class Counsel"), appointing Michelle L. Cole, Andrea Scarlett and Jessica Barad as the Class Representatives and preliminarily approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (iii) approving the form and manner of notice to the Class Members of the conditional class certification and Settlement, (iv) scheduling a fairness hearing (the "Fairness Hearing") to consider final approval of the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rule 7023, (v) after the Fairness Haring, finally approving the Settlement Agreement pursuant to Civil Rule 23 and Bankruptcy Rules 7023 and 9019, and (vi) granting related relief (the "Joint Motion"). A true and correct copy of the Settlement Agreement is annexed as **Exhibit 1** to the Joint Motion. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

The Court finds that:

A. On April 5, 2019, the notice of the Joint Motion (the "Notice") was served by first class mail on the parties listed on the proof of service of the Notice filed with the Court;

B. The Notice given constituted the best notice practicable under the circumstances, is adequate and no other notice need be given;

C. A full opportunity has been offered to parties in interest to participate in the hearing on the Joint Motion;

D. For purposes of the Class settlement, Class Counsel has extensive experience

2

handling class action WARN litigation and has been appointed class counsel in over sixteen (16) employment law class action cases, including many WARN Act class actions and that the Class Representatives do not have interests antagonistic to those of the Class;

E.   For purposes of the Class settlement:  (i) the Class, consisting of approximately 150 members, is so numerous that joinder of all Class Members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) the claims of the Class Representatives are typical of the Class; (iv) the law firm of Khler Harrison Harvey Branzburg LLP has fairly and adequately protected the interests of the Class; (v) questions of law or fact common to the Class Members predominate over any questions effecting only individual Class Members; and (vi) the class settlement mechanism is superior to other available methods of resolving the alleged WARN Act claims and the other claims released in the Settlement Agreement.  Therefore, the Class should be certified for settlement purposes only, pursuant to Civil Rules 23(a) and (b)(3) and Bankruptcy Rule 7023, consisting of all persons (i) who were employed by one of the Debtors and reported to the Debtor's Headquarters at 401 East Las Olas Boulevard, Fort Lauderdale, Florida or Debtor's office at 555 Maryville University Drive, St. Louis, Missouri ("STL"); (ii) suffered an "employment loss" as that term is defined in 29 U.S.C. § 2101(a)(6) and 20 C.F.R. § 639.3(f), on or after November 24, 2017, as part of a "plant closing" or "mass layoff" as those terms are defined in 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(b)-(c), including without limitation those employees listed on **Exhibit A** to the Settlement Agreement; (iii) meet the definition of "affected employee" as set forth in 28 U.S.C. § 2101(a)(5) and 20 C.F.R. § 639.3(e), including without limitation those employees listed on **Exhibit A** to the Settlement Agreement; and (iv) do not file a timely and proper request to opt out of the Class;

F.   Notice should be given to all of the Class Members, affording them the

3

opportunity to opt-out of the Class or object to the Settlement Agreement;

G.      Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted;

H.      The Settlement Agreement should be preliminarily approved;

I.      Notice to all individuals identified on **Exhibit A** to the Settlement Agreement by first class mail, postage prepaid, at their last known addresses as indicated in the records of the Debtors (and as updated by Class Counsel's searches for current addresses or as otherwise may be determined by the Parties) is reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel within fifteen (15) business days following the date of entry of this Order;

J.      The contents of the Class Notice (the "Class Notice") and the Opt-Out Notice Form, substantially in the form attached to the Settlement Agreement as **Exhibits C and D**, meet the requirements of Civil Rule 23(c)(2)(B).  The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members.  The Class Notice summarizes the terms of the Settlement Agreement, the right of each Class Member to opt out of the Class or object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request.  Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their Released Claims (as that term is defined in the Settlement Agreement) and the payment of Class Counsel's attorneys' fees and costs.  *See* Fed. R. Civ. P. 23(h);

K.      The Fairness Hearing should be held no later than ninety (90) days after service of

the Class Notice, so that Class Members will have sufficient time from the mailing of the Class Notice to secure further information regarding the relief sought by the Joint Motion, to opt out of the Class or object to the proposed Settlement Agreement should they choose to do so, and to engage counsel to appear at the Fairness Hearing; and

L.      Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Joint Motion is preliminarily GRANTED to the extent set forth herein.

2.      The Settlement Agreement is hereby preliminarily approved.

3.      The Class is comprised of all persons (i) who were employed by one of the Debtors and reported to the Debtor's Headquarters or STL; (ii) suffered an "employment loss" as that term is defined in 29 U.S.C. § 2101(a)(6) and 20 C.F.R. § 639.3(f), on or after November 24, 2017, as part of a "plant closing" "mass layoff" as those terms are defined in 29 U.S.C. § 2101(a)(2)-(3) and 20 C.F.R. § 639.3(b)-(c), including without limitation those employees listed on **Exhibit A** to the Settlement Agreement; (iii) meet the definition of "affected employee" as set forth in 28 U.S.C. § 2101(a)(5) and 20 C.F.R. § 639.3(e), including without limitation those employees listed on **Exhibit A** to the Settlement Agreement; and (iv) do not file a timely and proper request to opt out of the Class. The Class is hereby certified for settlement purposes only, pursuant to Civil Rules 23(a) and (b)(3) and Bankruptcy Rule 7023, with respect to their WARN Act claims against the Debtors and all other claims released pursuant to the Settlement Agreement.

4.      Michelle L. Cole, Andrea Scarlett and Jessica Barad are hereby appointed as the

Class Representatives.

5.     The law firm of Khler Harrison Harvey Branzburg LLP is hereby appointed as the Class Counsel.

6.     The form of Class Notice and the Opt Out Form and the service of such documents by Class Counsel by first class mail, postage prepaid, to each individual identified on **Exhibit A** to the Settlement Agreement at his or her last known address contained in the Debtors' records (as updated by the Class Counsel's searches for current addresses or as otherwise may be determined by the Parties) is hereby approved.

7.     The Class Notice and the Opt Out Form shall be mailed by first class mail by Class Counsel to the individuals identified in **Exhibit A** to the Settlement Agreement within ten (10) business days following the date of entry of this Order.

8.     Objections or other responses to final approval of the Settlement Agreement are to be filed with the Clerk of Court and mailed to the parties listed in the Class Notice so that they are actually received by all parties no later than twenty five (25) business days prior to the Fairness Hearing.  Objections or other responses must be in writing and must set forth the basis for any objection or other response to the Settlement Agreement.

9.     Should a Class Member choose not to be bound by the settlement embodied in the Settlement Agreement, his or her completed and executed Opt Out Notice Form (in substantially the form annexed as **Exhibit D** to the Settlement Agreement) must be mailed to Class Counsel as listed and described in the Class Notice, so that such Opt Out Notice Form is received by Class Counsel no later than twenty five (25) business days prior to the Fairness Hearing.  Upon receipt of such timely notice by Class Counsel, such Employees shall be classified as an Opt-Out. Within three (3) days of the expiration of the last day to opt-out, Class Counsel shall provide to

counsel for the Litigation Trustee a list of the Employees who timely returned an Opt-Out Notice Form and a statement of whether the number of Employees who have elected to opt out exceeds 10%.

10.     Prior to the Fairness Hearing, Class Counsel shall file a declaration attesting to the service of notice of the Settlement Agreement and the Fairness Hearing to the appropriate federal and state official officials pursuant to 28 U.S.C. § 1715. No final order approving the Settlement Agreement shall be entered until all applicable statutory notice periods have expired.

11.     The Court shall conduct a Fairness Hearing on *June 18* 2019 at *10:00a*.m. The Court may adjourn the Fairness Hearing without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

12.     This Court retains jurisdiction to construe, interpret, enforce, and implement the Settlement Agreement and this Order.

*April 30, 2019*

*Kevin Gross*
U.S.B.J.